IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. DEWAR, | ) | |
| | ) | Case No. 16 CV 0228 |
| *Pro Se* Plaintiff, | ) | |
| | ) | District Judge Zagel |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| | ) | |
| Officers T.J. FELMON, M.K. DEVINE and | ) | Jury Demand |
| Supervisor C.J. LONG and CHICAGO | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Chicago Police Officers Timothy Felmon, Michael Devine, and now retired Sergeant Charles Long[1] (collectively referred to herein as "Defendants"), by and through one of their attorneys, Kelly C. Bauer, Assistant Corporation Counsel, for their Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand state as follows:

### Complaint for Violation of Constitutional Rights

1.     This is a claim for violation of Plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

**ANSWER**:     **Defendants admit that Plaintiff brings this lawsuit pursuant to 42 U.S.C § 1983.   Defendants deny the remaining allegations in this paragraph to the extent Plaintiff alleges Defendants deprived Plaintiff of his civil rights or engaged in the alleged misconduct set forth in Plaintiff's Complaint.**

2.     The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

---

[1] Defense Counsel does not answer for the Chicago Police Department as it is a non-suable entity.

1

**ANSWER**: **Defendants admit that jurisdiction is proper.**

3.    Plaintiff's full name is David A. Dewar.

**ANSWER**: **Upon information and belief, Defendants admit Plaintiff's name is David A.**

**Dewar.**

4.    Defendant Officers Tom Felmon #4121, Mike Devine #4080, and Supervisor C.J.
Long #1171, are Officers officially employed the City of Chicago police department.

**ANSWER**: **Defendants admit that they were duly appointed Chicago Police Officers**

**acting within the scope of their employment and under the color of law during the incident**

**in question.**

5.    The municipality, township or county under whose authority defendant officer or
official acted is Chicago.  As to Plaintiff's federal constitutional claims, the municipality,
township or county is a defendant only if custom or policy allegations are made at paragraph 7
below.

**ANSWER**: **Defendants admit Chicago is a municipal corporation and the authority**

**under which the Defendant Officers were acting during the incident in question.**

**Defendants deny the City of Chicago is a Defendant in this case for any purpose other than**

**indemnification.**

6.    On or about February 17, 2014, at approximately 6:40 p.m., the plaintiff was
present in the municipality (or unincorporated area) of Chicago, in the County of Cook, State of
Illinois, at 11347 S. Millard Avenue, Chicago, Illinois, 60655, when Defendant violated
Plaintiff's civil rights as follows:

    a.    arrested or seized Plaintiff without probable cause to believe that Plaintiff had
        committed, was committing, or was about to commit a crime;
    b.    conspired together to violate one, or more, of Plaintiff's civil rights;
    c.    coerced Plaintiff to obtain false confession;
    d.    unlawfully arrested Plaintiff; and
    e.    failed to read Plaintiff his Miranda Rights.

**ANSWER**: **Defendants admit that on February 17, 2014, at approximately 6:40 p.m.**

**Plaintiff was present in the municipality (or unincorporated area) of Chicago, in the**

2

County of Cook, State of Illinois, at approximately 11347 S. Millard Avenue, Chicago, Illinois, 60655. Answering further, Defendants admit Plaintiff was arrested. Defendants deny the remaining allegations set forth in this paragraph along with any wrongdoing.

7.     Defendant officers or officials acted pursuant to a custom or policy of Defendant municipality, county or township, which custom or policy is the following: Defendants violated City of Chicago Article V. Rules of Conduct.   Violated rules 1, 2, 3, 8, and 14.

ANSWER:   Defendants deny the allegations set forth in this paragraph.   Answering further, Defendants deny that this paragraph contains a complete or accurate statement of the law.

8.     Plaintiff was charged with one or more crimes, specifically: Assault Simple - 720 ILCS-5.0-1a-1A

ANSWER:   Defendants admit Plaintiff was charged with assault simple. Defendants deny that this paragraph contains a complete or accurate statement of the law

9.     The criminal proceedings were terminated in favor of Plaintiff in a manner indicating plaintiff was innocent.

ANSWER:   Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of whether criminal proceedings were terminated in favor of Plaintiff in a manner indicating plaintiff was innocent at this time.   Defendants deny that if Plaintiff's criminal case was "dismissed S.O.L. with 90 day probation" pursuant to paragraph 18 of Attachment A of Plaintiff's Complaint is a termination "in favor of Plaintiff in a manner indication Plaintiff was innocent."

10.     After Plaintiff called 911 on February 17, 2014, Officer Tom Felmon demanded Plaintiff apologize for threatening neighbor's father, which Plaintiff did not do.   Plaintiff only apologized that police had to come out.   After Defendant's coercing Plaintiff the second time to confess to a crime he did not do, Plaintiff repeated his apology police had to come out. Defendant Officer Felmon next began twirling his handcuffs and again demanded Plaintiff apologize.   Plaintiff said "I cannot apologize for something I did not say or do."   Defendant Officer Felmon handcuffed plaintiff and said "you are under arrest".   Defendant Officer Mike

3

Devine fraudulently prepared CPD reports by checking "Miranda Rights Read".

Plaintiff was never read Miranda Rights before and never after arrest. Consequently, Plaintiff was unlawfully arrested. Supervisor C.J. Long approved fraudulent report.[2]

Note: Plaintiff's mother was a witness to all events. Plaintiff's mother initially asked neighbor's father to not blow snow over back fence and side windows. Officer Felmon told Plaintiff's mother to calm down or he would go into her house. No warrant was displayed.

**ANSWER**:  **Defendant Officers Felmon and Devine admit Plaintiff apologized that that police had to come out. Answering further, Defendant Officers Felmon and Devine and upon information and belief, Long, admit Felmon handcuffed Plaintiff and notified him that he was under arrest. Answering further, Defendants admit Officer Long approved a report. Answering further, Defendant Officers Felmon and Devine admit Officer Felmon asked Plaintiff's mother to calm down. Answering further, Defendant Officers Felmon and Devine and upon information and belief, Long, admit no warrant was displayed. Defendant Long lacks knowledge or information sufficient to form a belief as to whether Plaintiff apologized that that police had to come out. Answering further, Defendant Long lacks knowledge or information sufficient to form a belief as to whether Officer Felmon asked Plaintiff's mother to calm down. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of whether Plaintiff's mother was a witness to all events and asked neighbor's father to not blow snow over back fence and side windows. Defendants deny that any coercion took place, that any threats were made or implied through any of the Defendants' actions, that a fraudulent report was written or approved, that Plaintiff was not read Miranda rights, that Plaintiff was unlawfully arrested, and that Plaintiff was told the Officers would go into his home. Answering**

---

[2] Plaintiff refers to attachments A, B, and C, which are addressed within this Answer.

**further, Defendants deny that Plaintiff has fully or accurately set forth the circumstances**

**of this incident and therefore, deny the remaining allegations set forth in this paragraph.**

11.     Defendant acted knowingly, intentionally, willfully and maliciously.

**ANSWER**:     **Defendants deny the allegations set forth in this paragraph.**

12.     As a result of Defendant's conduct, Plaintiff was injured as follows: Deprivation of freedom, loss of personal and business reputation, CCW permit denied and delayed, unnecessary costs incurred in time and out of pocket expenses.

**ANSWER**:     **Defendants deny the allegations set forth in this paragraph.**

13.     Plaintiff asks that the case be tried by a jury.

**ANSWER**:     **Defendants do not answer Plaintiff's Jury Demand.**

14.     Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**ANSWER**:     **Defendants deny the allegations set forth in this paragraph.**

**WHEREFORE**, Defendants request this Court enter judgment in their favor as to these

claims and against Plaintiff and enter any other relief in favor of them and against Plaintiff that

this Court deems just and proper.

*Attachment A of Plaintiff's Complaint*

**DAVID DEWAR CIVIL RIGHTS CASE**
**CHRONOLOGY for COMPLAINT**

Incident: 02-17-2014

1.     P1. 75-yr. old Mother (Shirley Dewar) noticed neighbor's Father (William Hosty) blowing snow for property owner Son onto her side windows and into her backyard over his son's 5 ft. fence.

**ANSWER**:     **Defendants lack knowledge or information sufficient to form a belief as to the**

truth or falsity of the allegations contained in this paragraph.

2.     She asked Mr. Hosty to stop, after which he became angry and said, "I have had it with you people."

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

3.     Pl.'s Mother asked Pl., who was cleaning snow off his car on the street, to talk with Mr. Hosty.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

4.     P1. kindly requested Mr. Hosty to blow snow in front of his Son's property and not on Pl.'s Mother's side windows and into her backyard.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

5.     P1. had in his right ear hands-free Bluetooth device. As P1. pulled cell phone out of his pocket but did not yet make a call, Mr. Hosty said, "You're recording me!" Immediately Mr. Hosty said, "You threatened to kick my ass." Mr. Hosty then turned to daughter-in-law Jennifer who was standing in the doorway and said, "Call the police. He threatened to kick my ass!" Pl.'s Mother witnessed exchange of words as Pl. did not respond, never made the accusation, and never recorded the exchange of words.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

6.     Both P1. and his Mother went inside their home.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

7.     P1. next called 22nd Chicago Police District (CPD) station and was directed to call 911. Pl. requested police come out because neighbor's Father accused Pl. of threatening him. (Transcript of 911 call available)

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the**

**truth or falsity of the allegations contained in this paragraph.**

8.     Within approximately 10 minutes CPD arrived. Pl. had not had chance to change into dry clothes after being outside and cleaning the snow.

**ANSWER:     Defendant Officers Felmon and Devine admit they responded to a call near Plaintiff's home.   Defendants Felmon and Devine lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.   Defendant Long lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

9.     Officers Tom Felmon (#4121) and Mike Devine (#4080) were outside with Mr. Hosty and neighbor Scott Mckenna in front of the Hosty property. After officers knocked on their front door, Pl. went down to the bottom of the front stairs to talk with them as Pl.'s Morn remained on the top of the porch.

**ANSWER:     Defendant Officers Felmon and Devine admit they talked to Plaintiff and his mother near their home.   Defendant Officers Felmon and Devine deny they knocked on the door.   Defendants Felmon and Devine deny the remaining allegations contained in this paragraph.   Defendant Long lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

9.     Officers Felmon and Devine asked Pl. what the issue was. Pl.'s Mom e explained what happened from the top of the front porch. Officer Felmon suggested Pl. and his Mom go with him to talk with Mr. Hosty. Pl. helped his Mom down the icy stairs. Almost in tears she loudly explained the cause for the 911 call.

**ANSWER:     Defendant Officers Felmon and Devine admit they interviewed Plaintiff and his mother near their home.   Defendants Felmon and Devine deny the remaining allegations contained in this paragraph.   Defendant Long lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

10.     0fficer Felmon told Pl. Mom, "Calm down or I will go into your house. I have the authority to do that and I will." P1. said, "That is not necessary. I will calm her down."

**ANSWER:     Defendants Felmon and Devine admit Felmon asked Plaintiff's mother to calm down.   Defendants Felmon and Devine deny the remaining allegations contained in this paragraph.   Defendant Long lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

12.     P1. then explained the reason for the 911 call to both Officers Felmon and Devine. Officer Devine suggested Pl. talk to Mr. Hosty. Pl. told Mr. Hosty it was unfortunate that police had to come out about the snow. Mr. Hosty stated he is a senior citizen and his grand kids are always in fear of P1. and Pl. "threatened to kick his ass." Mr. Hosty said Pl. is a "6 foot 4 inch monster!"

**ANSWER:     Defendants Felmon and Devine admit they interviewed Plaintiff and Mr. Hosty regarding the reason the officers were called out to their homes. Answering further, Defendants Felmon and Devine admit Plaintiff stated he was sorry the police had to come about the snow. Answering further, Defendants Felmon and Devine admit Mr. Hosty stated he's an older gentleman, his grandchildren are afraid of Plaintiff, and that Plaintiff threatened to "kick his ass."   Defendants Felmon and Devine deny the remaining allegations contained in this paragraph.   Defendant Long lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

13.     Next, Officer Felmon said to P1., "Apologize for what you said to Mr. Hosty." P1. said, "It is very unfortunate that the police had to come out about the snow and we could not resolve it ourselves. I am apologetic for that." Officer Felmon said, "That is not good enough. Apologize properly." Pl. repeated his first statement. Mr. Hosty then said, "You apologize for what? Apologize for threatening to kick my ass."

Officer Felmon then began twirling his handcuffs around as he kept looking at Pl.'s Mother, while he demanded, "Apologize."Pl.'s Mom started screaming, "Apologize! — Don't arrest him." Pl. responded, "I cannot apologize for something I did not say or do." Then, Officer Devine help Pl. while Officer Felmon handcuffed Pl. and said, "You are under arrest." Pl. was charge with simple assault.

**ANSWER**:     **Defendants Felmon and Devine admit Plaintiff stated he was sorry the police had to come about the snow. Defendants Felmon and Devine, and upon information and belief, Long, admit Felmon handcuffed Plaintiff and informed him that he was under arrest.   Defendants admit Plaintiff was charged with simple assault.   Defendants Felmon and Devine deny the remaining allegations contained in this paragraph.   Defendant Long lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

14.     Pl. was put in the rear of CPD minivan. Officer Devine walked out for approximately 10 minutes to do the paperwork. Thereafter, Officers Felmon and Devine transported Pl. to CPD District 22. During the ride there they indicated they are from the North Side and they will never be seen out South again.

**ANSWER**:     **Defendants Felmon and Devine and, upon information and belief, Long, admit Plaintiff was placed into a police vehicle and transported to District 22.   Defendants Felmon and Devine deny the remaining allegations contained in this paragraph. Defendant Long lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

15.     In CPD District 22 Pl. was processed and detained for approximately 1.5 hours in the holding cell during which time he was allowed to wear only his wet t-shirt, pants without belt, socks and shoes without laces. Pl. was fingerprinted and photographed. He was allowed to make a call to his Mother. Thereafter, he remained in the lock-up until he was released after payment toward a bond and his belongings returned.

**ANSWER**:     **Defendants lack knowledge or information sufficient to form a belief as to the**

**truth or falsity of the allegations contained in this paragraph.**

16.     P1. noted the copy of CPD Arrest Report shows he was read Miranda rights. Pl. states that neither Officers Felmon nor Devine read him his Miranda rights.

**ANSWER**:     **Defendants Felmon and Devine and, upon information and belief, Long, deny the Plaintiff was not read his Miranda rights.**

17.     P1. also noted on T-Mobil phone records only his call to CPD District 22 was listed. His 911 call was not lists on the T-Mobil print-out. During detention CPD District 22 held his cell phone. However, 911 records and Pl.'s phone-shot show both calls were made by P1.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

18.     March 25, 2014, criminal court case v. David Dewar was dismissed S.O.L. with 90 day probation for Pl. Since then, Pl.'s case was expunged.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

**WHEREFORE**, Defendants request this Court enter judgment in their favor as to these claims and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.

### *Attachment B of Plaintiff's Complaint*

### **DAVID DEWAR — CIVIL RIGHTS CASE TIMELINE**

2/17/14 - 6:26 PM          David Dewar Call to CPD-22

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

      6:27 PM        David Dewar 911 Call

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

      7:00 PM        Arrested and transported to CPD-22 holding cell

**ANSWER:     Defendant Officers Felmon and Devine and, upon information and belief, Long, admit that at approximately 7:00 p.m. he was arrested and transported to District 22.**

      8:30 PM        Finger-printed

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

      8:36 PM        Photographed

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

      8:38 PM        Call to Mother

11

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

8:40 PM      Lock-up

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

11:10 PM      Bond posted/paid

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

11:17 PM      Released

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

3/25/14 Criminal Court case resolution: S.O.L. w/90 days probation Thereafter, case

expunged from Pl. record

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

12

WHEREFORE, Defendants request this Court enter judgment in their favor as to these claims and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.

### *Attachment C of Plaintiff's Complaint*

**Defendants do not answer Plaintiff's Attachment C as it appears to be a copy of Article V of the Rules of Conduct of the Chicago Police Department from April 2010.**

WHEREFORE, Defendants request this Court enter judgment in their favor as to these claims and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1.      Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiffs. 745 ILCS 10/2-109.

2.      Under the Illinois Tort Immunity Act, Defendant City of Chicago is barred from paying any portion of a judgment representing an award of punitive or exemplary damages against any of its employees. 745 ILCS 10/2-102.

3.      The individual Defendants are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed their actions to be lawful, in light of clearly established law and the information that said Defendants possessed. The individual Defendants, therefore, are entitled to qualified immunity as a matter of law.

13

4.      Under the Illinois Tort Immunity Act, the individual Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

5.      Under the Illinois Tort Immunity Act, the individual Defendants are not liable for any of the claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6.      Under the Illinois Tort Immunity Act, the individual Defendants are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208.

7.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

<u>**JURY DEMAND**</u>

Defendants respectfully request a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Kelly C. Bauer*
Kelly C. Bauer
Assistant Corporation Counsel
30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602

14

(312) 742-9586
(312) 744-6566 (FAX)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. DEWAR, | ) | |
| | ) | Case No. 16 CV 0228 |
| *Pro Se* Plaintiff, | ) | |
| | ) | District Judge Zagel |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| | ) | |
| Officers T.J. FELMON, M.K. DEVINE and | ) | Jury Demand |
| Supervisor C.J. LONG and CHICAGO | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:    David A. Dewar
       11347 S. Millard Avenue
       Chicago, Illinois 60655
       (708) 369-1153

**PLEASE TAKE NOTICE** that on this 1st day of July, 2016, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 1st day of July, 2016.

*/s/ Kelly C. Bauer*
Kelly C. Bauer
Assistant Corporation Counsel

16