UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

2018 APR 20 PM 3: 53

**F I L E D**

APR 20 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

David A. Dewar

Pro Se

vs.                                   Case No:  16CV2287

Officer T. J. Felmon

Officer Mike Devine

Supervisor C. J. Long

Chicago Police Department

**CHECK ONE ONLY:**              **AMENDED COMPLAINT**

**XXX**    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983, 1985 AND 1986**

      **U.S. Code**

___    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331**

      **U.S. Code**

___    **OTHER**

1

**I.  Plaintiff(s):**

    A. Name:  David A. Dewar

    B. List all aliases:  N/A

    C. Prisoner identification number: N/A

    D. Place of present confinement:  N/A

    E. Address:  11347 S. Millard Ave., Chicago, IL  60655

**II.  Defendant(s):**

    A. Defendant:  Officer T. J. Felmon (Badge # 4121)

       Title:  Chicago Police Officer

       Place of Employment:  Chicago Police Department

    B. Defendant:  Officer Mike Devine (Badge # 4080)

       Title:  Chicago Police Officer

       Place of Employment:  Chicago Police Department

    C. Defendant:  Supervisor C.J. Long

       Title:  Supervisor Police Officer

       Place:  Chicago Police Department

    D. Defendant:  Chicago Police Department

2

### IV. Statement of Claim

**Claim #1:** During the Discovery process of my federal lawsuit, I had uncovered records that an expungement that was granted by a court order with the Village of Marionette Park Police Department; showed up on my Chicago Police Department criminal history report. My claim is against the Chicago Police Department getting access to my Marionette Park Police Department completely expunged records and placing them on my CPD criminal history report. This pattern of corruption and conspiracy against I, the plaintiff David A. Dewar's civil rights by the Chicago Police Department needs a higher level of outside accountability so they do not keep breaking the law. The Chicago Police Department conspired and violated my civil rights. (Documents supplied to support claim).

**Claim #2:** During the Discovery process of my federal lawsuit, I had uncovered records that I, the plaintiff David A. Dewar was denied his Conceal and Carry permit in the state of Illinois. The above expunged records (Claim #1) being put on my CPD criminal history report violated my civil rights to qualify for a Conceal and Carry permit in the state of Illinois. (Documents supplied to support claim).

**Claim #3:** During the Discovery process of my federal lawsuit, I had uncovered records that affected my Conceal and Carry permit denial. On February 17, 2014, the CPD arrest report had the incorrect RD number: HW (year 2013) 154717 for which I went to trial on March 25, 2014 on the wrong case which was not dismissed but went SOL (Stricken off with leave to reinstate 120-160 days). This SOL decision cause the arrest to show up on my CPD criminal history report which denied me my Conceal and Carry permit in the state of Illinois. This violated my civil rights to qualify for a Conceal and Carry permit in the state of Illinois. (Documents supplied to support claim).

**Claim #4:** During the Discovery process of my federal lawsuit, I had uncovered that the RD number HW (year 2013) 154717 and Event number 1304403568 on my arrest report where the wrong case incident report that was non-criminal not pertaining to my arrest. I uncovered the RD number HX (year 2014) 154717 was obtained immediately after my arrest and with Event number 1404811677 to complete the correct case incident report at the police station. (Refer to flow chart). My civil rights were violated by the Chicago Police Department and all parties involved in approving the wrong RD number HW (2013) 154717 and wrong Event number 1304403568 on the police arrest report. This includes the four defendants in this lawsuit, along with the Desk Sergeant, Watch Commander and Approving Supervisor Laura Blum. My civil rights were violated once again when several people in the chain of command could have caught and corrected this intentional fraud. (Documents supplied to support claim).

4

**Claim #5:** During the Discovery process of my federal lawsuit, I had uncovered that when I went to court on March 25, 2014, I went to trial on the wrong RD number: HW (year 2013) 154717 and Event number 1304403568. When the Assistant States Attorney Ms. JoAnna Panici and Mr. Lawrence Leibforth met in chambers to discuss the case neither one of them pointed out this was the wrong RD number. It had been 5 weeks since my arrest and nobody pointed out it was the wrong RD number. My civil rights were violated by the Chicago Police Department by going to trial on the wrong case incident report which was non-criminal and not having it dismissed immediately. The Assistant States Attorney and my attorney, Lawrence Leibforth had me go to trial on the wrong case incident report. My attorney Lawrence Leibforth misinformed me and my mother before, during and after trial and will be reported to the Attorney Registration and Disciplinary Commission. (Documents supplied to support claim).

**Claim #6:** During the Discovery process of my federal lawsuit I had uncovered the CB number 18838176 on my arrest report was not labeled with my name on the Evidence-Property Envelope but my brother's name, Daniel Dewar. The arrestee property log has my name, David Dewar with the CB number 18838176 and on the personal property receipt. My civil rights were violated for fraud and conspiracy by the officers completing this paperwork. (Documents supplied to support claim).

**Claim #7:** During the Discovery process of my federal lawsuit, I had uncovered records on my police arrest report under the Section Confiscated Properties the arresting officers did not log in and inventory my personal cell phone (an item of value) and did not E-Track my inventory (See flow chart) and my cell phone since there was no inventory number logged. The Chicago Police Department contest they gave me an empty Evidence-Property envelope with no inventory items in it of value. My civil rights were violated by the General Order of Procedure and Special Order of Procedure. The arresting officers violated my civil rights for fraud and conspiracy and broke CPD Rule #40. (Documents supplied to support claim).

**Claim #8:** During the Discovery process of my federal lawsuit, I had uncovered records and discovered my 911 Cell phone call on the date I was arrested, February 17, 2014 at 6:27 pm with my phone provider, T-Mobile was deleted on my cell phone records. The Chicago Police Department OEMC records show I made the call on February 17, 2014 at 6:27 pm. On February 6, 2018, had to make a 911 call with my T-Mobile phone provider and it showed up on my T-Mobile cell phone records. While I was locked up during my arrest the Chicago Police department did not inventory my cell phone with an inventory number and did not E-Track inventory of my personal cell phone. My cell phone was not put in a holding cabinet or safe since the Chicago Police Department did not inventory it. By the CPD having full access to my personal cell phone, my civil rights were violated by the Chicago Police Department and my records indicate there was tampering with my 911 T-Mobile call the day of my arrest. This is another pattern of my civil rights being violated by the Chicago Police Department. (Documents provided to support claim).

5

**Claim #9:** During the Discovery process of my federal lawsuit, I had uncovered records that the Chicago Police Department arrived at my Mother's house, Shirley Dewar on Sunday afternoon on April 19, 2015 with 8 police officers and 4 squad cars. They came on a Disturbance call to retrieve one basketball in my Mom's backyard and asked for me by name and waited 30 minutes for me. My Mom was a few weeks from her 77th birthday and was intimidated and scared by this overkill of police manpower on a Sunday afternoon. They had warm greetings with William Hosty, the Complainant in this case as they walked over the basketball to his son and grandson's house. The CPD Officers waited 30 minutes for me and intimidated and scared my Mom and small dog. This is yet another pattern of civil rights violations by the Chicago Police against I, the plaintiff, David A. Dewar with conspiracy and intimidation and fear by wasting taxpayer dollars. The Chicago Police Department and their officers also violated my Mom's civil rights, Shirley Dewar, a 77 year old single widow through intimidation and conspiracy against her and our entire family. (Documents supplied to support claim).

**Claim #10:** During the Discovery process of my federal lawsuit, I had uncovered records that show my brother, Daniel Dewar was on evidence on my arrest record. On the Evidence-Property Envelope, my brother's name Daniel Dewar reads with the CB # 18838176, which is in my name on the Arrestee Property Log and personal property receipt. This is yet another pattern of civil rights violations against my brother who is a retired Police Officer of 30 years in Westmont. This shows a pattern of civil rights violations by the Chicago Police Department against me personally, David Dewar, the Plaintiff and my family members. (Documents supplied to support claim).

### SUMMARY

In summary of these 10 claims of civil rights violations against I, David A. Dewar, the plaintiff and my family members show a pattern by the Chicago Police Department of Intimidation, Corruption, Conspiracy together to violate multiple civil rights of the plaintiff. Filed Docket entry #40 in this case 16CV2287 was filed on January 24, 2017 by the plaintiff. The extensive 161 page report on the investigation of the Chicago Police Department by the United States Department of Justice Civil Rights Division and United States Attorney's Office Northern District of Illinois reads as a blueprint to the corruption, conspiracy and violated civil rights to me personally, the plaintiff David A. Dewar, as they framed me and my family members in my case # 16CV2287. The question now becomes how many other cases has the CPD abused their authority and power and violated multiple victims in multiple cases through conspiracy, corruption, fraud, intimidation, etc. by violating their civil rights

NOTE: The Police Board City of Chicago (Rules of Conduct) were broken multiple times in my case # 16CV2287. Rule #14: Making a false report, written or oral was broken multiple times by multiple

people. Rule #40: Failure to inventory and process recovered property in conformance with Department orders no inventory number for plaintiff's personal cell phone on the arrest report under Confiscated Properties and no E-track inventory number. Rule #41 was also violated. With self-regulation from within the Chicago Police Department with IPRA being replaced by COPRA, there is no true outside accountability to enforce any violation of civil rights against Chicago Police Department victims. The Chicago Police Department in my case # 16CV2287 cannot prove they have "clean hands" in my case for violating my 10 claims of civil rights violations. In closing, I am adding in a 11th claim of the CPD violating my civil rights.

**CLAIM #11:** Under Title 18, U.S.C. Section 242 Deprivation of rights under Color of Law, the Chicago Police Department has clearly shown a pattern of Corruption and Conduct that deprives me of my Civil Constitutional rights. (All previous documents supplied support that claim). Under Deposition, the complainant William Hosty at 114the & Millard in Chicago, Mt. Greenwood neighborhood, under oath with representation from Assistant Corporation counsel, Kelly Bauer refused to answer key questions. William Hosty was asked what he did for a living before retirement and Ms. Bauer objected. Why? William Hosty was asked how old he was and Ms. Bauer objected again. Why? William Hosty was under oath and he still was instructed not to answer questions he swore to answer under oath. I request that he does answer those questions. This pattern of corruption extends past the Chicago Police Department into the City of Chicago Department of Law Federal Civil Rights Litigation Division through the Corporation Counsel. I the plaintiff, David Dewar when deposed as well as my Mother, Shirley Dewar and brother, Daniel Dewar had to answer all questions under oath but William Hosty does not? (Additional documents supplied to support claims of Corporation Counsel Corruption.

NOTE: Flow chart of Chicago Police Department Offender Arrest to Release Procedural Steps clearly shows how the Chicago Police Department violated my civil rights in my case.

7

**V. Relief:**

What I want the court to do is thoroughly look over the documents supplied to support my 11 claims of civil rights violations and allow my complaint to be amended fully on my case # 16CV2287.

**VI.** The plaintiff demands that the case be tried by a jury. **YES**

**CERTIFICATION**

By signing this complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 20th day of April, 2018

_David A. Dewar_

Signature of Plaintiff

David A. Dewar

Pro Se

11347 S. Millard Ave.

Chicago, IL 60655

8



**VILLAGE OF MERRIONETTE PARK**
**POLICE DEPARTMENT**
11750 South Kedzie Avenue
Merrionette Park, Illinois 60803
708-396-3170
FAX 708-385-5014 (C1) C1 CLAIM # 1 - 19 Pages

November 17, 2005

David A. Dewar
11347 S. Millard
Chicago, Illinois 60655

RE: 02500218201

The Merrionette Park Police Department has expunged the records of the above

referenced subject pursuant to the authority granted by the Order of the Court dated

November 7, 2005. All documents pertaining to these orders have been destroyed.

All orders to expunge or seal are governed by Illinois Complied Statutes, 20ILCS2630/5.

Respectfully,

Robert F. Stevens
Chief of Police

C-1-2



**VILLAGE OF MERRIONETTE PARK
POLICE DEPARTMENT**
11750 South Kedzie Avenue
Merrionette Park, Illinois 60803

David A. Dewar
11347 S. Millard
Chicago, Illinois 60655

(1-3



# CHICAGO POLICE DEPARTMENT
3510 South Michigan Avenue/Chicago, Illinois 60653
Identification Section

## CRIMINAL HISTORY REPORT



CPD-31903C (REV. 7/04)

## DEWAR, ANDREW D

ACCESS AND REVIEW
IDENTIFICATION SECTION
POLICE DEPARTMENT
3510 S. MICHIGAN AVE.
CHICAGO, ILLINOIS 60653
DATE: JUN 13 2014  SIGNATURE:

CPD photo

IR # 1475483

SID #

FBI #

IDOC #

Current Arrest Information:

| | | |
|---|---|---|
| | | MALE |
| | | WHITE |
| | | 6'03" |
| | | 230 lbs |
| Date of Birth: | 20-OCT-1964 | EYES : BRO |
| Age: | 49 years | HAIR : XXX |
| Place of Birth: | ILLINOIS | HAIR STYLE : |
| SSN #: | | BALD |
| Drivers License #: | | COMPLEXION : |
| Drivers Lic. State: | | FAR |
| Scars, Marks &Tattoos: | | |

Key Historical Identifiers:

| Alias or AKA used | Date Used | Dates of Birth Used | Social Security Numbers Used |
|---|---|---|---|
| DEWAR, DAVID | 17-FEB-2014 | 20-OCT-1964 | Not Available |
| DEWAR, ANDREW D | 15-FEB-2002 | 20-OCT-1964 | Not Available |

Criminal Justice Summary: Total arrests: 2 (1 Felony, 1 Misdemeanor)    Total convictions: 0

---

## ARREST

| | | |
|---|---|---|
| Arrest Name: **DEWAR, DAVID** | Arrest Date: **17-FEB-2014** | Holding Facility: **CPD - DISTRICT 022** |
| Date of Birth: **20-OCT-1964** | Arrest Address: **11343 S MILLARD AVE CHICAGO, IL 60655** | |
| DCN or CB: **018838176** | Residence: **11347 S MILLARD AVE CHICAGO, IL 60655** | |
| Officer: **FELMON** | Officer Badge#: **4121** | Arresting Agency: **CPD** |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | C | M | 720 ILCS 5.0/12-1-A | **Assault - Simple** | OFFENSE AS CITED |

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720-5/12-1-A | ASSAULT - SIMPLE | M | 14119470901 |

Disposition: **STRICKEN FROM DOCKET WITH LEAVE TO REINSTATE**    Disposition Date: **25-MAR-2014**

Sentence:    Sentence Date:

---

## ARREST

C1-4

Arrest Name: **DEWAR, ANDREW D**      Arrest Date:  **15-FEB-2002**    Holding Facility: **MERRIONETTE PARK**

Date of Birth: **20-OCT-1964**      Arrest Address: **9506 S CALIFORNIA EVERGREEN, IL 60655**

DCN or CB:  **015036353**      Residence:     **11347 S MILLARD AV CHICAGO, IL 60655**

Officer:     **COLLINS**      Officer Badge#: **103**      Arresting Agency: **MERRIONETTE PARK**

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|-------|-------|------|---------|---------------------------|----------|
| [1] | A | M | 625 ILCS 5.0/11-503-A | Ivc - Reckless Driving | OFFENSE AS CITED |
| [1] | 4 | F | 720 ILCS 5/8-1 | Solicitation - Ivc - Agg Fleeing/Police/21 Mph | SOLICITATION |

***End of Report***

This Chicago Police Department IR rap-sheet should not replace the use of the Illinois State Police statewide criminal history transcript, which may contain additional criminal history data and can be obtained by performing a CQR1 inquiry via your LEADS terminal.

06-JUN-2014 07:49

Requested by: PC0Q467



# CHICAGO POLICE DEPARTMENT
3510 South Michigan Avenue/Chicago, Illinois 60653
Identification Section

## CRIMINAL HISTORY REPORT



CPD-31903C (REV. 7/04)

## DEWAR, ANDREW D

IR # 1475483

SID #

FBI #

IDOC #

Current Arrest Information:

ACCESS AND REVIEW

IDENTIFICATION SECTION
POLICE DEPARTMENT
3510 S. MICHIGAN AVE.
CHICAGO, ILLINOIS 60653

DATE: _____ SIGNATURE: _____

MALE
WHITE
6'03"
230 lbs
EYES : BRO
HAIR : XXX
HAIR STYLE : BALD
COMPLEXION : FAR

CPD photo

| | |
|---|---|
| Date of Birth: | 20-OCT-1964 |
| Age: | 49 years |
| Place of Birth: | ILLINOIS |
| SSN #: | |
| Drivers License #: | |
| Drivers Lic. State: | |

Scars, Marks &Tattoos:

Key Historical Identifiers:

| Alias or AKA used | Date Used | Dates of Birth Used | Social Security Numbers Used |
|---|---|---|---|
| DEWAR, DAVID | 17-FEB-2014 | 20-OCT-1964 | Not Available |
| DEWAR, ANDREW D | 15-FEB-2002 | 20-OCT-1964 | Not Available |

Criminal Justice Summary: Total arrests: 2 (1 Felony, 1 Misdemeanor)　　　　Total convictions: 0

===== ARREST =====

| | | | | |
|---|---|---|---|---|
| Arrest Name: | DEWAR, DAVID | Arrest Date: | 17-FEB-2014 | Holding Facility: CPD - DISTRICT 022 |
| Date of Birth: | 20-OCT-1964 | Arrest Address: | 11343 S MILLARD AVE CHICAGO, IL 60655 | |
| DCN or CB: | 018838176 | Residence: | 11347 S MILLARD AVE CHICAGO, IL 60655 | |
| Officer: | FELMON | Officer Badge#: | 4121 | Arresting Agency: CPD |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | C | M | 720 ILCS 5.0/12-1-A | Assault - Simple | OFFENSE AS CITED |

**COURT CHARGES/DISPOSITION**

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| 720-5/12-1-A | ASSAULT - SIMPLE | | M | 14119470901 |

Disposition: STRICKEN FROM DOCKET WITH LEAVE TO REINSTATE　　Disposition Date: 25-MAR-2014

Sentence:　　Sentence Date:

===== ARREST =====

| | | | | |
|---|---|---|---|---|
| Arrest Name: | DEWAR, ANDREW D | Arrest Date: | 15-FEB-2002 | Holding Facility: MERRIONETTE PARK |
| Date of Birth: | 20-OCT-1964 | Arrest Address: | 9506 S CALIFORNIA EVERGREEN, IL 60655 | |
| DCN or CB: | 015036353 | Residence: | 11347 S MILLARD AV CHICAGO, IL 60655 | |
| Officer: | COLLINS | Officer Badge#: | 103 | Arresting Agency: MERRIONETTE PARK |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | A | M | 625 ILCS 5.0/11-503-A | Ivc - Reckless Driving | OFFENSE AS CITED |
| [1] | 4 | F | 720 ILCS 5/8-1 | Solicitation - Ivc - Agg Fleeing/Police/21 Mph | SOLICITATION |

\*\*\*End of Report\*\*\*

This Chicago Police Department IR rap-sheet should not replace the use of the Illinois State Police statewide criminal history transcript, which may contain additional criminal history data and can be obtained by performing a CQR1 inquiry via your LEADS terminal.

12-FEB-2015 08:49



**ILLINOIS STATE POLICE**
**BUREAU OF IDENTIFICATION**
**260 NORTH CHICAGO STREET**
**JOLIET, ILLINOIS 60432-4075**

C 1-6

DAVID ANDREW DEWAR
11347 S. MILLARD
CHICAGO, IL 60655

Dear Sir/Madam,

A court order has been forwarded to the Illinois State Police (ISP), Bureau of Identification for processing regarding the individual listed below. The Illinois Criminal Identification Act defines the specific circumstances under which a criminal record can be sealed or expunged. The arrest record(s) contained in the court order has been processed based on the sealing and expungement provisions contained in the Illinois Criminal Identification Act. The processing conclusion appears in the RESULT field located in the Identifiers section below.

If the result indicates 'complied', the arrest record(s) have been sealed or expunged pursuant to the court order. If the result indicates 'referred', the ISP objects to the court order and has referred the matter to the Office of the Illinois Attorney General to have the court order vacated. Please refer to the second page of this correspondence to get a more detailed explanation of the reason for the referral. If the result indicates 'no record', a search of the files of the ISP Bureau of Identification failed to reveal any record(s) of the court ordered event.

If you have any questions regarding the result of your court order or questions concerning any other information contained in this correspondence, please contact the Illinois State Police at boi_customer_support@isp.state.il.us or call (815) 740-5160. Thank you for allowing us an opportunity to address your needs.

---

**IDENTIFIERS**

---

**TCN:** WS10007006702077
**SUBMISSION TYPE:** EXPSL       **RESULT:** COMPLIED-COURT ORDER
**Name:** DEWAR, DAVID ANDREW
**Sex Code:** M                  **Race Code:** B          **DOB:** 10/20/1964

---

**STATE USE ONLY**

**WARNING:** Release of this information to unauthorized individuals or agencies or misuse is prohibited by Federal Law Title 42 UCS 3787g pertaining to criminal history information.

---

IL 493-CINQ(06/98)

P1-7

## EXPUNGEMENT/SEAL/PETITION RESULT

**RESULT:** PURSUANT TO ILLINOIS COMPILED STATUTES, 20 ILCS 2630/5.2, THE ILLINOIS STATE POLICE HAS EXPUNGED THE ARREST(S) LISTED BELOW:

**DECISION DATE:** 02/15/2006
**IDENTIFIERS**
Charge: RECKLESS DRIVING
**Arrest Date:** 02/15//2002          **Arrest Agency:** CHICAGO POLICE DEPARTMENT
**DCN:** G15036353                    **CCN:** 02500218201
Agency Case #:
**Name:** DEWAR, ANDREW D            **DOB:** 10/20/1964

**RESULT:** PURSUANT TO ILLINOIS COMPILED STATUTES, 20 ILCS 2630/5.2, THE ILLINOIS STATE POLICE HAS EXPUNGED THE ARREST(S) LISTED BELOW:

**DECISION DATE:** 02/15/2006
Charge: SOLICT AGGRAVATED FLEEING POLICE
**Arrest Date:** 02/15/2002           **Arrest Agency:** CHICAGO POLICE DEPARTMENT
**DCN:** G15036353                     **CCN:** 02500218201
Agency Case #:
**Name:** DEWAR, ANDREW D

### STATE USE ONLY
**WARNING:** Release of this information to unauthorized individuals or agencies or misuse is prohibited by Federal Law Title 42 UCS 3789g pertaining to criminal history information.

C1-8



**ILLINOIS STATE POLICE**
*Bureau of Identification*
**260 North Chicago Street**
**Joliet, Illinois 60432-4075**

60655342947





11750 South Kedzie Avenue
Merrionette Park, Illinois 60803
708-396-3170
FAX 708-385-5014

March 9, 2015

David Andrew Dewar
11347 S. Millard
Chicago, Illinois 60655

RE: Merrionette Park Police Department Court Case #02500218201

The Merrionette Park Police Department has expunged the records of the above referenced case pursuant to the authority granted by the Order of the Court dated November 7, 2005. All documents pertaining to Merrionette Park Police Department DCN/G15036353 posted February 15, 2002 have been destroyed.

All orders to expunge or seal are governed by Illinois Complied Statutes 20ILCS2630/5.

Respectfully,

Robert F. Stevens
Chief of Police



**VILLAGE OF MERRIONETTE PARK**
**POLICE DEPARTMENT**
11750 South Kedzie Avenue
Merrionette Park, Illinois 60803

David Andrew Dewar
11347 S. Millard
Chicago, Illinois 60655

C1-10

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001

PEOPLE OF THE STATE OF ILLINOIS                                C 1-12

                    VS              NUMBER 02500218201

DAVID      A DEWAR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 625 5 11 503 | M | RECKLESS DRIVING |
| 625 5 11 204 1 | M | AGGRVYD FLEEING AND ELUDG |
| 625 5 12 201B | T | Y9227041 |
| 625 5 11305B | T | Y9227042 |
| 625 5 126031 | T | Y9227043 |
| 625 5 11306 | T | Y9227044 |

The following disposition(s) was/were rendered before the Honorable Judge(s):

03/08/02 STRICKEN OFF - LEAVE REINSTATE    C001
     RYAN JAMES J.
03/08/02 STRICKEN OFF - LEAVE REINSTATE    C003
     RYAN JAMES J.
03/08/02 STRICKEN OFF - LEAVE REINSTATE    C004
     RYAN JAMES J.
03/08/02 STRICKEN OFF - LEAVE REINSTATE    C005
     RYAN JAMES J.
03/08/02 STRICKEN OFF - LEAVE REINSTATE    C005
     RYAN JAMES J.
03/08/02 DEF DEMAND FOR TRIAL
     RYAN JAMES J.
03/08/02 SENT/CRT SUPV/SPEC CONDS          C002
           6 MTH
     RYAN JAMES J.
03/08/02 DEFENDANT FINED                   C002              $    300
     RYAN JAMES J.
03/08/02 DEFENDANT FINED                   C002              $    125
     RYAN JAMES J.
03/08/02 TRAFFIC SAFETY SCHOOL             C002
     8 HRS TSS
     RYAN JAMES J.
03/08/02 TERM DATE-PROB-COND DIS-SUPV          09/25/02 0575
     RYAN JAMES J.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS                 NUMBER 02500218201

    DAVID     A DEWAR

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

| | | |
|---|---|---|
| 02/15/02 BOND SET BY RULE OF COURT | | |
| 03/08/02 PAYMENT RECEIVED - CASH | 03/08/02 0575 | |
| 07/08/02 CONTINUANCE BY ORDER OF COURT | 0016 | $    425 |
|     O'MALLEY, JAMES P. | 10/23/02 0575 | |
| 07/08/02 REINSTATEMENT | C002 | |
|     O'MALLEY, JAMES P. | | |
| 07/08/02 TRAFFIC SAFETY SCHOOL | C002 | |
|     REINSTATE 8 HRS | | |
|     O'MALLEY, JAMES P. | | |
| 07/08/02 DEFENDANT FINED | C002 | |
|     O'MALLEY, JAMES P. | | $     30 |
| 07/08/02 PAYMENT RECEIVED - CASH | | |
| 09/25/02 CASE ADVANCED | 0008 | $     30 |
|     O'MALLEY, JAMES P. | | |
| 09/25/02 VACATE ORDER | | |
|     VACATE DATE OF 10-23-02 | | |
|     O'MALLEY, JAMES P. | | |
| 09/25/02 SUPERVISION TERM/DISCHARGED | | |
|     O'MALLEY, JAMES P. | | |
| 08/02/05 PETITION FOR EXPUNGEMENT FILED | | |
| 01/26/05 PETITION/EXPUNGEMENT-ALLOWED | | |

I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 03/11/15

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

C1-14



# CHICAGO POLICE DEPARTMENT
3510 South Michigan Avenue/Chicago, Illinois 60653
Identification Section

## CRIMINAL HISTORY REPORT



CPD-31903C (REV. 7/04)



## DEWAR, DAVID
IR # 1475483
SID # 45298260
FBI # 937257CH5
IDOC #

Current Arrest Information:

CPD photo

| | |
|---|---|
| MALE | |
| WHITE | |
| 6'03" | |
| 230 lbs | |
| EYES : BRO | |

| | | HAIR : XXX |
|---|---|---|
| Date of Birth: | 20-OCT-1964 | HAIR STYLE : |
| Age: | 49 years | BALD |
| Place of Birth: | ILLINOIS | COMPLEXION : |
| SSN #: | | FAR |
| Drivers License #: | | |
| Drivers Lic. State: | | |
| Scars, Marks &Tattoos: | | |

Key Historical Identifiers:

| Alias or AKA used | Date Used | Dates of Birth Used | Social Security Numbers Used |
|---|---|---|---|
| **DEWAR, DAVID** | **17-FEB-2014** | **20-OCT-1964** | Not Available |

Criminal Justice Summary: Total arrests: 1 (0 Felony, 1 Misdemeanor)    Total convictions: 0

━━━━━━━━━━━━━━━ ARREST ━━━━━━━━━━━━━━━

Arrest Name: **DEWAR, DAVID**
Date of Birth: **20-OCT-1964**
DCN or CB: **018838176**
Officer: **FELMON**

Arrest Date: **17-FEB-2014**   Holding Facility: **CPD - DISTRICT 022**
Arrest Address: **11343 S MILLARD AVE CHICAGO, IL 60655**
Residence: **11347 S MILLARD AVE CHICAGO, IL 60655**
Officer Badge#: **4121**   Arresting Agency: **CPD**

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | C | M | 720 ILCS 5.0/12-1-A | **Assault - Simple** | **OFFENSE AS CITED** |

### COURT CHARGES/DISPOSITION

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| **720-5/12-1-A** | **ASSAULT - SIMPLE** | | M | 14119470901 |

Disposition: **STRICKEN FROM DOCKET WITH LEAVE TO REINSTATE**    Disposition Date: **25-MAR-2014**
Sentence:                                              Sentence Date:

***End of Report***

C1-15

This Chicago Police Department IR rap-sheet should not replace the use of the Illinois State Police statewide criminal history transcript, which may contain additional criminal history data and can be obtained by performing a CQR1 inquiry via your LEADS terminal.

17-MAR-2015 08:45

Requested by: PC0Q494



**Chicago Police Department**
**City of Chicago**
3510 South Michigan Ave
Chicago, IL 60653



**Rahm Emanuel**
Mayor

**Garry F. McCarthy**
Police Superintendent

## Procedural Guide for INDIVIDUALS Residing
# OUTSIDE THE CITY OF CHICAGO

#### *****NOTICE*****

➤ This request will ONLY be mailed to the residence of the individual who requests it.
➤ This process should not be used by private attorneys or companies attempting to gather criminal history information or conduct a background check.
➤ This process should not be used by government agencies attempting to gather criminal history information for immigration purposes.

INDIVIDUALS requesting a copy of their Adult (17 YEARS AND ABOVE) "RAP SHEET" and living outside the City of Chicago who cannot report in person to 3510 S. Michigan will follow the procedure below:

1. Contact their local police agency in the city/town where they are residing and request to be fingerprinted (each city has their own policy and procedures for fingerprinting). They will be given a fingerprint card with their fingerprints on it. DO NOT BEND THE CARD OTHERWISE IT CANNOT BE PROCESSED.

2. You must enclose a copy of your current valid state driver's license or valid state identification card.

3. There is a processing fee of $16.00 USC and is accepted in the form of a 'Money Order' only made out to the "Department of Revenue." DO NOT SEND CASH

4. You must enclose a self-addressed stamped envelope with sufficient postage.

5. You must write a short letter as to what you are requesting. Include all ALIAS names used in the past. Failure to include all alias names may produce a negative result. This letter must contain a working contact telephone number (requests without telephone numbers may not be processed).

6. You must place the *fingerprint card, the fee, the photo identification copy, self addressed stamped envelope, and the letter in a large envelope and mail it to the following address:*

**Chicago Police Department**
**Field Services Section – Unit 166 / Attn: Mr. Jerry Young**
**3510 South Michigan Avenue**
**Chicago Illinois 60653**
**312-745-5644**

→ M-Friday
8:30 Am to Wed
1) To be finger printed
2) 2 week pick up fir.
8:30 Am
+.
3 P.m.

All requests for JUVENILE (16 and UNDER) "RAP SHEETS" will be directed to the Youth Division at 312-745-6004

**Effective September 2007**

Emergency: 9-1-1 ∘ Non-Emergency: (Within City limits) 3-1-1 ∘
Non-Emergency: (Outside City limits) 312-746-6000     TTY: 312-746-9715 ∘

# Criminal Convictions and Dismissals in Illinois

### What is a conviction and what isn't?

## What sentences are considered convictions in Illinois?

### CONDITIONAL DISCHARGE

This is a criminal sentence that doesn't involve incarceration or supervision by a probation officer but where the court will require you to meet certain conditions. This can result in incarceration if the conditions of release are violated.

### PROBATION

This is a criminal sentence that doesn't involve incarceration but where you are under the periodic supervision of a probation officer. This can result in incarceration if the conditions of release are violated.

### PAROLE

This is part of a criminal sentence that involves release after a period of incarceration where you are then subject to periodic supervision by a parole officer. This can result in re-incarceration if the conditions of release are violated.

### TIME CONSIDERED SERVED

The time spent in jail awaiting your criminal proceedings can be considered part of your criminal sentence.

### PUBLIC OR COMMUNITY SERVICE

Community Service does not always indicate you have been convicted of a crime but can be part of a criminal sentence upon conviction. Oftentimes, community service requires you to work for free for a non-profit organization or a public body like the government that will report back to the court on your hours and progress.

### PRISON OR JAIL TIME

This is part of a criminal sentence that subjects you to incarceration in a prison or jail depending on what crime you were convicted of. Generally, after a period of incarceration, you will be released on parole.

### FINES for MUNICIPAL ORDINANCE VIOLATIONS

Sometimes the sentence for a criminal violation is payment of a fine. If you cannot pay the fine, you may be subjected to incarceration.

## What isn't a conviction in Illinois?

### SUPERVISION (if completed satisfactorily)

To get supervision, you must plead guilty to the crime you are being charged with but will be released and subjected to any terms the court may place on you. Most commonly for a first offense, people are given a few months of supervision where the key term is to have no further criminal violations. If supervision is completed satisfactorily, the court will discharge you and enter a judgment dismissing the charges without you having to return to court. If supervision is not completed satisfactorily, it can result in a conviction.

### 710-1410 PROBATION

A type of probation given to first time drug offenders. You are placed in probation for up to two years during which time the proceedings are deferred. There are conditions of this probation which include periodic drug testing, community service, and no further criminal violations. If you complete 710-1410 probation satisfactorily the charges will be dismissed.

### RELEASE WITHOUT CHARGING

You are released after arrest without ever being charged with a criminal violation.

### DISMISSALS AND ACQUITTALS, including:

A Finding of Not Guilty, Stricken off With Leave to Reinstate (SOL) Note: The state *can* reinstate the case within 120-160 days if your case is SOL, Non-Suit, Nolle Prosequi, Finding of No Probable Cause, and Dismissed Without Prejudice.



## Granted Petition Letter
## 26th Street Live Court Call

**Congratulations!** Today the judge granted your petition to expunge or seal your criminal record. The judge's order is effective immediately; however, <u>THE PROCESS IS NOT OVER.</u> Additional paperwork will be sent to verify that the process is complete.

**When is my expungement or sealing complete?** There are three agencies that are ordered to expunge or seal your records: (1) the Clerk's Office; (2) the Chicago Police Department; and (3) the Illinois State Police. Each agency sends the following information:

(1) <u>Clerk's Office</u>. Although you received a copy of your Order today, the Clerk's Office will process it by removing your name from the public access computers. You will receive another copy of this order in several weeks from the Clerk's Office, stamped "EXPUNGED" or "IMPOUNDED." This means the records ordered expunged or sealed are no longer accessible.

(2) <u>Chicago Police Department</u>. You will receive a letter within several months confirming the Chicago Police Department has expunged or sealed the record.

(3) <u>Illinois State Police</u>. You will also receive a letter stating the agency "<u>COMPLIED</u>" with the Court Order and expunged or sealed the record. The ISP also forwards the order to the FBI, to remove the records from background checks, but no confirmation is sent directly from the FBI.

  • If you receive a letter from the Illinois State Police that says "<u>REFERRAL</u>," this means the Illinois State Police may be challenging your expungement/sealing. If you receive this letter, make sure to keep a copy of all paperwork (court order, RAP sheet, letters, etc.). If you receive a motion to vacate with a new court date, contact CGLA at 312-738-2452.

**What if I haven't received any information?** The Chicago Police Department and Illinois State Police have 60 days from the date it <u>receives</u> the Order from the Clerk's Office to comply. They often do not receive the Order from the Clerk's Office for several weeks. If it has been over 75 days, you should contact the CPD at 312-745-5048 or the ISP at 815-740-5160 to inquire about the status of your expungement or sealing.

**Is the Order final?** If for any reason the Illinois State Police objects to the order, they will have the same time frame (60 days from the day they receive the motion) to file a motion to vacate or modify the court's order. The ISP will notify you by letter if they oppose the order and will file a motion in court. If you receive a notice that a motion to vacate or modify the court's order was filed, please contact CGLA at 312-738-2452.

**What's the difference between expungement and sealing?** Under both remedies, *if* your entire record was ordered expunged or sealed, you are allowed to answer "no" to the question, "have you ever been convicted?" On background checks, the response is "no record" to employers or landlords.

|  | EXPUNGEMENT | SEALING |
|---|---|---|
| Clerk's Office | Case information is removed from public access computers; file is impounded and only available through a court order. | Case information is removed from public access computers; file is impounded and only available through a court order. |
| Chicago Police Department | Arrest records are physically destroyed. | Arrest records are sealed and only available through court order. |
| Illinois State Police | Records are physically destroyed (*except for* 710-1410 or TASC Probation cases, because those are only sealed by law, although called "expunged.") | Records are sealed and only available with legal authority. |

**\*\*Remember – if you could not expunge or seal your whole record,
the records that were not eligible will still appear on background checks.\*\***

## What the difference between expungement and sealing?

- No agencies can see expunged records unless for 710-1410 or TASC Probation, in which case law enforcement has access to those records only.
- All sealed records can still be viewed by law enforcement.
- Sealed felony conviction records are accessible to some employers under the law. These are employers that conduct fingerprint based background checks for employment (examples include: schools, park districts, children service organizations, Department of Children and Family Services, public transportation and health care agencies). A Certificates of Good Conduct or Health Care Waiver might be appropriate for these types of jobs.

## What are my rights?

- You cannot have an expunged or sealed record used against you in an employment decision. The Illinois Human Rights Act prohibits employment discrimination based on expunged or sealed records. One of the hurdles faced by individuals are bad internet based background check companies that do not update their records to show something is expunged or sealed. EVEN THOUGH THEY SEE IT, THEY CANNOT USE IT!
- According to the Fair Credit Reporting Act, if you face any adverse action based on information obtained from a criminal background check, you are entitled to a copy of the report that contains the information used in making the adverse decision (i.e., in employment or housing decisions). Do not let a prospective employer or landlord tell you that you have been denied a job or housing without obtaining a copy of the criminal background report.
- If you are denied a copy of the criminal background report or denied employment, please call CGLA at 312-738-2452.
- If you receive a report that contains inaccurate information, send the company a copy of the judge's order with a letter requesting that the company stop releasing your expunged or sealed record.

---

*If you were unable to completely expunge or seal your records today, you still have work to do!*

---

☐ Suburban Districts - if you had arrests or convictions in other Cook County suburban districts that are eligible to be expunged or sealed, we can help prepare your petitions. You will need to file the petitions in the suburban court. Don't forget to ask the Clerk for a fee waiver application if you qualify.

☐ Other Illinois Jurisdictions - The Illinois Office of the State Appellate Defender ("OSAD") can answer questions on how to file petitions outside of Cook County. Contact OSAD at (866)787-1776 or (866)431-4907 or visit their website (http://www.state.il.us/defender/ ) to obtain an information package with instructions and forms.

☐ Offenses Ineligible for Sealing - The only way you can remove criminal records that are ineligible to be sealed is to obtain an Executive Clemency, or Pardon, from the Governor. Although you don't have to wait a specific time period before you petition for executive clemency, we suggest that you wait at least five years with no criminal history to truly demonstrate that you are a law-abiding citizen deserving of a second chance. Further information on the clemency process can be found at the Prisoner Review Board website (www.state.il.us/prb) or Illinois Legal Aid Online (www.illinoislegalaid.org).

☐ Other Forms of Relief

☐ Health care waivers – required to work in unlicensed health care for certain non-sealed convictions.
☐ Certificates of Good Conduct – may be required to work in some jobs (i.e. CPS, CTA) with certain convictions; or can generally serve as a letter of recommendation from a judge.
☐ Certificate of Relief from Disabilities – can help persons with criminal records obtain licenses (barber, real estate, etc.).

If you are interested in help with one of these other forms of relief, call CGLA at 312-738-2452 or visit our Daley Center help desk in room 1006 (M-Th 9-12pm, Th 1-4pm) to find out if you fit our intake guidelines.

---

The legal advice and assistance provided to you today in court was from Cabrini Green Legal Aid. At the request of the Chief Judge, our agency is present to provide representation to those facing contested petitions to expunge or seal.



O Secure Messages   O Preferences   O Help   O Exit

**ACCOUNTS    BILL PAYMENT    TRANSFERS    SERVICES    My TCF    REWARDS    MOBILE**

Balances    Activity    Statements    Search

## Activity

For checking and savings accounts, transactions are updated during TCF's nightly processing. Therefore, all your transactions may not be shown and the balance shown may not be fully available for immediate withdrawal. Debit card authorizations and pending withdrawals and transfers reduce the amount available for immediate withdrawal. Check deposits and other pending deposits may not all be included in the amount available for immediate withdrawal. All pending transactions may not be shown. Transactions may not be posted to your account in the order shown. Go to "Help" and then "Glossary" for a further explanation of terms.

### TCF Free Checking -    8165

**DAVID A DEWAR**

11347 S MILLARD AVE
CHICAGO IL 60655-3429

| | |
|---|---|
| Account Balance: | $125.06 |
| Total Pending Items: | $-124.39 |
| Current Balance Including Pending Transactions: | $.67 |
| Balance As Of: | 02/17/2014 10:01 AM CST |
| Year-To-Date Interest: | $.00 |
| Last Year's Interest: | $.00 |

Change Account View
**View Account:**

TCF Free Checking -    8165

**Choose one:**

View From 12/19/2013    to 02/17/2014

Display the last    days of transactions

( Change View )

### Transactions pending...

| Date | Transaction | Description | Status | Amount | Image |
|---|---|---|---|---|---|
| 02/17/2014 | Card Authorization | IL ISP FORTE*SERVICE FESPRINGFIELD ILUS | Pending | $-3.53 | |
| 02/17/2014 | Card Authorization | ISP CONCEALED CARRY INTSPRINGFIELD ILUS | Pending | $-150.00 | |
| 02/17/2014 | Deposit | DEPOSIT REF # XXXXXXXX | Pending | $72.00 | View Image |
| 02/16/2014 | POS Purchase | POS #03098 JEWEL | Pending | $-7.86 | |
| 02/15/2014 | Card Recurring Pmt | MYFAX *PROTUS IP SOLN 866-563-9212 GAUS | Pending | $-10.00 | |
| 02/15/2014 | Deposit | DEPOSIT REF # XXXXXXXX | Pending | $1.00 | View Image |
| 02/13/2014 | Card Recurring Pmt | NAMESCOUT.COM OTTAWA ONCA | Pending | $-25.00 | |
| 02/13/2014 | Card Authorization | NAMESCOUT.COM OTTAWA ONCA | Pending | $-1.00 | |

Transactions between 12/19/2013 and 02/17/2014

Submitted: 2/17/2014

Under Board Review

C2-2



| | |
|---|---|
| Applicant: | **David A Dewar** |

Welcome David A Dewar | Sign Out

| | |
|---|---|
| Previous Names: | **David A Dewar** |
| Date of birth: | **10/20/1964** |
| Place of birth: | **IL** |
| Race: | **White** |
| Hair Color: | **Brown** |
| Eye Color: | **Brown** |
| Fingerprint TCN #: | **LS10862L77698689** |
| US Citizen: | **Yes** |
| State of Residence: | **IL** |

Gender: **Male**
Height: **6'3"**
Weight: **215**

| | |
|---|---|
| Contact Info: | **708-369-1153** (Primary) |
| | ddewar05@hotmail.com |
| FOID Number: | **85890330** |
| ID Type: | **Driver's/Operator's License** |
| ID Number: | **D60016164299** |
| State: | **IL** |
| Expiration: | **10/2017** |

### Addresses

| From | To | Address | City | State | Zip | County | Country |
|---|---|---|---|---|---|---|---|
| 11/1984 | Present | 11347 S MILLARD AVE | Chicago | IL | 60655 | Cook | US |

### Uploaded Documents

📄 scan0150.pdf (222935)

### Criminal History Questions

**No** Have you ever been found guilty of a felony?

**No** Within the past 5 years (preceding the date of this application), have you been convicted or found guilty in this State or any other state or misdemeanor involving the use or threat of physical or violent to any person?

**No** Within the past 5 years (preceding the date of this application), have you been convicted of a battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in which a firearm was used or possessed?

**No** Have you ever been convicted of domestic battery (felony or misdemeanor), aggravated domestic battery or a substantially similar offense?

**No** Have you ever been adjudicated a delinquent minor for the commission of an offense that if committed by an adult would be a felony?

**No** Are you currently the subject of pending arrest warrants, prosecution, or proceeding for an offense or action that could lead to the disqualification to own or possess a firearm?

**No** Are you currently the subject of an existing Order of Protection or No Contact/No Stalking Order?

**No** Within the past 5 years (preceding the date of this application), have you been in residential or court-ordered treatment for alcoholism, alcohol detoxification, or alcohol treatment?

**No** Within the previous year, have you failed a drug test for a drug for which you did not have a prescription?

**No** Within the past year (preceding the date of this application), have you used or been addicted to any controlled substance or narcotics in violation of state or federal law?

**No** Are you a medical marijuana patient registry card holder?

**No** Within the past 5 years (preceding the date of this application) have you been convicted or found guilty in this State or any other state or more violations related to driving while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds, or combination thereof?

**No** Within the past 5 years (preceding the date of this application), have you been a patient in a mental institution or any part of a medical facility for the treatment of mental illness?

**No** Have your ever been adjudicated by a court as a mental defective or ordered by a court, board or authorized entity to an in-patient or out patient mental health?

**No** Are you intellectually or developmentally disabled?

SATURDAY
3/22/2014



## Illinois State Police

## CONCEALED CARRY FIREARM TRAINING CERTIFICATE

I, **Edward Griffin** _____ certify that ____David A. Dewar____ has successfully completed training for an
(Instructor Name Printed)                                              (Applicant Name – First, Middle, Last)

Illinois Concealed Carry Firearms License on _____01/30/2014_____ pursuant to the Illinois Firearm Concealed Carry Act ("the Act").
(Date)

☒ I provided ___16___ hours of training required by Sections 75(b) and 75(c) of the Act.    | CURRICULUM ID #: CCC 13A0156

☐ I verified _____ hours of prior training and provided the additional required training to be counted towards the 16 hour requirement
pursuant to Section 75(g) of the Act.

The Applicant provided documentation of the following courses for prior training credit. (CHECK ALL THAT APPLY)

○ Illinois Hunter Safety Course ................................. 4 hours
○ Utah Concealed Carry.............................................. 4 hours
○ Florida Concealed Carry........................................... 4 hours
○ Nevada Concealed Carry ......................................... 4 hours
○ Missouri Concealed Carry ....................................... 4 hours
○ Kentucky Concealed Carry ...................................... 4 hours
○ Michigan Concealed Carry ...................................... 4 hours
○ Chicago Firearms Safety Course ............................ 4 hours

○ NRA Basic Pistol ........................................................ 8 hours
○ NRA Personal Protection in the Home................. 8 hours
○ NRA Personal Protection Outside the Home....... 8 hours
○ Active, Retired or Honorably Discharged
   member of the US Armed Forces....................... 8 hours
○ Previously qualified law enforcement or corrections
   officer (430 ILCS 75 (j))........................................ 8 hours

I hereby certify that the above applicant has demonstrated a total of 16 hours of approved training curriculum as required by Section 75(b) and 75(c) of the Act.

INSTRUCTOR ID NUMBER: | CCT 13A297 |    INSTRUCTOR BUSINESS NAME: **GT Firearms, LLC**

INSTRUCTOR SIGNATURE: _Edrl Cingf_    APPLICANT SIGNATURE: _David A. Dewar._

ISP 2-640 (12/13)



# ILLINOIS STATE POLICE

*Division of Administration*



Hiram Grau
*Director*

In order for an individual to review and challenge their criminal history record information, a Right of Access and Review fingerprint card must be submitted to the Illinois State Police, Bureau of Identification (BOI) through a local law enforcement agency or correctional facility, if the individual is incarcerated. If the local law enforcement agency or correctional center is unfamiliar with Illinois' Right of Access and Review procedures, this information can be located via the Illinois State Police web site http://www.isp.state.il.us/crimhistory/viewingchrircds.cfm. The BOI does not charge a fee for these submissions; however, the reviewing agency may charge a minimal processing fee.

The local law enforcement agency or correctional facility will submit the Right of Access and Review fingerprint card to the BOI for processing. The BOI will return a copy of the response to the submitting agency for their review, along with a Record Challenge Form. They in turn will notify the individual fingerprinted so he/she can review their Illinois criminal history record information.

An individual who believes their criminal history transcript is inaccurate may request a correction by completing and submitting the Record Challenge Form. The local law enforcement agency or correctional facility will submit the form to the BOI for processing. The individual will receive a written response to the record challenge.

Law enforcement agencies and correctional facilities outside of Illinois are not required to comply with Illinois rules and requirements regarding the Right to Access and Review procedures.

The Illinois State Police, Bureau of Identification, does not maintain arrest reports, or statements taken by arresting agencies. Requests for this type of information should be directed to the police department involved or the circuit clerk of the county where the case was heard.

Any person wishing to review their Federal Bureau of Investigation criminal history record should access the instructions provided via the internet at http://www.fbi.gov/hq/cjisd/cjis.htm. If additional assistance is required the helpline phone number for federal criminal history information is 304-625-5990.

For additional information or instructions on challenging Illinois criminal history record information, please feel free to access this information via the ISP web site http://www.isp.state.il.us/crimhistory/viewingchrircds.cfm. If further information or instruction is required the BOI Customer Support Unit staff can also be reached via email at: BOI_Customer_Support@isp.state.il.us.

Sincerely,

Lieutenant John Rattigan
Bureau Chief

Enclosure

## Application Detail  back

Application # 000049619   Under Board Review
Submitted:   2/17/2014

Welcome David A Dewar |

| | |
|---|---|
| Applicant: | **David A Dewar** |
| Previous Names: | **David A Dewar** |
| Date of birth: | **10/20/1964** |
| Place of birth: | **IL** |
| Race: | **White** |
| Hair Color: | **Brown** |
| Eye Color: | **Brown** |
| Fingerprint TCN #: | **LS10862L77698689** |
| US Citizen: | **Yes** |
| State of Residence: | **IL** |

Gender: **Male**
Height: **6'3"**
Weight: **215**

Contact Info:   **708-369-1153** (Primary)
ddewar05@hotmail.com

FOID Number: **85890330**

ID Type:   **Driver's/Operator's License**
ID Number:   **D60016164299**
State:   **IL**
Expiration:   **10/2017**

ARCHIVED

JUN 0 8 2016

Firearms Services Bureau
County Illinois State Police

### Addresses

| From | To | Address | City | State | Zip | County | US |
|---|---|---|---|---|---|---|---|
| 11/1984 | Present | 11347 S MILLARD AVE | Chicago | IL | 60655 | Cook | US |

### Uploaded Documents

📄 scan0150.pdf (222935)

### Criminal History Questions

**No** — Have you ever been found guilty of a felony?

**No** — Within the past 5 years (preceding the date of this application), have you been convicted or found guilty in this State or any other state of a misdemeanor involving the use or threat of physical or violent to any person?

**No** — Within the past 5 years (preceding the date of this application), have you been convicted of a battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in which a firearm was used or possessed?

**No** — Have you ever been convicted of domestic battery (felony or misdemeanor), aggravated domestic battery or a substantially similar offense?

**No** — Have you ever been adjudicated a delinquent minor for the commission of an offense that if committed by an adult would be a felony?

**No** — Are you currently the subject of pending arrest warrants, prosecution, or proceeding for an offense or action that could lead to the disqualification to own or possess a firearm?

**No** — Are you currently the subject of an existing Order of Protection or No Contact/No Stalking Order?

**No** — Within the past 5 years (preceding the date of this application), have you been in residential or court-ordered treatment for alcoholism, alcohol detoxification, or alcohol treatment?

**No** — Within the previous year, have you failed a drug test for a drug for which you did not have a prescription?

**No** — Within the past year (preceding the date of this application), have you used or been addicted to any controlled substance or narcotics in violation of state or federal law?

**No** — Are you a medical marijuana patient registry card holder?

**No** — Within the past 5 years (preceding the date of this application) have you been convicted or found guilty in this State or any other state of or more violations related to driving while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds, or a combination thereof?

**No** — Within the past 5 years (preceding the date of this application), have you been a patient in a mental institution or any part of a medical facility for the treatment of mental illness?

**No** — Have your ever been adjudicated by a court as a mental defective or ordered by a court, board or authorized entity to an in-patient or outpatient mental health?

**No** — Are you intellectually or developmentally disabled?

CCL - APPEALS

JUN 1 0 2014

REVIEWED

SATULM

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 001

## PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 14119470901

DAVID          DEWAR

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

720-5/12-1-A                M          ASSAULT - SIMPLE
The following disposition(s) was/were rendered before the Honorable Judge(s):

02/24/14 BOND SET BY RULE OF COURT                    03/25/14 7135
03/25/14 APPEARANCE FILED
     SCONZA JOSEPH  M
03/25/14 DEF DEMAND FOR TRIAL
     SCONZA JOSEPH  M
03/25/14 STRICKEN OFF - LEAVE REINSTATE      C001
     SCONZA JOSEPH  M



I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 03/25/14

Dorothy Brown
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CCL - APPEALS

JUN 1 0 2014

RECEIVED

# Criminal Convictions and Dismissals in Illinois

*What is a conviction and what isn't?*

## What sentences are considered convictions in Illinois?

### CONDITIONAL DISCHARGE
This is a criminal sentence that doesn't involve incarceration or supervision by a probation officer but where the court will require you to meet certain conditions. This can result in incarceration if the conditions of release are violated.

### PROBATION
This is a criminal sentence that doesn't involve incarceration but where you are under the periodic supervision of a probation officer. This can result in incarceration if the conditions of release are violated.

### PAROLE
This is part of a criminal sentence that involves release after a period of incarceration where you are then subject to periodic supervision by a parole officer. This can result in re-incarceration if the conditions of release are violated.

### TIME CONSIDERED SERVED
The time spent in jail awaiting your criminal proceedings can be considered part of your criminal sentence.

### PUBLIC OR COMMUNITY SERVICE
Community Service does not always indicate you have been convicted of a crime but can be part of a criminal sentence upon conviction. Oftentimes, community service requires you to work for free for a non-profit organization or a public body like the government that will report back to the court on your hours and progress.

### PRISON OR JAIL TIME
This is part of a criminal sentence that subjects you to incarceration in a prison or jail depending on what crime you were convicted of. Generally, after a period of incarceration, you will be released on parole.

### FINES for MUNICIPAL ORDINANCE VIOLATIONS
Sometimes the sentence for a criminal violation is payment of a fine. If you cannot pay the fine, you may be subjected to incarceration.

## What isn't a conviction in Illinois?

### SUPERVISION (if completed satisfactorily)
To get supervision, you must plead guilty to the crime you are being charged with but will be released and subjected to any terms the court may place on you. Most commonly for a first offense, people are given a few months of supervision where the key term is to have no further criminal violations. If supervision is completed satisfactorily, the court will discharge you and enter a judgment dismissing the charges without you having to return to court. If supervision is not completed satisfactorily, it can result in a conviction.

### 710-1410 PROBATION
A type of probation given to first time drug offenders. You are placed in probation for up to two years during which time the proceedings are deferred. There are conditions of this probation which include periodic drug testing, community service, and no further criminal violations. If you complete 710-1410 probation satisfactorily the charges will be dismissed.

### RELEASE WITHOUT CHARGING
You are released after arrest without ever being charged with a criminal violation.

### DISMISSALS AND ACQUITTALS, including:
A Finding of Not Guilty, Stricken off With Leave to Reinstate (SOL) Note: The state *can* reinstate the case within 120-160 days if your case is SOL, Non-Suit, Nolle Prosequi, Finding of No Probable Cause, and Dismissed Without Prejudice.

*Transformative Justice Law Project of Illinois*   www.tjlp.org   *Skillshare February 20, 2009*



*Department of Public Safety*

**KEITH D. SQUIRES**
Commissioner

**DEPARTMENT OF PUBLIC SAFETY**
**Concealed Firearm Permit**

NAME: **DAVID ANDREW DEWAR**

D.O.B. **10/20/1964**   SEX: **M**

ADDRESS: **11347 S MILLARD AVE**

CITY: **CHICAGO**   ST: **IL**   ZIP: **60655**

DATE OF ISSUE: **04/15/2014**   DATE OF EXPIRATION: **04/15/2019**

HT: **603** WT: **215** EYES: **BRO** HAIR: **BLD**

Commissioner of Public Safety: _____

**State of Utah**

**GARY R. HERBERT**
Governor

**SPENCER J. COX**
Lieutenant Governor

Dear Concealed Firearm Permit Holder:

You have been issued a concealed firearm permit by the Utah Department of Public Safety, **this permit is valid contingent on a satisfactory criminal history report being received from the FBI.** You will be notified if the fingerprints are rejected, or of a revocation if the FBI criminal history report contains information of a disqualifying nature. **If this is a renewal permit please dispose of your previous permit.** Please look over permit, if it has any mistakes, please contact us immediately.

This permit will be valid for a period of five years. **IT IS YOUR RESPONSIBILITY TO RENEW YOUR PERMIT PRIOR TO EXPIRATION. NOTIFICATION WILL BE SENT TO YOU APPROXIMATELY 45 DAYS BEFORE EXPIRATION.** Renewal forms will also be available from the Bureau of Criminal Identification and on our website publicsafety.utah.gov/bci/. You must inform the Bureau when your address changes by email at DPSFIREARMS@UTAH.GOV.

In addition to the firearms training you have obtained, you need to be aware of the following:

- A concealed firearm permit only exempts you from Subsection 76-10-504(1) and (2), Utah code Annotated, carrying concealed dangerous weapon. Also section 76-10-505, Utah code Annotated, carrying a loaded firearm in a vehicle or on the street and Section 76-10-505.5, Utah code Annotated, possession of a dangerous weapon on or about school premises.

- A concealed firearm permit **does not** exempt you from any other state or federal law.

- Misuse of the concealed firearm permit privilege may result in suspension or revocation of your permit if there is reasonable cause to believe you pose a danger to yourself or others.

- When a concealed firearm permit holder has a concealed firearm in his/her possession and is stopped by a police officer, it is recommended that the concealed firearm permit holder advise the police officer as soon as possible.

- Religious institutions may prohibit firearms on their premises by making notification and advising the Utah Bureau of Criminal Identification. (Check the BCI website publicsafety.utah.gov/bci/)

- The Utah Bureau of Criminal Identification invites you to participate in a short but meaningful survey about the comprehensiveness and integrity of the concealed firearm instruction you received from one of our certified instructors. The survey can be found on-line at: http://publicsafety.utah.gov/bci/CFPsurvey.html

If you have any questions, please contact our office at (801)965-4445 or DPSFIREARMS@UTAH.GOV or visit our website.

CCL - APPEALS

FRD - APPEALS

JUN 1 0 2014

FINAL LETTER                    June 6, 2014    (C3-9)
                                            (Ft. day)

To the Firearm Services Bureau,                    Pg 1

My Name is : David A. Dewar

Date of Birth is : 10/20/1964

RECEIVED

JUN 0 8 2014

Firearms Services Bureau
Illinois State Police

Conceded Carry
Application # is        000049619

Enclosed is my Documentation about my
Appeal! On page 1 & Question 2 about the last
5 years of a physical threat to anyone being
Convicted; that still applies as I have not
page 2 shows on 3/25/14 I was found been convicted!
Not Guilty with SOL - Strucken off with
                                leave to Reinstate in
+ March 25, 2014 + 120 DAYS = ___ 120 DAYS!
which is next month!    CC July APPEAL 2014

JUN 1 0 2014
FSB APPEALS
RECEIVED

page 3 shows what IS NOT A CONVICTION
In Illinois & cleary my case is a Judicial
SOL (120 DAYS, up ...

APPEAL LETTER

C2-10

Pg 4&5 shows my CCP' from Utah & several other states with my background being checked out ok with FBI and other law enforcement agencies! This is recently on 4/16/2014 this year!

Pg 6 shows my 16 HR CCF Certificate Completed!

Please look over my Documentation. As of right now I have NO CONVICTION on my Criminal Record & have completed the Required Certification for a Illinois Conceal & Carry Permit!

Thank You,
David G. Dewer.
6/6/14 (Friday)

CCL-APPEALS

JUN 1 0 2014

RECEIVED
FS. - APPEALS

C 2 - 11



**ILLINOIS STATE POLICE**
*Division of Administration*

Pat Quinn
*Governor*

June 30, 2014

Hiram Grau
*Director*

David Dewar
11347 S Millard Ave
Chicago, IL 60655

Re: CCL application # 49619

Dear David Dewar:

    The Firearm Concealed Carry Act (FCCA - 430 ILCS 66/1 et. seq.) creates the Concealed Carry Licensing Review Board (CCLRB) to review and consider objections from law enforcement regarding applications for an FCCA license. Pursuant to Section 10 of the FCCA, the Department shall only issue a license insofar as the applicant (1) meets the qualifications of Section 25 of the FCCA; (2) provides the application and all documentation required by Section 30 of the FCCA; (3) has paid the fee; and (4) does not pose a danger to himself, herself, or others, or a threat to public safety as determined by the CCLRB in accordance with Section 20.

    The FCCA does not allow for the Department to review a CCLRB denial. CCLRB decisions are final orders that are subject to judicial review under the provisions of the Administrative Review Law (735 ILCS 5/3-101 et. seq.). Pursuant to Section 87 of the FCCA appeals regarding a denial of an application made by the CCLRB shall be made by petitioning the circuit court in writing of the county of the applicant's residence for a hearing upon the denial.

    The Illinois State Police (ISP) has received documentation you submitted in furtherance of an appeal of the denial of your Concealed Carry License application. As stated above, and in the letter notifying you of the denial, you must petition, in writing, the circuit court in your county of residence within 35 days of the denial. Therefore, we are returning the submitted documents to you.

Respectfully,

Jessica L. Trame
Bureau Chief

Min - Frid, & 30Am to 5Pm.
HRS

Firearms Services Bureau
801 South Seventh Street • Suite 400-M
Springfield, IL 62703-2487
(217) 782-7980 (voice) • 1 (800) 255-3323 (TDD) • Fax: FOID (217) 782-9139 • FTIP (217) 782-4257
www.illinois.gov • www.isp.state.il.us



**ILLINOIS STATE POLICE**
*Division of Administration*
Firearms Services Bureau
801 South Seventh Street, Suite 400-M
Springfield, IL 62703-2487

David Dewar
11346 S Millard Ave
Chicago, IL 60655

5 FRCMN3B 60655

14119470901

14119470901

CB/DCN: 018838176   IR: 1475483   BRANCH 35
COURT DATE: 03/25/2014 ROOM: 7135 TIME: 2:30
BOND NO: _____ $:

C001  720-5/12-1-A

14
1
1
9
4
7
0
9
0
1

(C3) CLAIM #3 - 10 Pages

3.25

Exhibit 1

(12 Pages)

**STATE OF ILLINOIS**
**- VS -**
**DEWAR, DAVID**

| DATE | JUDGE | ORDERS ENTERED | CASE FILE REVIEWED | |
|------|-------|----------------|------|------|
| | | | DATE | INITIALS |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

M1-CM-MI-120000-2014-(ITEM 1.4.4)

First Municipal District - Criminal
Clerk of the Circuit Court

Case: 1:16-cv-02287 Document #: 102 Filed: 04/20/18 Page 40 of 134 PageID #:779

```
ASE: 14119470901 S  (START OF CASE      )        PAGE: 001 OF  001  _ PROD
DEFENDANT NAME: DAVID        DEWAR              LST APPEAL:
ENERAL INFORMATION                                               C3-2
 CB: 018838176 IR: 1475483 SID:          FBI:        RD: HW154717

HARGE INFORMATION                        HW= YEAR 2013

BR A TYPE CLASS CHAPTER/SECTION                 DESCRIPTION
 01    M         720-5/12-1-A                   ASSAULT - SIMPLE

ISPOSITION INFORMATION

 22414-                                                      I10000001
 OND SET BY RULE OF COURT          032514          7135
 RANCH 35        RM 2                  0230 PM

 ND OF FILE




ENTER=CONT PF3=RETN PF7=BKW PF8=FRW PF9-APPL PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT PAGES PAGE: 001 THRU 001 DESTINATION ____
```

Page 2 of 12

CASH DEPOSIT BAIL BOND: CRIMINAL OR QUASI-CRIMINAL (10% OF BAIL, $25.00 MINIMUM DEPOSIT)

| ORIGIN OF BOND | | ☒ Bail set by Rule of the Illinois Supreme Court OR | | |
|---|---|---|---|---|
| ISING AGENCY NO. | CPD | By _____ (PRINT NAME OF JUDGE) | (JUDGE'S NO.) | (OFFICE USE) |

**BAIL AMOUNT**
X X X X , 2 0 0 . 0 0 / X X   One Thousand Two Hundred — 00/100 °00/100

**DEPOSIT AMOUNT**
$ X X X , 1 2 0 . 0 0 / X X   One Hundred Twenty 00/100 °00/100

STATEMENT OF DEFENDANT: I understand and accept the terms and conditions set forth below and on the reverse side of this bail bond. I understand in all cases, 10 % of any amount posted as bail is retained by the Clerk of Court, by law. Further, I hereby certify that I understand the consequences of failure to appear for trial as required.

FENDANT (Person Preparing Bond - Always complete this section)

ll Name (ENT) (Last) DEWAR (First) DAJU (MI)

ASSIGNMENT OF BAIL BOND BY THE DEFENDANT: I hereby authorize the return of the money posted above to the person shown on this bond as having provided money for my bail after all conditions of this bail bond have been met, or as ordered by the court.

dress (NT) 1347 S. MILIARD Apt. No.

y and te (PRINT) CHICAGO IL Zip Code 60653

Defendant's Signature _____

| COURT COMPLAINT OR INDICTMENT NUMBER(S) | | CHARGE | DISPOSITION |
|---|---|---|---|
| | 141923709 | 720ILCS 5/12-7-a | |

DISPOSITION entered by (Signature of Deputy Clerk) _____  Br. or Sub. CT _____  Court Date ___/___/___ Month Day Year

COURT APPEARANCE: Defendant named above shall appear in the Circuit Court of Cook County, Illinois located at _____ Illinois.
Address (Number and Street) _____ City/Town/Village _____
iranch No. _____ in Room No. _____ on _____ at _____ ☐ a.m. ☐ p.m.

CONDITIONS OF BOND: The defendant is hereby released on the conditions as indicated below:

Appear to answer the charge in court until discharge or final order of court.
Obey all court orders and process; not leave this State without permission of court and report changes of address to the Clerk within 24 hours.
Not commit any criminal offenses while awaiting final order in this case.
If on appeal, prosecute the appeal, and surrender to custody if the judgment is affirmed or a new trial is ordered.
Surrender (725 ILCS 5/110-10(6)(5)) OR not possess any firearms or dangerous weapons until final order in this case.
Not contact or communicate with any complaining witnesses or members of their immediate families or:

Not go to the area or premises of victims/complaining witnesses home, work, school or:

Not to indulge in intoxicating liquors, illegal drugs or certain drugs, to-wit:

Undergo alcoholism or drug addiction treatment as ordered by the court.

☐ Undergo medical or psychiatric treatment as ordered by the court.
☐ If you are charged with a criminal offense and the victim is a family or household member, you are ordered to refrain from all contact or communication with:

for a minimum of 72 hours following release, and further ordered to refrain from entering and/or remaining at the location of:

for a minimum of 72 hours following release.

☐ Reside with parents or in a foster home, attend school or nonresidential program for youths, contribute to his/her support at home or in a foster home, observe curfew set by court:

☐ Report to and remain under the pretrial supervision of such agency or third-party custodian as ordered by the court:

☐ Other conditions: _____

CONDITIONS - Continued on reverse side.

**NOTICE TO PERSON PROVIDING BAIL MONEY OTHER THAN THE DEFENDANT**

. I understand that the money I have posted is for the bail for the defendant amed on this bond in the above numbered case or cases.

. I understand that even if the defendant follows all court orders, that this money may be ordered by the Judge to pay for the defendant's attorney ees, court costs, fines, fees and/or restitution to the victim; and that I may lose ll or part of my money.

. I understand that if the defendant fails to comply with the conditions effected on this bond, I may lose all of my money should the court enter a orfeiture of bail order.

. I understand in all cases, 10 % of any amount posted as bail is retained by he Clerk of the Circuit court, by law.

Provider's Name (print): SHIRLEY DEWAR
Relationship to Defendant: MOTHER
Address: 1347 S. MILIARD
City: CHICAGO State: IL Zip: 60653
Area Code/Telephone No.: 773-445-5340
Provider's Signature: _____

| ☐ a.m. ☐ p.m. Hour 11:10 | This bail bond form was prepared by: _____ (Signature of Peace Officer) | Star No. 2133 | Police Dept. CPD-022 (CPD District No. or Suburban City, Town, or Village) |
|---|---|---|---|
| late 3 / 17 / 14 Month Day Year | Or Clerk of the Circuit Court of Cook County, by _____ (Signature of Deputy Clerk) | Loc. _____ | (Branch or Suburban Court) |

THREE

D 0232971

COURT FILE COPY

ATTACH THIS COPY TO THE COMPLAINT AND ARREST REPORT OR TO THE WARRANT AND FORWARD ALL PAPERS TO THE BRANCH OR HEADQUARTERS WHERE PERTINENT CASE IS ASSIGNED. COURT CLERK WILL ATTACH THIS COPY TO COURT FILE.

CCG N696 A-5M-2/14/03 (33480657)

Page 36 of 10

THE HONORABLE DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COOK COUNTY, IL

DATE: 2/27/2014   TIME: 11:49AM
TN: 0001-0001   RN: 00910576
DIST: 01 DIV: Criminal
CP##-112 CASHIER: GARRYS   CR#: 847

ATTORNEY NO: 99500

REF CASE NO: 14119470901
REF OTHER:

CASE TOTAL: $5.00
Copy Fee                    $5.00
CASH                        $5.00
CHANGE                      $0.00

RECEIPT 0001 OF 0001
TRANSACTION TOTAL:          $5.00

        THANK YOU

Page 4 of 12

(This form replaces CCCR 0657 and CCMD 0224)
*USE ONLY FOR CLASS "C" MISDEMEANORS/ORDINANCE VIOLATIONS          (Rev. 1/17/01) CCCR 0224

## INFORMATION AND DESCRIPTION OF DEFENDANT

Name _____ DAVID DEWAR _____      Alias _____

Residence _____ 11347 SOUTH MILLARD _____ CHICAGO _____ IL _____ 60655

| | | | | | | | | City/Town | | State | Zip |

| Sex | Race | Weight | Height | D.O.B. | Age | Complexion | Build | ☐ Yes ☒ No |
|------|-------|--------|--------|---------|-----|------------|-------|------------|
| M | WHITE | 6'03" | 230 | 20 OCT 64 | 49 | HEAVY | FAIR | Arrestee had been using Alcohol/Drugs |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CPD022 __ DEPARTMENT/ 1ST DISTRICT

WILLIAM HOSTY
                                    **Plaintiff**
              v.                                      No. ___ 1.119.1709 ___

DAVID DEWAR
                                    **Defendant**

WILLIAM HOSTY _____ complainant, now appears before
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that _____ DAVID DEWAR _____
                                                        (defendant)

has, on or about _____ 17 FEB 14 _____     _____
                        (date)                      (place of offense)

committed the offense of _____ ASSAULT SIMPLE _____ in that he/she
                                      (offense)

WITHOUT LAWFUL AUTHORITY, KNOWINGLY THREATENED WILLIAM HOSTY BY TELLING HIM THAT HE IS

GOING TO GIVE HIM AN ASS KICKING PLACING WILLIAM HOSTY IN REASONABLE APPREHENSION OF

RECEIVING A BATTERY.

In violation of _____ 720 _____ ILCS _____ 5.0 / 12-1A , OR _____
                                                              (Ordinance Citation)

STATE OF ILLINOIS }
COOK COUNTY      } ss.

                                            X William E Hosty
                                              (Complainant's Signature)

                                            _____  _____
FILED                                        (Complainant's Address)        (City/State/Zip)

A O I C  C O D E       FEB 24 2014          _____
                                              (Complainant's Telephone)
DOROTHY BROWN                                WILLIAM HOSTY
HIS CIRCUIT COURT                            (Complainant's Name Printed or Typed)

being first duly sworn, _____ on oath, deposes and says that he/she read the foregoing
complaint by him/her subscribed and that the same is true.

                                            X William E Hosty
                                              (Complainant's Signature)

Subscribed and sworn to before me on this 17 day of _____ FEB _____, 2014

                                        D. Brown
                                              (Judge or Clerk)

I have examined the above complaint and the person presenting same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

Summons Issued, Judge _____      Judge's No. _____
    or
Warrant Issued, Bail set at: _____
    or
Ball set at _____ Judge _____      Judge's No. _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit 2 / Page 5 of 12

# CHICAGO POLICE DEPARTMENT
# ARREST REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 6/30)

**FINAL APPROVAL**

HW = (Year 2013)

CB #: 18838176
IR #: 1475483
YD #:
RD #: HW154717
EVENT #: 1304403568

---

**ARREST REPORTING**

**OFFENDER**

Name: **DEWAR, David**
Res: 11347 S Millard Ave
Chicago, IL 60655
Empl: Tax Free Retirement Solutions
Fianacial Advisor
DOB: 20 October 1964
AGE: 49 years
POB: Illinois
ARMED WITH Unarmed

Beat: 2211

Male
White
6' 03"
230 lbs
Brown Eyes
Unknown Hair
Bald Hair Style
Fair Complexion

---

**INCIDENT**

Arrest Date: 17 February 2014 19:00
Location: 11343 S Millard Ave
Chicago, IL 60655
304 - Street
Holding Facility: District 022 Lockup
Resisted Arrest? No

TRR Completed? No
Beat: 2211

Total No Arrested: 1
Co-Arrests
Assoc Cases
DCFS Ward ? No
Dependent Children? No

---

**CHARGES**

Offense As Cited **720 ILCS 5.0/12-1-A**
ASSAULT - SIMPLE
Class C - Type M

Victim
Hosty, William

25 MAR

---

**RECOVERED NARCOTICS**

NO NARCOTICS RECOVERED

FILED
FEB 24 2014

14194709

---

**WARRANT**

NO WARRANT IDENTIFIED

---

Exhibit 1 | Page 6 of 12

Print Generated By: ELLMAN, Christine ( PC0S917 )

Page 1 of 5

17 FEB 2014 11:20

powered by CLEAR Technology

**Chicago Police Department - ARREST Report**

CB #: 18838176
DEWAR, David

## ARREST REPORTING

### VICTIM AND COMPLAINANT

| NON-OFFENDER(S) | | | |
|---|---|---|---|
| Name: HOSTY, William | | Male | Injured? No    Deceased? No |
| Res | Beat: 2211 | White | |
| | | DOB: | Hospitalized? No |
| | | Age: 61 | |
| | | | Treated and Released  No |
| | | Comments: | |

### ARRESTEE VEHICLE

NO ARRESTEE VEHICLE INFORMATION ENTERED

### PROPERTIES

**Confiscated Properties :**
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR     DEWAR, David,     NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

### INCIDENT NARRATIVE

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

EVENT # 11677 - IN SUMMARY - THIS IS AN ARREST BY BEAT 2211 . THE ABOVE SUBJECT WAS PLACED INTO CUSTODY ON SIGNED COMPLAINTS IN THAT , DURING A VERBAL ALTERCATION WITH THE VICTIM ( WILLIAM HOSTY ) , DAVID DEWAR  STATED THAT HE WAS GOING TO" GIVE HIM AN ASS KICKING" which placed victim in fear recieving a battery . R/OS PLACED SUBJECT INTO CUSTODY . READ MIRANDA . TRANSPORTED TO 022 DISTRICT FOR PROCESSING . NAME CHECK CLEAR WITH NO WARRANTS OR TWO DEGREES OF SEPERATION . COURT KE IS C . NO INVENTORIES . NO GANG AFFILIATION . NO GIP OR TRAPP . CLEAR LEADS .

### COURT INFO

Desired Court Date:     25 March 2014
Branch: 35-5    727 E 111TH ST - Room
Court Sgt Handle? Yes
Initial Court Date:  25 March 2014
Branch: 35-5    727 E 111TH ST - Room
Docket #:

### BOND INFO

Bond Date: 17 February 2014 23:10
Type:        10% Of Bond Paid
Receipt #:   D8333971
Amount:      $1,200.00

## Chicago Police Department - ARREST Report

CB #: 18838176
DEWAR, David

### ARREST REPORTING

**ATTESTING OFFICER:**

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| Attesting Officer | #4080 | DEVINE, M K (PC0M180) | 17 FEB 2014 19:54 |

**ARRESTING OFFICER(S):**

| | | | Beat |
|---|---|---|---|
| 1st Arresting Officer: | #4121 | FELMON, T J (PC0F159) | 2211 |
| 2nd Arresting Officer: | #4080 | DEVINE, M K (PC0M180) | 2211 |

**APPROVING SUPERVISOR:**

| Approval of Probable Cause : | #1171 | LONG, C J (PC0I126) | 17 FEB 2014 20:15 |

**Chicago Police Department - ARREST Report**

CB #: 18838176
DEWAR, David

ARREST PROCESSING REPORT

| | |
|---|---|
| Holding Facility: District 022 Lockup | Time Last Fed: |
| Received in Lockup: 17 February 2014 20:28 | Time Called: 17 February 2014 20:39    Phone#: 7734455340 |
| Prints Taken:    17 February 2014 20:30 | Cell #: 07 |
| Palmprints Taken:  Yes | |
| Photograph Taken: 17 February 2014 20:36 | Transport Details : 1PO    2211    17-FEB-2014 19:05 |
| Released from Lockup: | |

**LOCKUP KEEPER PROCESSING**

| VISUAL CHECK OF ARRESTEE | | ARRESTEE QUESTIONNARIE | |
|---|---|---|---|
| Is there obvious pain or injury? | No | Presently taking medication? | No |
| Is there obvious signs of infection? | No | (if female)are you pregnant? | No |
| Under the influence of alcohol/drugs? | No | First time ever been arrested? | No |
| Signs of alcohol/drug withdrawal? | No | Attempted suicide/serious harm? | No |
| Appears to be despondent? | No | Serious medical or mental problems? | No |
| Appears to be irrational? | No | Are you receiving treatment? | No |
| Carrying medication? | No | Transgender/intersex/gender non-conforming? | No |

RETURN TO HOLDING FACILITY COMMENTS:

QUESTIONNAIRE REMARKS:

LOCKUP KEEPER COMMENTS:

EMERGENCY CONTACT

Name : REFUSED

Res:                                Beat:

**INTERVIEW LOG**

NO INTERVIEWS LOGGED

**VISITOR LOG**

NO VISITORS LOGGED

**Chicago Police Department - ARREST Report**

CB #: 18838176
DEWAR, David

## ARREST PROCESSING REPORT

**MOVEMENT LOG**

MOVEMENT LOG INFORMATION NOT AVAILABLE

**WC COMMENTS**

Watch Commander Comments:

REL w/o CHARGING

DOES NOT APPLY TO THIS ARREST

**PROCESSING PERSONNEL**

ARRESTEE PROCESSING PERSONNEL:

| | | Beat |
|---|---|---|
| Searched By: | HOUSTON, D M (PC0AF41) | |
| Lockup Keeper: | HOUSTON, D M (PC0AF41) | |
| Fingerprinted By: | HOUSTON, D M (COC246879) | |

APPROVAL PERSONNEL:

Beat

Final Approval of Charges :   #2133   ELLMAN, C E(PC0S917)   17 FEB 2014 23:17

(C4) CLAIM #14 - 11 PAGES

Hw = YR 2013

## CHICAGO POLICE DEPARTMENT
# ORIGINAL CASE INCIDENT REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(8/03)-C)

RD #: **HW154717**

EVENT #: **1304403568**

Case ID: 9007195 CASR229

### CLOSED NON-CRIMINAL

**IUCR:** 5071 - Non-Criminal - Found Property

**INCIDENT**

| | |
|---|---|
| Occurrence Location: | 2217 N Keeler Ave |
| | Chicago IL |
| | 291 - Residential Yard (Front/Back) |
| Occurrence Date: | 13 February 2013 08:20 |

Beat: **2525**  Unit Assigned: **2525**

RO Arrival Date: 13 February 2013 08:40

### PERSON DISCOVERING - Individual

**NON OFFENDER**

**Name: MORALES, Marvin**

Res: 2217 N Keeler Ave
Chicago IL

Beat: **2525**

Beat: **5100**

**Demographics**

Male
White Hispanic
5'09,
140 lbs
Brown Eyes
Brown Hair
Short Hair Style
Olive Complexion

DOB:

Age: 24 Years

Birth Place: Illinois

DLN: - IL

### DOMESTIC INFO

### Lost and Found

**OTHER**

**Owner Notified?** Yes
Notification to victim made by Owner Was On Scene
**Miscellaneous**
Victim Information Provided

**Flash Message Sent ?** No

### Firearm #1

**Possessor/User: UNKNOWN**

**FIREARMS**

| | |
|---|---|
| **Type:** | Toy Gun |

**Make:** Carl Walther --Ge-- (Armee-Pistol)  **Model:** Ppk/S Bb

**Serial #:** 6F09446  **Owner Known?** Yes

**Caliber/Gauge:** Caliber  **Owner:** Unknown

**Barrel Length:** 3

**Feature:** Black

**Registration Status:** Other

| | |
|---|---|
| **Location Found:** | Residential Backyard |

Duty Related: No

Taken/Stolen? No

Displayed? No

Used? No

Recovered? No

Inventory #: 12831431

RD #: HW154717



Dewar, 16 C 2287  FCRL 000111

HW= YR 2013

## Chicago Police Department - Incident Report

RD #: HW154717

<table>
<tr><td>NARRATIVE</td><td>IN SUMMARY, MARVIN MORALES (FINDER) CONTACTED THE POLICE WHEN HE EXITED HIS GARAGE AND VIEWED A FIREARM LAYING ON THE GROUND IN HIS YARD. R/O ARRIVED ON SCENE AND OBSERVED THE FIREARM AS BEING A PELLET GUN. R/O RELOCATED TO 025 AND INVENTORIED THE WEAPON UNDER INVENTORY #12831431</td></tr>
</table>

| | | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|---|
| PERSONNEL | Reporting Officer | 3526 | #28800 | PEREZ, Virginia | (PC0S813) | 13 Feb 2013 09:50 | 025 | 2525 |



Dewar, 16 C 2287

FCRL 000112



DEPARTMENT OF LAW

CITY OF CHICAGO

April 19, 2018

**Via pre-paid United States Postal Service and Electronic Service**
Mr. David A. Dewar
11347 S. Millard Ave.
Chicago, IL 60655

        Re: *Dewar v. Felmon, et al.,* 16 CV 2287

Dear Mr. Dewar:

        Please find Defendants' supplemental discovery bate stamped FCRL 000111-112.

        Please note that all documents are double-sided to conserve paper.

                                        Sincerely,

                                        KELLY C. BAUER
                                        ASSISTANT CORPORATION COUNSEL
                                        City of Chicago Department of Law
                                        Federal Civil Rights Litigation Division
                                        30 N. LaSalle St., Suite 900
                                        Chicago, IL 60602
                                        (312) 742-9586
                                        Kelly.bauer@cityofchicago.org

# Dewar, 16 cv 2287

## Kelly Bauer <Kelly.Bauer@cityofchicago.org>

Thu 4/19/2018 4:38 PM

To:david <ddewar05@hotmail.com>;

Cc:Kristin Pinkston <Kristin.Pinkston@cityofchicago.org>;

📎 2 attachments (628 KB)

4.19.18 Letter to Pl w discovery.pdf; (FCRL000111-000112) Case Incident Report-Original HW154717 (2018, 02-09).pdf.pdf;

Mr. Dewar,

In response to the Court's April 16th order, please find supplemental discovery and corresponding cover letter attached, which was has also been mailed via U.S.P.S.

Sincerely,

Kelly C. Bauer
Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 742-9586
(312) 744-6566 (FAX)
Kelly.bauer@cityofchicago.org

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.



## CHICAGO POLICE DEPARTMENT
## ORIGINAL CASE INCIDENT REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(6/03)-C)

**RD #:** HX154717

**EVENT #:** 1404811677
Case ID: 9499504  CASR229

### CLEARED CLOSED (ARREST AND PROSECUTION)

**IUCR:** 0560 - Assault - Simple

**INCIDENT**

Occurrence 11343 S Millard Ave
Location: Chicago IL 60655
290 - Residence

**Beat:** 2211   **Unit Assigned:** 2211
RO Arrival Date: 17 February 2014 19:00

**# Offenders:** 1

Occurrence Date: 17 February 2014 18:50

### VICTIM - Individual

Name: HOSTY, William

**Demographics**
Male
White

**Age:** 62 Years

Res: 11419 S Millard Ave
Chicago IL

**Beat:** 2211

**Beat:** 5100

Retired

Sobriety: Sober

**NON OFFENDER**

### Other Communications and Availability

Cellular
Phone:

### Suspect # 1

**In Custody**

Name: DEWAR, David A

**Demographics**
Male
White
6'03,
230 lbs
Brown Eyes
Brown Hair
Bald Hair Style
Medium Complexion

Res: 11347 S Millard Ave
Chicago IL 60655

**Beat:** 2211

Empl: Tax Free Retirement Solutions
Financial Advisor

**DOB:** 20 October 1964
**Age:** 49 years
**Birth Place:** IL
**DLN:** D60016164299 - IL

**SUSPECTS**

### Other Communications and Availability

### RELATIONSHIP

(Victim)
HOSTY, William

is a   Neighbors of

(Offender)
DEWAR, David,A

**RELATIONSHIP**

**DOMESTIC INFO**

RD #: HX154717

Print Generated By: RUTLEDGE.REGIN (PC0T286)
A

Page 1 of 2

19-MAY-2016 14:28

CLEAR Technology

Dewar 16 C 02287

FCRL 000013



RD #: HX154717

**Chicago Police Department - Incident Report**

**OTHER**

Miscellaneous

Victim Information Provided

Flash Message Sent ? No

**NARRATIVE**

VENT # 11677/ IN SUMMARY: R/O'S RESPONDED TO A NEIGHBOR DISTURBANCE AT ABOVE LOCATION. UPON ARRIVAL, R/O'S MET WITH WILLIAM HOSTY (VICTIM) WHO RELATED HE WAS INVOLVED IN A VERBAL ALTERCATION WITH DAVID DEWAR(OFFENDER) OVER SNOW BEING BLOWN ONTO OFFENDER'S PROPERTY WINDOWS BY A SNOW BLOWER USED BY VICTIM. OFFENDER STATED "I'M GONNA GIVE YOU AN ASS KICKING",THUS CAUSING VICTIM TO BE IN REASONABLE FEAR OF RECEIVING A BATTERY. OFFENDER PLACED UNDER ARREST ON SIGNED COMPLAINTS, READ MIRANDA AND TRANSPORTED INTO THE 022ND.DIST. FOR FURTHER PROCESSING. CHARGES: ASSAULT : 720ILCS 5.0 /12-1-A
COURT: BRANCH 35-5 / 25 MAR 14.
- STAR#: 4121 NAME: TIMOTHY FELMON BEAT: 2211
- STAR#: 4080 NAME: MICHAEL DEVINE BEAT: 2211

**PERSONNEL**

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Approving Supervisor | 2413 | #9306 | BLUM, Laura, L | (PC0N912) 17 Feb 2014 19:59 | | 022 | |
| Reporting Officer | 4121 | #15457 | FELMON, Timothy, J | (PC0F159) 17 Feb 2014 19:56 | | 022 | 2211 |

CLEAR Technology

Dewar 16 C 02287

FCRL 000014

## ALPHA PREFIX FOR RD RECORDS

| | | | |
|---|---|---|---|
| 1962 - A | 1979 - A | 1996 - A | 2013 - HW |
| 1963 – B | 1980 – B | 1997 – B | 2014 – HX |
| 1964 – C | 1981 – C | 1998 – C | 2015 – HY |
| 1965 – D | 1982 – D | 1999 – D | 2016 – HZ |
| 1966 – E | 1983 – E | 2000 – F | 2017 – JA |
| 1967 – F | 1984 – F | 2001 – G | |
| 1968 – G | 1985 – G | 2002 – HH | |
| 1969 – H | 1986 – H | 2003 – HJ | |
| 1970 – J | 1987 – J | 2004 – HK | |
| 1971 – K | 1988 – K | 2005 – HL | |
| 1972 – M | 1989 – M | 2006 – HM | |
| 1973 – N | 1990 – N | 2007 – HN | |
| 1974 – P | 1991 – P | 2008 – HP | |
| 1975 – T | 1992 – T | 2009 – HR | |
| 1976 – X | 1993 – X | 2010 – HS | |
| 1977 – Y | 1994 – Y | 2011 – HT | |
| 1978 – Z | 1995 – Z | 2012 - HV | |

**CHICAGO POLICE DEPARTMENT**
# ARREST REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 6/30)

**FINAL APPROVAL**

HW = (Year 2013)

CB #: 18838176
IR #: 1475483
YD #:
RD #: HW154717
EVENT #: 1304403568

## ARREST REPORTING

**OFFENDER**

Name: **DEWAR, David**

Res: 11347 S Millard Ave
Chicago, IL 60655        **Beat: 2211**

Empl: Tax Free Retirement Solutions
Fianacial Advisor

DOB: 20 October 1964

AGE: 49 years

POB: Illinois

ARMED WITH Unarmed

Male
White
6' 03"
230 lbs
Brown Eyes
Unknown Hair
Bald Hair Style
Fair Complexion

**INCIDENT**

Arrest Date: 17 February 2014 19:00      **TRR Completed? No**
Location: 11343 S Millard Ave            **Beat: 2211**
    Chicago, IL 60655
    304 - Street
Holding Facility: District 022 Lockup
Resisted Arrest?   No

**Total No Arrested: 1**      **Co-Arrests**      **Assoc Cases**

                                    **DCFS Ward ?  No**

Dependent Children? No

**CHARGES**

1      Offense As Cited  **720 ILCS 5.0/12-1-A**
                          **ASSAULT - SIMPLE**
                          Class C - Type  M

**Victim**

Hosty, William

2 5 MAR

**RECOVERED NARCOTICS**

**NO NARCOTICS RECOVERED**

FILED

FEB 24 2014

CIRCUIT COURT

1419470 9

**WARRANT**

**NO WARRANT IDENTIFIED**

Exhibit 1 | Page 6 of 12

## FLOW CHART OF CHICAGO POLICE DEPARTMENT OFFENDER ARREST TO RELEASE PROCEDURAL STEPS



Disturbance or, Call police direct

↓

Call 911

↓

(It takes several minutes to dispatch car)

↓

Police Arrive ←

↓

Police talk to both parties involved ——→ No Arrest

↓                                 ↓

Arrest                                 Verbal warning

↓

Victim signs complaint

↓

Police get RD number on scene and give victim a VIN (Victim Information Notice).

↓

Offender searched and handcuffed.

↓

Offender placed into police car and transported to station.

↓

Offender brought into lockup.

↓

C4-10     2.



Officers take personal property of value from offender (Bag #1) and non-value (Bag #2).

Police finish case incident report and complaint and fill out arrest report.

Inventories are done, if any, through (E-Track).

[Offender given his copy of inventory receipt while still in lock up. This and all property of value like personal cell phone, etc. This is a computerized printout of a E-Track inventory receipt.]

Desk sergeant approves case report and arrest report.

Watch commander approves arrest report.

Offender removed from lock up for picture taken, fingerprinted and receives personal property receipt (non-value items).

Offender in lock up waiting for fingerprints to clear.

Desk sergeant gives I-Bond, D-Bond or cash bond required or they go to court.

Offender signs bond and then signs (E-Track inventory items of value on a tablet/pad for E-Track) and given property from lock up in unsealed, Evidence-Property Envelope (Bag #1) and offender signs for personal property receipt (Items of non-value) and given items from lock up in a clear sealed bag (Bag #2).

Offender free to go and leave police station.

C4-11    3.

NOTE: Personal property items of value that are put in the unsealed Evidence-Property Envelope (Bag #1) are then put in a holding cabinet or safe until the offender is released and given to them once they sign for it through the E-Track Inventory system.

NOTE: Regardless if the offender has their arrest expunged from their records, the E-Track Inventory system will still maintain those records.

CS-1

14119470901

CLAIM #5-12 pages

$3.25

**STATE OF ILLINOIS**
**- VS -**
**DEWAR, DAVID**

14119470901
CB/DCN: 018838176   IR: 1475483   BRANCH 35
COURT DATE: 03/25/2014 ROOM: 7135 TIME: 2:30
BOND NO: _____ $:

C001  720-5/12-1-A

14
1
1
9
4
7
0
9
0
1

Exhibit 1

(12 pages)

| DATE | JUDGE | ORDERS ENTERED | CASE FILE REVIEWED | |
|------|-------|----------------|------|------|
| | | | DATE | INITIALS |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**First Municipal District - Criminal**
Clerk of the Circuit Court

M1-CM-M1-120000-2014-(ITEM 1.4.4)

E: 14119470901 S  (START OF CASE                              PAGE: 001 OF 001

FENDANT NAME: DAVID        DEWAR               LST APPEAL:

ERAL INFORMATION                                                    C5-2

B: 018838176 IR: 1475483 SID:          FBI:            RD: HW154717

HW= YEAR 2013

RGE INFORMATION
                                               DESCRIPTION
A TYPE CLASS CHAPTER/SECTION                   ASSAULT - SIMPLE
    M          720-5/12-1-A


SPOSITION INFORMATION

                                                                   I10000001

2414-
ND SET BY RULE OF COURT          032514          7135
ANCH 35        RM 2                 0230 PM

D OF FILE


ITER=CONT PF3=RETN PF7=BKW PF8=FRW PF9-APPL PF10=RESET PF12=PRINT CLEAR=EXIT
PRINT PAGES PAGE: 001 THRU 001 DESTINATION ____

**CHICAGO POLICE DEPARTMENT**
# ARREST REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.420C(REV. 6/30)

**FINAL APPROVAL**

HW = (Year 2013)

| CB #: | 18838176 |
|---|---|
| IR #: | 1475483 |
| YD #: | |
| RD #: | HW154717 |
| EVENT #: | 1304403568 |

## ARREST REPORTING

**OFFENDER**

Name: **DEWAR, David**

Res: 11347 S Millard Ave
    Chicago, IL 60655    Beat: 2211

Empl: Tax Free Retirement Solutions
    Fianacial Advisor

DOB: 20 October 1964

AGE: 49 years

POB: Illinois

ARMED WITH Unarmed

Male
White
6' 03"
230 lbs
Brown Eyes
Unknown Hair
Bald Hair Style
Fair Complexion

**INCIDENT**

Arrest Date: 17 February 2014 19:00
Location: 11343 S Millard Ave
    Chicago, IL 60655
    304 - Street
Holding Facility: District 022 Lockup
Resisted Arrest? No

TRR Completed? No
Beat: 2211

Total No Arrested: 1    Co-Arrests    Assoc Cases

Dependent Children? No    DCFS Ward ? No

**CHARGES**

1    Offense As Cited    **720 ILCS 5.0/12-1-A**
                    **ASSAULT - SIMPLE**
                    Class C - Type M

Victim
Hosty, William

25 MAR

**RECOVERED NARCOTICS**

NO NARCOTICS RECOVERED

FILED
FEB 24 2014

1415-3709

**WARRANT**

NO WARRANT IDENTIFIED

Exhibit 1 | Page 6 of 12

Hw= YR 2013

(5-4)

## CHICAGO POLICE DEPARTMENT
## ORIGINAL CASE INCIDENT REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(6/03)-C)

RD #: **HW154717**

EVENT #: 1304403568

Case ID:  9007195  CASR229

---

**INCIDENT**

**CLOSED NON-CRIMINAL**

IUCR: 5071 - Non-Criminal - Found Property

Occurrence Location: 2217 N Keeler Ave
Chicago IL
291 - Residential Yard (Front/Back)

Beat: 2525

Unit Assigned: 2525
RO Arrival Date: 13 February 2013 08:40

Occurrence Date: 13 February 2013 08:20

---

**NON OFFENDER**

**PERSON DISCOVERING - Individual**

Name: MORALES, Marvin

Res: 2217 N Keeler Ave
Chicago IL

Beat: 2525

Beat: 5100

**Demographics**

Male
White Hispanic
5'09,
140 lbs
Brown Eyes
Brown Hair
Short Hair Style
Olive Complexion

DOB:
Age: 24 Years
Birth Place: Illinois
DLN: - IL

---

**DOMESTIC INFO**

---

**OTHER**

**Lost and Found**

Owner Notified? Yes
Notification to victim made by Owner Was On Scene

**Miscellaneous**

Victim Information Provided

Flash Message Sent ? No

---

**FIREARMS**

**Firearm #1**

Possessor/User: UNKNOWN

Type: Toy Gun

Make: Carl Walther --Ge-- (Armee-Pistol)   Model: Ppk/S Bb

Serial #: 6F09446

Owner Known? Yes

Caliber/Gauge: Caliber   Owner: Unknown

Barrel Length: 3

Feature: Black

Registration Status: Other

Location Found: Residential Backyard

Duty Related: No

Taken/Stolen? No

Displayed? No
Used? No
Recovered? No

Inventory #: 12831431

RD #: HW154717

---

Print Generated By: CARVAJAL,FERNANDO (PC0D426)   Page 1 of 2   09-FEB-2018 12:46

 CLEAR technology

**Dewar, 16 C 2287**

**FCRL 000111**

HW: YR 2013

**Chicago Police Department - Incident Report**     RD #:  HW154717

IN SUMMARY, MARVIN MORALES (FINDER) CONTACTED THE POLICE WHEN HE EXITED HIS GARAGE AND VIEWED A
FIREARM LAYING ON THE GROUND IN HIS YARD.  R/O ARRIVED ON SCENE AND OBSERVED THE FIREARM AS BEING A
PELLET GUN.  R/O RELOCATED TO 025 AND INVENTORIED THE WEAPON UNDER INVENTORY #12831431

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Reporting Officer | 3526 | #28800 | PEREZ, Virginia | (PC0S813) | 13 Feb 2013 09:50 | 025 | 2525 |

*NARRATIVE* / *PERSONNEL* (side labels)



**Dewar, 16 C 2287**     **FCRL 000112**



YR#
HX= 2014-154717

# CHICAGO POLICE DEPARTMENT
# ORIGINAL CASE INCIDENT REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(6/03)-C)

RD #: HX154717
EVENT #: 1404811677
Case ID: 9499504  CASR229

---

**CLEARED CLOSED (ARREST AND PROSECUTION)**

### INCIDENT

IUCR: 0560 - Assault - Simple

Occurrence Location: 11343 S Millard Ave
Chicago IL 60655
290 - Residence

Beat: 2211  Unit Assigned: 2211
RO Arrival Date: 17 February 2014 19:00
# Offenders: 1

Occurrence Date: 17 February 2014 18:50

---

### NON OFFENDER

**VICTIM - Individual**

Name: HOSTY, William

Res: 11419 S Millard Ave
Chicago IL

Beat: 2211

Beat: 5100

Retired

Sobriety: Sober

**Demographics**
Male
White

Age: 62 Years

**Other Communications and Availability**

Cellular
Phone:

---

### SUSPECTS

**Suspect # 1**                                                     In Custody

Name: DEWAR, David A

Res: 11347 S Millard Ave
Chicago IL 60655

Empl: Tax Free Retirement Solutions
Financial Advisor

Beat: 2211

**Demographics**
Male
White
6'03,
230 lbs
Brown Eyes
Brown Hair
Bald Hair Style
Medium Complexion

DOB: 20 October 1964
Age: 49 years
Birth Place: IL
DLN: D60016164299 - IL

**Other Communications and Availability**

---

### RELATIONSHIP

**RELATIONSHIP**

(Victim)
HOSTY, William

is a   Neighbors of

(Offender)
DEWAR, David,A

---

### DOMESTIC INFO

RD #: HX154717

---

Print Generated By: RUTLEDGE.REGIN (PC0T288)
A

Page 1 of 2

19-MAY-2016 14:28

CLEAR Net Andings

FCRL 000013



RD #: HX154717

**Chicago Police Department - Incident Report**

**OTHER**

**Miscellaneous**

Victim Information Provided

Flash Message Sent ? No

**NARRATIVE**

VENT # 11677/ IN SUMMARY: R/O'S RESPONDED TO A NEIGHBOR DISTURBANCE AT ABOVE LOCATION. UPON ARRIVAL, R/O'S MET WITH WILLIAM HOSTY (VICTIM) WHO RELATED HE WAS INVOLVED IN A VERBAL ALTERCATION WITH DAVID DEWAR(OFFENDER) OVER SNOW BEING BLOWN ONTO OFFENDER'S PROPERTY WINDOWS BY A SNOW BLOWER USED BY VICTIM. OFFENDER STATED "I'M GONNA GIVE YOU AN ASS KICKING",THUS CAUSING VICTIM TO BE IN REASONABLE FEAR OF RECEIVING A BATTERY. OFFENDER PLACED UNDER ARREST ON SIGNED COMPLAINTS, READ MIRANDA AND TRANSPORTED INTO THE 022ND.DIST. FOR FURTHER PROCESSING. CHARGES: ASSAULT : 720ILCS 5.0 /12-1-A
COURT: BRANCH 35-5 / 25 MAR 14.
- STAR#: 4121 NAME: TIMOTHY FELMON BEAT: 2211
- STAR#: 4080 NAME: MICHAEL DEVINE BEAT: 2211

**PERSONNEL**

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Approving Supervisor | 2413 | #9306 | BLUM, Laura, L | (PC0N912) 17 Feb 2014 19:59 | | 022 | |
| Reporting Officer | 4121 | #15457 | FELMON, Timothy, J | (PC0F159) 17 Feb 2014 19:56 | | 022 | 2211 |

powered by CLEAR Technology

Dewar 16 C 02287

FCRL 000014

## ALPHA PREFIX FOR RD RECORDS

| | | | |
|---|---|---|---|
| 1962 – A | 1979 – A | 1996 – A | 2013 – HW |
| 1963 – B | 1980 – B | 1997 – B | 2014 – HX |
| 1964 – C | 1981 – C | 1998 – C | 2015 – HY |
| 1965 – D | 1982 – D | 1999 – D | 2016 – HZ |
| 1966 – E | 1983 – E | 2000 – F | 2017 – JA |
| 1967 – F | 1984 – F | 2001 – G | |
| 1968 – G | 1985 – G | 2002 – HH | |
| 1969 – H | 1986 – H | 2003 – HJ | |
| 1970 – J | 1987 – J | 2004 – HK | |
| 1971 – K | 1988 – K | 2005 – HL | |
| 1972 – M | 1989 – M | 2006 – HM | |
| 1973 – N | 1990 – N | 2007 – HN | |
| 1974 – P | 1991 – P | 2008 – HP | |
| 1975 – T | 1992 – T | 2009 – HR | |
| 1976 – X | 1993 – X | 2010 – HS | |
| 1977 – Y | 1994 – Y | 2011 – HT | |
| 1978 – Z | 1995 – Z | 2012 – HV | |

(C4) CLAIM #6 - 6 Pages

| CPD CERTIFICATION OF RECORD SEARCH | Date of Request | Requested Date & Time of Visit |
|---|---|---|
| CHICAGO POLICE DEPARTMENT | 15 March 2018 | ASAP |

## REQUEST SECTION

I, Tiffany Barefield, _____, am an employee of City of Chicago ("City"), Department of Law,
    (Attorney: Print Name)
Federal Civil Rights Litigation Division, and I am representing the City in the below-specified case. Pursuant to Chicago Police Department General Order 09-03, entitled "City of Chicago Law Department Access to Department Facilities to Inspect and Copy Records," I am requesting access to review and copy the records listed below.
The request is related to the matter of Case Name/Number David Dewar v City, 16C2287   *RD#
CB# 18838176   ,Other _____ (See attached Department of Law Memorandum).

| NO. | RECORD | UNIT/BUREAU NAME | UNIT NO. | WARE HOUSED |
|---|---|---|---|---|
| 1 | Arrestee Property Log & Personal Property Receipt- 2/17/14, Daniel Dewar | 22nd district | 022 | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

Name of Law Department Personnel who will review and copy the requested record(s): Tiffany Barefield

## CERTIFICATION SECTION

I, SGT ANNE LEWIS state that I am an employee of the Chicago Police Department with the title/rank/position of
SERGEANT and that I am assigned to or work in the Bureau OF PATROL
Unit Name 22ND DISTRICT and Unit No. 022.

I conducted a thorough good-faith search for the records that are responsive to the above request(s) on 15 MAR 18/1900.
The results of the search are as follows:      (Date & Time of Search)

  A. I located the following records and made them available to the City of Chicago
    Department of Law Employee: TIFFANY BAREFIELD for inspection/copying:
  1) PERSONAL PROPERTY RECEIPT 2/17/14 DEWAR
  2) ARRESTEE PROPERTY LOG 2/17/14 - DEWAR
  3) _____
  4) _____

**AND/OR**

  B. Based on the information provided, I was unable to locate the following records:
  1) _____
  2) _____
  3) _____
  4) _____

    ☐ YES ☒ NO    Records were destroyed pursuant to an approved Records Retention
    Schedule and Disposal Certificate (See attached Certificate of Disposal).

I certify to the best of my knowledge that the information contained in the forgoing is true and correct.

Witness: _____   Signature: _____ 1973
(Signature)   (Department of Law Personnel)    (Chicago Police Department Member)

Witness:   Tiffany Barefield   Print:   SGT ANNE LEWIS
(Print)   (Department of Law Personnel)    (Chicago Police Department Member)

Date Executed: 16 MAR 18

CPD-12.132 (5/16)

Dewar, 16 C 2287

FCRL 000108

**FINAL APPROVAL**

HW = 14 cor 2013

CB #: 18838176
IR #: 1475483
YD #:
RD #: HW154717
EVENT #: 1304403568

**CHICAGO POLICE DEPARTMENT**
## ARREST REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
GPD-11, 420C(REV. 6/30)

**ARREST REPORTING**

**OFFENDER**

Name: **DEWAR, David**
Res: 11347 S Millard Ave
Chicago, IL 60655
Empl: Tax Free Retirement Solutions
Fianacial Advisor
DOB: 20 October 1964
AGE: 49 years
POB: Illinois
ARMED WITH Unarmed

Beat: 2211

Male
White
6' 03"
230 lbs
Brown Eyes
Unknown Hair
Bald Hair Style
Fair Complexion

**INCIDENT**

Arrest Date: 17 February 2014 19:00
Location: 11343 S Millard Ave
Chicago, IL 60655
304 - Street
Holding Facility: District 022 Lockup
Resisted Arrest? No

TRR Completed? No
Beat: 2211

Total No Arrested: 1
Dependent Children? No

Co-Arrests      Assoc Cases
DCFS Ward ? No

**CHARGES**

1    Offense As Cited    **720 ILCS 5.0/12-1-A**
                         **ASSAULT - SIMPLE**
                         **Class C - Type M**

Victim
Hosty, William

25 MAR

**RECOVERED NARCOTICS**

**NO NARCOTICS RECOVERED**

FILED 5
FEB 24 2014

**WARRANT**

**NO WARRANT IDENTIFIED**

1415-1709

Exhibit 1 ) Page 6 of 12

Print Generated By: ELLMAN, Christine ( PC0S917 )        Page 1 of 5        17 FEB 2014 11:20

powered by CLEAR Technology



# ARRESTEE PROPERTY LOG
## CHICAGO POLICE DEPARTMENT



Unit: 022   Date: 16 Feb 14

| | C.B. No. | Name of Arrestee (Last, First) | Property Receipt No. | Returned to Arrestee / Transported to Court / Inventoried in E-Track | Date |
|---|---|---|---|---|---|
| 1 | | 3RD WATCH | 16 FEB 14 | | |
| 2 | | 1st Watch | 17 Feb 14 | | |
| 3 | 188377w | McGee, Edward | 2019931 | T | |
| 4 | 188 37531 | Rogers, Dwight | 2019931 | | |
| 5 | | 3RD WATCH | 17. FEB 14 | R | 17FEB14 |
| 6 | 18838149 | MINLEY, Kwan | 2019932 | | |
| 7 | 18838131 | BAILEY, Edmund | 2019933 | | |
| 8 | 18838158 | BRADFORD STANLEY | 2019934 | | |
| 9 | 18838176 | DELARDAVID | 2019935 | 2014- FEB | 18ES |
| 10 | | | | | |
| 11 | 18838189 | TENNSE | 2019936 | | |
| 12 | 18838343 | BURNS | 2019937 | | |
| 13 | 18838342 | DECNAL | 2019938 | | |
| 14 | 3RD WATCH | | 18 FEB 2014 | | |
| 15 | 1st Watch | | 19 Feb 2014 | | |
| 16 | 18538846 | WILLIAM | 2019939 | T | |
| 17 | 18838887 | PEOPLE | 2019940 | | |
| 18 | 18838917 | WILLIAMS | 2019941 | T | |
| 19 | 18838905 | Chavous | 2019942 | T | |
| 20 | 18538988 | | 2019943 | | |
| 21 | 18839610 | Davis, Robert | 2019944 | | |
| 22 | 18838924 | | 2019946 | R | |
| 23 | 18839048 | Phillip, Sim | 2019947 | | |
| 24 | | | | | |
| 25 | | | | | |

CPD 21.972 (9/07)



Dewar, 16 C 2287

FCRL 000109

**PERSONAL PROPERTY RECEIPT**
CHICAGO POLICE DEPARTMENT

RECEIPT NO. P 2019935

DATE RECEIVED

DISTRICT/UNIT NO.

THE FOLLOWING LISTED PROPERTY
WAS TAKEN FROM THE PERSON OF:

NAME OF OWNER

OWNER'S ADDRESS    CITY    C.B. NO.

TAKEN INTO CUSTODY BY—OFFICER(S) NAME(S) STAR NO.

| QTY | ITEM | QTY | ITEM |
|-----|------|-----|------|
| CASH S | | 1 | |
| | | | |
| | | | |
| | | | |
| | | | |

LOCKUP KEEPER (SIGNATURE)    STAR NO.

DESK OFFICER (SIGNATURE)    STAR NO.

CPD-11.502 (Rev. 8/79)    **DETENTION FACILITY COPY**
(SEE OTHER SIDE)
· DO NOT DETACH THIS PERMANENT COPY FROM THE BOOK.

DATE PROPERTY RECEIVED    C.B. NO.

BY

DESK OFFICER (SIGNATURE)    STAR NO.

FROM

PROPERTY OWNER (SIGNATURE)

SHOW THIS RECEIPT NO. ON PROPERTY INVENTORY. ➡

PROPERTY INVENTORY
NO.    RECEIPT NO. P 2019935

CPD-11.502 (Rev. 8/79)
(SEE OTHER SIDE)    **OWNER'S RECEIPT COPY**
TO REMOVE CARBON & DISCARD.    2. LEAVE DUPLICATE IN BOOK

---

**PERSONAL PROPERTY RECEIPT**
CHICAGO POLICE DEPARTMENT

RECEIPT NO. P 2019935

DATE RECEIVED  17 FEB. 14    DISTRICT/UNIT NO. 022

THE FOLLOWING LISTED PROPERTY
WAS TAKEN FROM THE PERSON OF:

NAME OF OWNER  DEWAR, DAVID

OWNER'S ADDRESS  11347 S. MILLARD    CITY    C.B. NO. 18838176

TAKEN INTO CUSTODY BY—OFFICER(S) NAME(S)  FELMON    9121

| QTY | ITEM | QTY | ITEM |
|-----|------|-----|------|
| CASH S | | 1 | STRING |
| 1 | BELT | | |
| 1 | PAIR OF LACES | | |
| X | | | |

LOCKUP KEEPER (SIGNATURE)    STAR NO.

DESK OFFICER (SIGNATURE)    STAR NO.

CPD-11.502 (Rev. 8/79)    **OWNER'S RECEIPT COPY**
(SEE OTHER SIDE)

DATE PROPERTY RECEIVED  17 FEB 14    C.B. NO. 18838176

BY    STAR NO.

PROPERTY OWNER (SIGNATURE)

FROM

ATTACH THIS LOWER PORTION TO THE PROPERTY ENVELOPE.

**OFFICER'S RECEIPT**    P 2019935

---

**Dewar, 16 C 2287**

FCRL 000110



Case: 1:16-cv-02287 Document #: 85 Filed: 03/23/18 Page 24 of 27 PageID #:617



## Chicago Police Department - ARREST Report

CB #: 18838176

DEWAR, David

### ARREST REPORTING

**VICTIM AND COMPLAINANT**

**NON-OFFENDER(S)**

Name: HOSTY, William

Res

Beat: 2211

Male
White
DOB:
Age: 61

Comments:

Injured? No    Deceased? No

Hospitalized? No

Treated and Released  No

(c7) CLAJm #7-7 pages

**ARRESTEE VEHICLE**

NO ARRESTEE VEHICLE INFORMATION ENTERED

**PROPERTIES**

**Confiscated Properties :**

All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR    DEWAR, David,    NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

NO INVENTORY # & NO E-TRACK INVENTORY #

**INCIDENT NARRATIVE**

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

EVENT # 11677 - IN SUMMARY - THIS IS AN ARREST BY BEAT 2211 . THE ABOVE SUBJECT WAS PLACED INTO CUSTODY ON SIGNED COMPLAINTS IN THAT , DURING A VERBAL ALTERCATION WITH THE VICTIM ( WILLIAM HOSTY ) , DAVID DEWAR  STATED THAT HE WAS GOING TO" GIVE HIM AN ASS KICKING" which placed victim in fear recieving a battery . R/OS PLACED SUBJECT INTO CUSTODY . READ MIRANDA . TRANSPORTED TO 022 DISTRICT FOR PROCESSING . NAME CHECK CLEAR WITH NO WARRANTS OR TWO DEGREES OF SEPERATION . COURT KEY IS C . NO INVENTORIES . NO GANG AFFILIATION . NO GIP OR TRAPP . CLEAR LEADS .

**COURT INFO**

Desired Court Date:    25 March 2014
Branch: 35-5    727 E 111TH ST - Room
Court Sgt Handle? Yes
Initial Court Date:  25 March 2014
Branch: 35-5    727 E 111TH ST - Room
Docket #:

**BOND INFO**

Bond Date: 17 February 2014 23:10
Type:        10% Of Bond Paid
Receipt #:   D8333971
Amount:     $1,200.00





DEWAR

DANIEL

CR#188 38476

CECC #7

EVIDENCE - PROPERTY ENVELOPE

CHICAGO POLICE DEPARTMENT



Daves Cell
Phone
not logged
in
Evidene Property
Envelope



Rule 38:    Unlawful or unnecessary use or display of a weapon.

Rule 39:    Failure to immediately make an oral report to the desk sergeant at the District of occurrence and to follow such oral report with a written report on the prescribed form, whenever a firearm is discharged by a member.

Rule 40:    Failure to inventory and process recovered property in conformance with Department orders.

Rule 41:    Disseminating, releasing, altering, defacing or removing any Department record or information concerning police matters except as provided by Department orders.

Rule 42:    Participating in any partisan political campaign or activity.

Rule 43:    Discussing bail with a person who is in custody except by those specifically authorized to let to bond.

Rule 44:    Giving an opinion as to fine or penalty.

Rule 45:    Recommending any professional or commercial service.

Rule 46:    Advising any person engaged in a professional or commercial service that such professional or commercial services may be needed.

Rule 47:    Associating or fraternizing with any person known to have been convicted of any felony or misdemeanor, either State or Federal, excluding traffic and municipal ordinance violations.

## FLOW CHART OF CHICAGO POLICE DEPARTMENT OFFENDER ARREST TO RELEASE PROCEDURAL STEPS



Disturbance or, Call police direct

Call 911

(It takes several minutes to dispatch car)

Police Arrive

Police talk to both parties involved ⟶ No Arrest

Arrest

Verbal warning

Victim signs complaint

Police get RD number on scene and give victim a VIN (Victim Information Notice).

Offender searched and handcuffed.

Offender placed into police car and transported to station.

Offender brought into lockup.



Officers take personal property of value from offender (Bag #1) and non-value (Bag #2).

Police finish case incident report and complaint and fill out arrest report.

Inventories are done, if any, through (E-Track).

[Offender given his copy of inventory receipt while still in lock up. This and all property of value like personal cell phone, etc. This is a computerized printout of a E-Track inventory receipt.]

Desk sergeant approves case report and arrest report.

Watch commander approves arrest report.

Offender removed from lock up for picture taken, fingerprinted and receives personal property receipt (non-value items).

Offender in lock up waiting for fingerprints to clear.

Desk sergeant gives I-Bond, D-Bond or cash bond required or they go to court.

Offender signs bond and then signs (E-Track inventory items of value on a tablet/pad for E-Track) and given property from lock up in unsealed, Evidence-Property Envelope (Bag #1) and offender signs for personal property receipt (Items of non-value) and given items from lock up in a clear sealed bag (Bag #2).

Offender free to go and leave police station.

NOTE: Personal property items of value that are put in the unsealed Evidence-Property Envelope (Bag #1) are then put in a holding cabinet or safe until the offender is released and given to them once they sign for it through the E-Track Inventory system.

NOTE: Regardless if the offender has their arrest expunged from their records, the E-Track Inventory system will still maintain those records.

8:10:56AM    T-Mobile                                    No. 1292    P. 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

Dewar

_____
Plaintiff

v.

(C8) CLAIM #8 - 16 Pages

Felmon, Devine, Long & CPD

_____
Defendant

Civil Action No. 16 CU-2287

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: T-Mobile Corporate Head quarters
8550 W. Bryn Mawr, Suite 100
Chicago, Illinois, 60655

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Provide list of all incoming & outgoing phone calls made on Febraury 17, 2014 for T-Mobile Account Holder David A. Dewar at Cell #: 1(708)369-1153. Note that David A. Dewar is still currently a T-Mobile Customer

| Place: David A. Dewar 11347 S. Millard Ave. Chicago, Illinois, 60655 | Date and Time: September 8, 2017 at 2:00 P.M |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: AUG - 4 2017

CLERK OF COURT

Patricia J.
_____
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



Law Enforcement Relations Group
4 Sylvan Way
Parsippany, NJ 07054
Phone: 973-292-8911 Fax: 973-292-8697

# INVOICE - NGO

| DATE | November 07, 2017 |
|---|---|
| INVOICE # | |
| CORE TRACKING # | 1561825 |
| INVOICE PREPAIRED BY | ¤ Sean MacDonald |
| | ¤ Heather |

BILL TO:

DAVID DEWAR
11347 S. MILLARD AVE

CHICAGO, IL 60655

| CASE NAME | |
|---|---|
| CASE NUMBER | |
| | ARO |
| FAX NUMBER | |
| | 1111111111 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| NUMBER OF MONTHS OF CALL DETAIL RECORDS PRODUCED ($15.00 per month or for any part thereof) | 1 | $15.00 | $15.00 |
| BUSINESS RECORDS AFFIDAVIT OR CERTIFICATION | | $10.00 | |
| DEPOSITION ON WRITTEN QUESTIONS | | $25.00 | |
| | | | |
| DELIVERY OF RECORDS | | | |
| FAX / EMAIL | | $5.00 | |
| U.S. POSTAL SERVICE | | $10.00 | |
| UPS DELIVERY | 1 | $25.00 | $25.00 |
| | | | |
| OTHER | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $40.00 |
| | | OTHER | $0.00 |
| | | TOTAL | $40.00 |

ALL FEES ARE SUBJECT TO CHANGE

Statement For:
Mobile Number:
Account Number:

DAVID A. DEWAR
(708) 369-1153
310653095

Customer Service Number   1-800-937-8997
Feb 19, 2014

PageA  12  of  25

| Date | Location | Time | Number | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/17/14 | Oak Lawn, IL | 8:35 AM | 708-499-5657 | 1 | S | - | S | - | | | S | - |
| 2/17/14 | Harvey, IL | 8:39 AM | 708-596-4444 | 3 | S | - | S | - | | | S | - |
| 2/17/14 | La Grange, IL | 8:43 AM | 708-238-5328 | 1 | S | - | S | - | | | S | - |
| 2/17/14 | La Grange, IL | 8:59 AM | 708-238-5328 | 8 | S | - | S | - | | | S | - |
| 2/17/14 | 1-866 # | 9:14 AM | 866-607-6646 | 1 | S | - | S | - | | | S | - |
| 2/17/14 | 1-800 # | 2:24 PM | 800-404-2956 | 12 | S | - | S | - | | | S | - |
| 2/17/14 | Chicago, IL | 3:46 PM | 773-316-1017 | 2 | S | - | S | - | | | S | - |
| 2/17/14 | Northbrook, IL | 3:48 PM | 630-302-9570  (A) | 35 | S | - | S | - | | | S | - |
| 2/17/14 | Vm Retrieval | 6:24 PM | 123  (G) | 1 | S | - | S | - | | | S | - |
| 2/17/14 | Chicago, IL | 6:26 PM | 312-745-0570 | 1 | S | - | S | - | | | S | - |

Call Type: (A) Call Waiting (B) Call Forward (C) Conference Call (E) Data/Fax (F) Mobile2Mobile (G) Voicemail (H) Free Calls (I) Intl Disc Call

(J) Intl Disc Call to Mobile (K) WPS Call (M) AnyMobile (T) T-Mobile Number (U) HotSpt Call (V) myFaves Call (X) T-Mobile @Home Call

Statement For:
Mobile Number:
Account Number:

DAVID A. DEWAR
(708) 369-1153
310653095

Customer Service Number     1-800-937-8997
Feb 19, 2014

Page A   14   of   25

| 2/17/14 | La Grange, IL | 7:09 AM | 708-238-5328 | Text | 1 | Outgoing | S | - |
| 2/17/14 | La Grange, IL | 7:09 AM | 708-238-5328 | Text | 1 | Outgoing | S | - |

Call Type: (A) Call Waiting (B) Call Forward (C) Conference Call (E) Data/Fax (F) Mobile2Mobile (G) Voicemail (H) Free Calls (I) Intl Disc Call
(J) Intl Disc Call to Mobile (K) WPS Call (M) AnyMobile (T) T-Mobile Number (U) HotSpt Call (V) myFaves Call (X) T-Mobile @Home Call



Law Enforcement Relations Group
4 Sylvan Way
Parsippany, NJ 07054
Phone: 973-292-8911 Fax: 973-292-8697

## Archive Records Objection - NGO   Date: November 07, 2017

To:       DAVID DEWAR

From:     Sean MacDonald

Fax Number: 1111111111

Comments:

Core Tracking Number: 1561825

Case Number: ARO

Case Name:

## T-MOBILE IS IN RECEIPT OF YOUR LEGAL DEMAND AND RESPONDS AS FOLLOWS:

The legal demand seeks records that have been archived and are no longer easily accessible for production and delivery. T-Mobile hereby objects to the legal demand as it is over broad, unduly burdensome, does not permit adequate time for response and makes no provision for the pre-payment of the reasonable costs of production and delivery of the archived records.

Notwithstanding the foregoing objections, and without waiving same, T-Mobile will provide additional response if you agree to modify the terms of the legal demand as follows.

1. The legal demand is hereby modified to reflect that the requestor shall pre-pay T-Mobile for the reasonable costs of production and delivery of the archived records sought, as set fourth in the attached invoice; and,
2. The return date for the delivery of archived records is hereby modified to the fifteenth business day following receipt by T-Mobile of payment of the fully completed subpoena confirmation form (attached).

The reasonable costs of production and delivery of the archived records sought are reflected in the attached invoice. Your payment of the attached invoice indicates your agreement to modify the subpoena/request for documents as set forth in paragraphs 1 and 2 herein. Submission of a revised legal demand is not required. Any and all non-archived records are included with this invoice and objection. T-Mobiles objection pertains only to the request for archived records.

Attached hereto is an invoice which sets forth the reasonable costs incurred by T-Mobile to prepare a response to the legal demand for archived records. Please pay this invoice with a law firm check. This is the preferred method of payment. To pay be credit card, complete and submit the attached form, along with a copy of the invoice.

Records will be sent, via email or UPS ground service, on the *fifteenth business day* following receipt of the subpoena confirmation form.

Please take notice that T-Mobile does no store or maintain the content of text messages. If text message content has been requested, T-Mobile will produce text message billing details only.

Historical cell site location information is maintained for 24 months following usage and may not be available for the entire date range in this legal demand.

Call detail records on pre-paid telephone accounts are maintained for 24 months following usage and may not be available for the entire date range if this legal demand.

Please take further notice that pursuant to 47 CFR 64.1601, T-Mobile is prohibited from releasing information concerning the identity of callers who choose to block their identity except in conjunction with a narrow range of law enforcement request.

Archived call records associated with post paid accounts are stored and delivered in marked time. Archived text and data records associated with post paid accounts are stored and delivered in Pacific Time. Archived call, text and data records associated with Flex Pay or Family Mobile accounts are stored and delivered in market time.

All archived records will be delivered in PDF format and will have the appearance of traditional monthly billing invoices. Network data, including missed or unanswered calls are not available or included in archived records.



OFFICE OF EMERGENCY MANAGEMENT AND COMMUNICATIONS

CITY OF CHICAGO

March 13, 2014

David Dewar - **FA-14-0190**
Ddewar05@hotmail.com

Exhibit 2
(16 Pages)

**RE: FOIA Request**

Dear David Dewar,

On behalf of the Office of Emergency Management and Communications (OEMC), I am responding to your Freedom of Information (FOIA) request that our office received on March 10, 2014 were you requested the following information:

*"The audio and transcript of a call from February 17, 2014. The call was made from telephone number 708-369-1153 at 11347 S. Millard Ave"*

In response to your request the 911 audio and event query have been provided.

Sincerely,

Dionne Tate
Freedom of Information Officer
Office of Emergency Management and Communications
312-746-9424

Customer Service Number: 1-800-937-8997
Feb 19, 2014

LOCAL AIRTIME, LONG DISTANCE and INTERNATIONAL CHARGES (Continued)



Statement For:   DAVID A. DEWAR
Mobile Number:   (708) 369-1153
Account Number:  310653093

| Date | Destination | Time | Number | Call Type | Minutes | Airtime | Toll | Total |
|------|-------------|------|--------|-----------|---------|---------|------|-------|
| 2/16/14 | 1-800 # | 11:01 AM | 800-244-2273 | | 1 | - | - | - |
| 2/16/14 | Chicago, IL | 12:30 PM | 773-445-5340 | | 1 | - | - | - |
| 2/16/14 | Palos Park, IL | 3:01 PM | 708-361-9610 | | 2 | - | - | - |
| 2/16/14 | 1-800 # | 3:28 PM | 800-972-3030 | | 1 | - | - | - |
| 2/16/14 | 1-800 # | 3:30 PM | 800-972-3030 | | 1 | - | - | - |
| 2/16/14 | Northbrook, IL | 3:43 PM | 630-302-9570 | | 1 | - | - | - |
| 2/16/14 | Chicago, IL | 8:30 PM | 773-445-5340 | | 1 | - | - | - |
| 2/16/14 | 1-800 # | 9:02 PM | 800-244-2273 | | 3 | - | - | - |
| 2/16/14 | 1-800 # | 9:03 PM | 800-972-3030 | | 1 | - | - | - |
| 2/17/14 | Oak Lawn, IL | 8:35 AM | 708-499-5857 | | 1 | - | - | - |
| 2/17/14 | Harvey, IL | 8:39 AM | 708-596-4444 | | 1 | - | - | - |
| 2/17/14 | La Grange, IL | 8:43 AM | 708-238-5328 | | 3 | - | - | - |
| 2/17/14 | La Grange, IL | 8:59 AM | 708-238-5328 | | 1 | - | - | - |
| 2/17/14 | 1-866 # | 9:14 AM | 866-607-6646 | | 8 | - | - | - |
| 2/17/14 | 1-800 # | 2:24 PM | 800-404-2856 | | 1 | - | - | - |
| 2/17/14 | Chicago, IL | 3:46 PM | 773-316-1017 | | 12 | - | - | - |
| 2/17/14 | Northbrook, IL | 3:48 PM | 630-302-9570 | (A) | 2 | - | - | - |
| 2/17/14 | Vm Retrieval | 6:24 PM | 123 | (G) | 35 | - | - | - |
| 2/17/14 | Chicago, IL | 5:26 PM | 312-745-0570 | | 1 | - | - | - |
| 2/18/14 | Lemont, IL | 12:01 AM | 630-257-0051 | (A) 911Call Deleted! | 3 | - | - | - |
| 2/18/14 | Chicago, IL | 12:12 AM | 773-445-5340 | | 3 | - | - | - |
| 2/18/14 | Chicago, IL | 12:17 AM | 773-865-3440 | | 4 | - | - | - |
| 2/18/14 | Chicago, IL | 12:22 AM | 773-445-5340 | | 4 | - | - | - |
| 2/18/14 | 1-800 # | 12:28 AM | 800-244-2273 | | 6 | - | - | - |
| 2/18/14 | 1-800 # | 12:29 AM | 800-972-3030 | | 1 | - | - | - |
| 2/18/14 | 1-800 # | 12:58 AM | 800-972-3030 | | 1 | - | - | - |
| 2/18/14 | 1-800 # | 10:12 AM | 800-244-2273 | | 1 | - | - | - |
| 2/18/14 | Midvale, UT | 1:58 PM | 801-985-4445 | | 1 | - | - | - |
| 2/18/14 | Jackson, MS | 3:50 PM | 601-359-3582 | | 3 | - | - | - |
| 2/18/14 | Oak Lawn, IL | 4:07 PM | 708-499-6300 | | 5 | - | - | - |
| 2/18/14 | Chicago, IL | 4:27 PM | 773-553-1400 | | 2 | - | - | - |
| 2/18/14 | Chicago, IL | 4:28 PM | 773-553-1400 | | 8 | - | - | - |

| | | | | **SUBTOTAL** | 2,607 | - | 5.88 | 5.88 |

**MESSAGING CHARGES**

| Date | Service | Time | Destination | Message Type | Messages | Direction | Total |
|------|---------|------|-------------|--------------|----------|-----------|-------|
| 1/23/14 | Chicago, IL | 3:20 PM | 312-218-9444 | Text | 1 | Incoming | - |
| 1/23/14 | Chicago, IL | 3:25 PM | 312-218-9444 | Text | 1 | Outgoing | - |
| 1/23/14 | Chicago, IL | 3:25 PM | 312-218-9444 | Text | 1 | Outgoing | - |
| 1/23/14 | Chicago, IL | 3:27 PM | 312-218-9444 | Text | 1 | Incoming | - |
| 1/23/14 | Chicago, IL | 3:29 PM | 312-218-9444 | Text | 1 | Outgoing | - |
| 1/23/14 | Chicago, IL | 6:48 PM | 773-355-6373 | Text | 1 | Outgoing | - |
| 1/23/14 | Chicago, IL | 6:53 PM | 773-355-6373 | Text | 1 | Incoming | - |
| 1/23/14 | Chicago, IL | 9:13 PM | 773-355-6373 | Text | 1 | Outgoing | - |
| 1/24/14 | Roselle, IL | 10:35 PM | 847-347-7979 | Text | 1 | Outgoing | - |
| 1/27/14 | Chicago, IL | 9:15 PM | 773-387-9288 | Text | 1 | Incoming | - |
| 1/27/14 | Chicago, IL | 3:38 PM | 773-230-8968 | Text | 1 | Outgoing | - |
| 1/27/14 | Chicago, IL | 3:38 PM | 773-230-8968 | Text | 1 | Outgoing | - |
| 1/27/14 | Chicago, IL | 3:39 PM | 773-230-8968 | Text | 1 | Incoming | - |
| 1/27/14 | Chicago, IL | 3:39 PM | 773-230-8968 | Text | 1 | Incoming | - |
| 1/27/14 | Chicago, IL | 3:45 PM | 773-230-8968 | Text | 1 | Incoming | - |
| 1/27/14 | Chicago, IL | 3:45 PM | 773-230-8968 | Text | 1 | Outgoing | - |
| 1/27/14 | Chicago, IL | 4:03 PM | 773-230-8968 | Text | 1 | Outgoing | - |
| 1/27/14 | Chicago, IL | 4:03 PM | 773-230-8968 | Text | 1 | Outgoing | - |

© 2013 T-Mobile USA, Inc.

Call Type: (A) Call Waiting (B) Call Forward (C) Conference Call (E) Data/Fax (F) Mobile2Mobile (G) Voicemail (H) Free Calls (I) Intl Disc Call (J) Intl Disc Call to Mobile (K) WPS Call (M) AnyMobile (T) T-Mobile Number (U) HotSpt Call (V) myFaves Call (X) T-Mobile @Home Call

2:14 PM

Keypad    Logs    Favorites    Contacts

**02/17/2014**

**Emergency number**
→ 911     6:27PM

**1 312-745-0570**
→ Illinois     6:26PM

**Voicemail**
→ +18056377243     6:24PM

**1 312-745-0570**
→ Illinois     4:37PM

**1 773-316-1017**
Illinois     3:48PM

**1 630-302-9570**
→ Illinois     3:48PM

From T- mobile Phone #: 1(708)369-1153
from David A Poindman!     page 4 of 16

C8-10

✓ FROM T- Mobile Phone# 1(708) 369-1153
from David A. Dewar's Phone!

02/17/2014

**Emergency number**
→ 📞 911
6:27PM

**1 312-745-0570**
→ 📞 Illinois
6:26PM

**Voicemail**
→ 📞 +18056377243
6:24PM

Keypad  Logs  Favorites  Contacts

2:14 PM

page 5 of 16

# Profile

**DAVID, (708) 369-1153**

**Billing & Payments**

**T-Mobile ID**

**Media Settings**

**Line Settings**

**Blocking**

**Privacy & Notifications**

**Family Controls**

Changes apply to all lines on your account.

**BILLING ADDRESS**   11347 S MILLARD AVE          Edit
CHICAGO, IL 60655

**PAPERLESS**   Sign up for paperless bills.          Set up
**BILLING**

**AUTOPAY**   Sign up for automatic bill payments.
(/billing/manageautopay.html)

ESPAÑOL (HTTPS://ES.MY.T-MOBILE.COM)
CALL ME | ACCOUNT HISTORY (/BILLING/ACTIVITY-AND-ALERTS.HTML) | PROFILE (/PROFILE.HTML) | LOG OUT

(/home.html)  BILLING   USAGE   PLAN   PHONE   SHOP                                    SEARCH
(/BILLING/SUMMARSE/USAGE.OVERVIEW.HTML)ONE/M/PHONE/SHOP.HTML)

Jan. 19 - Current                          DAVID, (708) 369-1153

Voice    Messaging    Data    T-Mobile purchases    Third-party purchases

Ali    Filter                                                    Total use: 1260 minutes

| Date & Time (Pacific) | Destination | Number | Min | Type |
|---|---|---|---|---|
| 02/07/2018, 05:10 AM | Emergency | 911 | 2 | -- |
| 02/06/2018, 11:03 PM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/06/2018, 10:20 PM | Northbrook, IL | (630) 302-9570 | 43 | -- |
| 02/05/2018, 09:51 PM | Northbrook, IL | (708) 508-0122 | 6 | -- |
| 02/06/2018, 06:25 PM | Vm Retrieval | 123 | 2 | Voicemail |
| 02/06/2018, 04:20 PM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/06/2018, 12:47 PM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/06/2018, 10:21 AM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/06/2018, 09:17 AM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/06/2018, 07:37 AM | 1-800 # | (800) 244-2273 | 1 | -- |
| 02/06/2018, 07:12 AM | Chicago, IL | (312) 625-1595 | 1 | -- |
| 02/06/2018, 06:10 AM | 1-800 # | (800) 244-2273 | 2 | -- |
| 02/06/2018, 06:09 AM | 1-800 # | (800) 244-2273 | 1 | -- |
| 02/06/2018, 06:09 AM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/05/2018, 06:00 PM | Oak Lawn, IL | (708) 422-2041 | 1 | -- |
| 02/05/2018, 05:29 PM | Wilmette, IL | (847) 512-7512 | 1 | -- |
| 02/05/2018, 05:28 PM | Blueisland, IL | (708) 752-5397 | 2 | -- |

| 02/05/2018, 05:27 PM | Downersgrv, IL | (630) 985-1527 | 2 | — |
| 02/05/2018, 05:04 PM | La Grange, IL | (847) 606-4653 | 23 | T-Mobile to T-Mobile |
| 02/05/2018, 04:42 PM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/05/2018, 04:36 PM | Vm Retrieval | 123 | 6 | Voicemail |
| 02/05/2018, 02:22 PM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/05/2018, 12:53 PM | Incoming | (279) 663-3234 | 1 | — |
| 02/05/2018, 12:48 PM | Blueisland, IL | (708) 270-4454 | 2 | — |
| 02/05/2018, 12:32 PM | Incoming | (773) 770-8514 | 1 | — |
| 02/05/2018, 11:28 AM | Incoming | (708) 422-8900 | 2 | — |
| 02/05/2018, 08:54 AM | 1-800 # | (800) 829-1040 | 1 | — |
| 02/05/2018, 08:54 AM | 1-800 # | (800) 829-1010 | 1 | — |
| 02/05/2018, 08:51 AM | 1-800 # | (800) 829-1040 | 3 | — |
| 02/05/2018, 08:49 AM | 1-800 # | (800) 829-1040 | 3 | — |
| 02/05/2018, 08:20 AM | 1-800 # | (800) 829-1040 | 1 | — |
| 02/05/2018, 08:16 AM | Blueisland, IL | (708) 389-9001 | 2 | — |
| 02/05/2018, 08:13 AM | Blueisland, IL | (708) 389-9001 | 1 | — |
| 02/05/2018, 07:59 AM | 1-800 # | (800) 244-2273 | 1 | — |
| 02/05/2018, 07:58 AM | 1-800 # | (800) 244-2273 | 1 | — |
| 02/05/2018, 07:58 AM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/04/2018, 08:14 PM | La Grange, IL | (708) 420-7994 | 3 | — |
| 02/04/2018, 08:12 PM | La Grange, IL | (630) 878-4794 | 1 | — |
| 02/04/2018, 04:57 PM | La Grange, IL | (630) 878-4794 | 3 | — |
| 02/04/2018, 04:24 PM | Vm Retrieval | 123 | 1 | Voicemail |

| | | | | |
|---|---|---|---|---|
| 02/04/2018, 03:14 PM | Oak Lawn, IL | (708) 636-5030 | 1 | — |
| 02/04/2018, 12:22 AM | 1-800 # | (800) 244-2273 | 1 | — |
| 02/04/2018, 12:21 AM | 1-800 # | (800) 244-2273 | 1 | — |
| 02/03/2018, 08:02 PM | 1-877 # | (877) 825-3797 | 1 | -- |
| 02/03/2018, 06:55 PM | Vm Retrieval | 123 | 1 | Voicemail |
| 02/03/2018, 05:58 PM | Incoming | (630) 302-9570 | 8 | — |
| 02/03/2018, 05:57 PM | Incoming | (630) 302-9570 | 1 | — |
| 02/03/2018, 05:29 PM | Incoming | (708) 238-5328 | 5 | Call Waiting |
| 02/03/2018, 05:24 PM | Chicago, IL | (773) 655-5559 | 6 | -- |
| 02/03/2018, 05:17 PM | Incoming | (773) 655-5559 | 1 | — |

Download usage records

1   2   3   4   5   ...   7   Next

About T-Mobile USA (http://www.t-mobile.com/Company/) | Return Policy (https://www.t-mobile.com/Templates/Popup.aspx?PAsset=Ftr_Ftr_ReturnPolicy&print=true)
(https://www.t-mobile.com/Templates/Popup.aspx?PAsset=Ftr_Ftr_ReturnPolicy&print=true)
(https://www.t-mobile.com/Templates/Popup.aspx?PAsset=Ftr_Ftr_ReturnPolicy&print=true)     Terms & Conditions (https://www.t-mobile.com/Templates/Popup.aspx?
PAsset=Ftr_Ftr_TermsAndConditions&print=true) | Terms of Use (https://www.t-mobile.com/Templates/Popup.aspx?PAsset=Ftr_Ftr_TermsOfUse&print=true) | Privacy Policy
(https://www.t-mobile.com/company/website/privacy-policy.aspx) | Interest-Based Ads (http://www.t-mobile.com/company/website/privacy-policy.aspx#choicesaboutadvertising) |
Privacy Resources (https://www.t-mobile.com/company/privacy-resources/your-privacy-choices/marketing-choice.html) | Open Internet Policy
(http://www.t-mobile.com/Company/CompanyInfo.aspx?tp=Abt_Tab_ConsumerInfo&tsp=Abt_Sub_InternetServices)

© 2002 - 2018 T-Mobile USA, Inc (http://www.t-mobile.com/Templates/Popup.aspx?
PAsset=Ftr_Ftr_Copyright&print=true',922,'width=568,height=400,screenX=568,screenY=400,left=50,top=50,toolbar=no,location=no,menubar=no,status=no,resizable,scrollbars)

## RECENTS    CONTACTS

 Illinois    10:11 AM

**+1 305-856-8007**
Miami FL    10:02 AM

 **+1 708-425-5500**
Illinois    AM

 **1 708-425-5500 (2)**
Illinois    AM

**Barbara Caine**
Mobile    AM

02/06/2018
FEBRUARY 6, 2018

Photo Shot from my T-Mobile Phone
at (708) 369. 1153

✓  **Emergency number**
911    11:10 PM ✓

 **Voice Mail**
+18056377843    11:03 PM

C 8 - 16

::CAD DATA FROM RDW::

| UNIT HISTORY |

**INCIDENT NO.:** BI-18-00002776
**REPORT NO.:**
**OPENED:** 2018-02-06 23:12:17
**CREATED BY:** Catherine Domine |POS#"DP3

**REPORT DATE:** 2018-02-20 11:10:50
**CLOSED DATE:** 2018-02-07 00:22:16
**EDITED BY:** JOANNAR

::INCIDENT INFORMATION::

**INC TYPE:** LINFO-INFORMATION ONLY
**DISPOSITIONS:** INFO
**PRI UNIT:** /
**ASSOCIATED INCIDENTS:**

**SOURCE:** 1

**PRI OFC:** /

**PRIORITY:** 3

::LOCATION INFORMATION::

**ADDRESS:** W 119TH ST / S WESTERN AVE
**LOCATION:**
**CITY:** BLUE ISLAND
**APT:** **BLD:**

**VERIFIED** **YES**

**FLOOR:** **SUBD.:**

::CALLER INFORMATION::

**NAME** PASSERBY
**ADDRESS**
**CITY**

**PHONE** 708 3691153
**TYPE** WRLS
**TIME** 2018-02-06 23:10:51

::PERSON INFORMATION::

| ROLE | NAME | ADDRESS | PHONE | DL INFO |
| COMP | PASSERBY | | 708 3691153 | DL: ST: BD: -0 |

::VEHICLE INFORMATION::

| LIC | MK | MOD | YR | CL | VIN |

:: UNIT INFORMATION::

**UNIT ID** **OFFICER NAME**

:: INCIDENT COMMENTS::

| 2018-02-06 23:12:17 | CDOMINE | FORD EXPLORER GOING E/B PAST WESTERN TWARDS EXSPRESSWAY DRIVING RECKLESS |
| 2018-02-06 23:12:47 | JOANNAR | ROB |
| 2018-02-06 23:13:28 | JOANNAR | READ OVER METRO SOUTH |

:: UNIT HISTORY DATA::

| UNIT ID | DATE | TYPE | STATUS |

:: END OF REPORT::

(9-1

4/30/2015

OEMCFOIA - Outlook

## Printout on Event#1510906128

REPLY     REPLY ALL     FORWARD     (C9 | CLAIM #9 - 13 Page)

david <ddewar05@hotmail.com>  Mark as read

Thu 4/30/2015 3:25 PM

Inbox

**To:** OEMCFOIA;

**Cc:** ddewar05@hotmail.com;

To OEMC Department,     Please send via E-Mail under "The Freedom of Information Act", a PDF Printout of Event#1510906128 which occurred on Sunday Afternoon April 19, 2015 at 12:39 P.M. at the Home of Shirley Dewar at 11347 S. Millard Ave.,Chicago,Illinois,60655. This was reported as a Disturbance by the neighbors North at 11343 S. Millard Ave. due to there kids Basketball Bouncing into Shirley Dewar's backyard. Several officers showed up for One Basketball and 4 Squad Car's with about 8 Police Officers to retreive One Basketball.Shirley Dewar was only present when the 8 Officers and 4 Squad Car's arrived for the One Basketball on a Sunday Afternoon.    Thank You

Page 1 of 2



CHICAGO POLICE DEPARTMENT          17-JUN-2015    PAGE    1
EVENT QUERY

Event #   1510906128

| Type | Location | | Date | Pri | DG | Svc Beat | Disp |
|---|---|---|---|---|---|---|---|
| DIST | 11347 S MILLARD AV | | 19-APR-2015 11:49:50 | 3B | 022 | 2211 | 5F |
| Source | Response Level | Caller | | | | Phone | |
| E | 1 | | | | | | |

| Address of Occurrence | Occ Beat |
|---|---|
| 11347 S MILLARD AV | 2211 |

Event Chronology

| Date | Activity | Wkstn | Person | Text |
|---|---|---|---|---|
| 19-APR-2015 11:49:06 | REC | | | |
| 19-APR-2015 11:49:50 | ENTRY | PCT36 | C604221 | |
| 19-APR-2015 12:05:38 | DSP | PD117 | D522288 | 2211A |
| 19-APR-2015 12:06:07 | ASST | PD117 | D522288 | 2213 |
| 19-APR-2015 12:06:12 | ACK | PMDT2204 | PC0J764 | 2213 |
| 19-APR-2015 12:06:28 | DSP | PD117 | D522288 | 2212 |
| 19-APR-2015 12:09:50 | ACK | PMDT5815 | PC0J059 | 2211A |
| 19-APR-2015 12:10:35 | CLOC | PD117 | D522288 | 2211A 2213 2212 [022 W 1] |
| 19-APR-2015 12:10:50 | CLOCX | PD117 | D522288 | 2211A 2213 2212 [       AV] |
| 19-APR-2015 12:39:55 | CLEAR | PMDT5815 | PC0J059 | 2211A 2213 2212 D/5F |
| 19-APR-2015 12:39:55 | CLOSE | PMDT5815 | PC0J059 | D/5F |
| | RMKS | | | DIST W/ NABOR NFI |

Unit Summary

| Unit | Dispatch | Enroute | Onscene | T | TA | TC | Clear |
|---|---|---|---|---|---|---|---|
| 2211A | 12:05:38 | 12:10:35 | 12:10:50 | | | | 12:39:55 |
| 2213 | 12:06:07 | 12:10:35 | 12:10:50 | | | | 12:39:55 |
| 2212 | 12:06:28 | 12:10:35 | 12:10:50 | | | | 12:39:55 |

*Police stayed 30 Minutes*

# CAPS Meeting Calendar

### BEATS 2211 & 2212
First Thursday of the month at 7:00pm
March, May, June, August, October, December
22nd District Police Station, 1900 W. Monterey Ave.

### BEAT 2213
Second Thursday of the month at 7:00pm
March, April, May, June, July, August, September, October, November
Ridge Park, 9625 S. Longwood Dr.

### BEAT 2221
First Tuesday of the month at 7:00pm
March, April, May, June, July, September, October, November
Christ the King Parish Hall, 9235 S. Hamilton Ave







N

Sector 2

87th St.

BEAT 2221

BEAT 2222

Laflin

BEAT 2224

95th St.

Western

99th St.       99th St.

Sector 1       BEAT 2213       BEAT 2212

102nd St.

103rd St.       103rd St.

S. Pulaski

107th St.

BEAT 2211       BEAT 2233

111th St.

Sacramento       BEAT 2212       BEAT 2231

Cicero       Monterey       Stewart

115th St.

117th St.       Sector 3

119th St.

**22nd District
Chicago Police Dept.
(Morgan Park Station)
1900 W. Monterey**

---



# Quarterly

19th WARD

## A 19th Ward Youth Foundation Publication
## Matthew J. O'Shea, Alderman

**Beverly / Morgan Park Service Office**
10400 S. Western Ave.
Chicago, IL 60643-2508
(773) 238-8766 (phone)
(773) 672-5133 (fax)
colleen@the19thward.com

**Mount Greenwood Service Office**
3215 W. 111th St.
Chicago, IL 60655
(773) 238-8776 (phone)
(773) 672-5130 (fax)

**City Hall Office**
121 N. LaSalle St., Room 200
Chicago, IL 60602
(312) 744-3072
www.the19thward.com



1                              UNITED STATES DISTRICT COURT
                           NORTHERN DISTRICT OF ILLINOIS

2                                 EASTERN DIVISION

3

     SHIRLEY M. DEWAR,          )

4                            )
             Plaintiff,   )

5                            )
         vs.             )  No. 16 C 2673

6                            )
     OEMC/CPD City of Chicago,  )  Chicago, Illinois

7                            )  June 21, 2016
             Defendant.   )  9:37 a.m.

8

9             TRANSCRIPT OF PROCEEDINGS - Motion

10        BEFORE THE HONORABLE ROBERT W. GETTLEMAN

11

APPEARANCES:

12

For the Plaintiff:      MS. SHIRLEY M. DEWAR, Pro Se

13                             11347 South Millard Avenue
                             Chicago, Illinois 60655-3429

14                             773.445.5340
                             ddewar05@hotmail.com

15

16    For the Defendant:      CITY OF CHICAGO
                             DEPARTMENT OF LAW

17                             BY:  MR. PHILLIP SANTELL
                             Assistant Corporation Counsel

18                             30 North LaSalle Street, Suite 900
                             Chicago, Illinois 60602

19                             312.744.5218
                             phillip.santell@cityofchicago.org

20

21    Also present:          MR. DAVID DEWAR

22

23    Official Court Reporter:  NANCY L. BISTANY, CSR, RPR, FCRR
                             219 South Dearborn Street, Room 1706

24                             Chicago, Illinois 60604
                             (312) 435-7626

25                             *nancy_bistany@ilnd.uscourts.gov*

1          (Proceedings heard in open court:)

2              THE CLERK:  16 C 2673, Shirley Dewar versus OEMC;

3  motion to dismiss.

4              MR. SANTELL:  Good morning, Your Honor.

5              My name is Phillip Santell, S-a-n-t-e-l-l, assistant

6  corporation counsel with the City of Chicago.

7              This is up today for presentment on our motion to

8  dismiss for lack of subject matter jurisdiction.

9              THE COURT:  Please introduce yourselves, folks.

10             MRS. DEWAR:  Yes.  I'm -- my name is Shirley Dewar.

11             And on May the 19th, 2015, I was in my house minding

12  my own business with my dog.  And the next thing I know, there

13  was a bunch of squad cars and police in front of my house.

14             And so I went to the side door.  And the officer, his

15  name was Charlie McDonald.  And he said to me, "You have a

16  basketball in your backyard.  Go and get it."

17             I said, "Okay."

18             So I walked along the side, went in the back, and I

19  gave it to him.  And he went and took the basketball, brought

20  it to the next door neighbor, who we do not get along with, at

21  113 -- what is it -- 43 --

22             MR. DAVID DEWAR:  -- 43 South Millard.

23             MRS. DEWAR:  -- South Millard.

24             And they were talking and smiling and laughing.  And

25  they stayed -- these policemen and these squad cars stayed for

1   30 minutes in front of my house.

2   　　　　Now, isn't that -- and then they say I caused a

3   disturbance? I'm lucky I'm living. I'm 78 years old, and I'm

4   causing a disturbance? I mind my own business. And is that

5   what the police do? They should be protecting the people that

6   are getting murdered around the city and robbed. And you're

7   pick -- you're going to abuse me?

8   　　　　THE COURT: The problem that you're having here is,

9   though, you know, you're trying to represent yourself.

10  　　　　Who is this young man sitting --

11  　　　　MRS. DEWAR: This is my son.

12  　　　　THE COURT: Okay. Could you introduce yourself?

13  　　　　MR. DAVID DEWAR: My name is David Dewar.

14  　　　　THE COURT: Okay. I understand what you're saying,

15  but in order to file a case in federal court, you have to

16  allege a constitutional violation of some sort.

17  　　　　MRS. DEWAR: Well, here's --

18  　　　　THE COURT: Excuse me. And that has to be alleged

19  against an individual officer, if you think an individual

20  officer abused you or did something wrong, and it has to meet a

21  certain standard.

22  　　　　What you've done here is you've sued a non-suable

23  entity, and there is no claim against that entity --

24  　　　　MRS. DEWAR: Then why did they come out if there's no

25  information?

1       THE COURT: You have to listen to me.

2       This is a federal court. We are a court of limited

3  jurisdiction, and we can only hear claims about police

4  misconduct if they rise to a constitutional level. And those

5  claims have to be against the individual police officer

6  involved.

7       And your claim here does not rise to that level. You

8  have to identify that officer and then explain, even if you're

9  doing it yourself, explain why you think that officer abused

10  his authority in a constitutional manner.

11       And you haven't done that here.

12       I know this is very technical, and I can understand

13  why you might be upset about what happened. But, again, it has

14  to rise to a certain level, and the allegations have to be

15  enough to actually raise a constitutional issue.

16       MRS. DEWAR: But can't I find -- can't I find out

17  what they put against me? Because they said it's a

18  disturbance, and I even wrote to a few places. And then

19  finally the last --

20       MR. DAVID DEWAR: Can I speak?

21       MRS. DEWAR: Can my son say something?

22       THE COURT: Sure, I'll let him say something. But

23  you would have to get the names of the officer, and I can't

24  help you do that. You have to do that on your own. So you

25  have to get the names of the individual officers.

1    And the only way you could sue the city as such would
2  be to say that there's some general policy that the city has,
3  and I don't hear that at all.  So you really have to find the
4  names of these officers if you want to continue.

5    But go ahead if you want to say something.

6    MR. DAVID DEWAR:  I think we received a letter from
7  the U.S. Department of Justice.  And the whole basis of this
8  originally was through the Freedom of Information Act to
9  receive the information on what the disturbance was pertaining
10  to my mom off of this report, which we did receive.  But it
11  says there was a disturbance, so we went --

12    THE COURT:  What are you showing me there, a police
13  report?

14    MR. DAVID DEWAR:  Well, this is the report from the
15  OEMC.  And it shows there was a disturbance against my mom, and
16  that's why they sent out on April 19th of last year eight
17  police officers and --

18    MRS. DEWAR:  No, it was --

19    MR. DAVID DEWAR:  -- four squad cars for 30 minutes.

20    MRS. DEWAR:  No, it was May 19th.

21    MR. DAVID DEWAR:  It shows here April 19th.

22    THE COURT:  It doesn't matter.  It doesn't matter.
23  So you have the names of the officers?

24    MR. DAVID DEWAR:  We do have --

25    MRS. DEWAR:  I have the name of the one that

1    confronted me.  In fact, he --

2              THE COURT:  Okay.  I really don't have much more time

3    with you, because I have other matters.

4              MR. DAVID DEWAR:  Okay.  Well, let me --

5              MRS. DEWAR:  Okay.  You talk.

6              MR. DAVID DEWAR:  I'll get straight to the chase.

7              THE COURT:  Please.

8              MR. DAVID DEWAR:  So what we did is we went through

9    the channels.  We went to the OEMC for the report.  Denied.  We

10   went to Attorney General of Illinois.  Denied.  We went to

11   Virginia Department of Insurance.  Denied.  And Washington.

12             We received this letter stating that if we were

13   dissatisfied, we can file a federal lawsuit to get that

14   information.

15             We're following the instructions based on this

16   letter, so that's why we're a little confused.  I understand

17   what you're saying, we have to go after an individual on a

18   civil rights, but it did say here under this code that we can

19   pursue that.  And that's what she's doing.

20             So that's the reason why --

21             THE COURT:  Let me see the letter you have there.

22             MR. DAVID DEWAR:  Sure.

23             MRS. DEWAR:  You want to show him this, too?

24             THE COURT:  All right.  This is saying you have a

25   Freedom of Information Act claim against the FBI now if you

1  think that you haven't gotten the information you need from
2  your FOIA request.

3          That's very different than what your mom just told
4  me.  Your mom is complaining about what she thinks was police
5  misconduct in this incident last year.  So there are two
6  different things here altogether.

7          You want to say something?

8          MR. SANTELL:  Judge, if I might.  The complaint that
9  we received is in the guise of a Freedom of Information Act
10  complaint that's brought against the City of Chicago Police
11  Department and the Office of Emergency Management and
12  Communications.  And that was the basis for our motion to
13  dismiss in that there's no federal question.  It's Illinois
14  resident versus Illinois governmental agency.  And this matter
15  should be over at the Daley Center and not in front of Your
16  Honor.

17          THE COURT:  Well, there's also apparently -- I don't
18  know if you've seen this, but they filed a FOIA request with
19  the FBI, and apparently they were dissatisfied with what they
20  got back.  That's a totally separate matter --

21          MR. SANTELL:  Yes, it is.

22          THE COURT:  -- than this case.

23          So what you're really complaining about here, if
24  you're trying to get it into federal court, you have to do what
25  I said before.

1         A Freedom of Information Act claim against the city

2  is a state claim, not a federal claim. So they're right about

3  that.

4         But, again, if you get the name of a police officer

5  and you want to go after that individual police officer or

6  officers, I've already told you what you have to do with that.

7         MR. DAVID DEWAR: Okay.

8         THE COURT: So I think the motion is well taken. I'm

9  going to grant it without prejudice. That means you can still

10  pursue whatever other remedies you have.

11         If you want a FOIA appeal, they've referred you to

12  the statute.

13         Here, I'll give these back to you.

14         And you can file that. That's a total separate thing

15  than your claim against the city or any police officer.

16         So I'll grant the motion without prejudice, and I'll

17  deny the other motion as moot. All right? I hope I've given

18  you -- I can't give you any more legal advice than I've already

19  given you on this. All right?

20         So good luck. I think you'll have to take it to the

21  next step.

22         MR. DAVID DEWAR: Thank you.

23         THE COURT: Okay. Thank you, folks.

24     (Proceedings concluded.)

25

CERTIFICATE

I, Nancy L. Bistany, certify that the foregoing is a complete, true, and accurate transcript from the record of proceedings on June 21, 2016, before the HON. ROBERT W. GETTLEMAN in the above-entitled matter.

/s/ Nancy L. Bistany, CSR, RPR, FCRR          July 19, 2016

Official Court Reporter                              Date
United States District Court
Northern District of Illinois
Eastern Division

(C10) CLAIM #10 - 6 Pages

| CPD CERTIFICATION OF RECORD SEARCH<br>CHICAGO POLICE DEPARTMENT | Date of Request<br>15 March 2018 | Requested Date & Time of Visit<br>ASAP |
|---|---|---|

## REQUEST SECTION

I, Tiffany Barefield _____, am an employee of City of Chicago ("City"), Department of Law,
(Attorney: Print Name)
Federal Civil Rights Litigation Division, and I am representing the City in the below-specified case. Pursuant to Chicago Police Department General Order 09-03, entitled "City of Chicago Law Department Access to Department Facilities to Inspect and Copy Records," I am requesting access to review and copy the records listed below.
The request is related to the matter of Case Name/Number David Dewar v City, 16C2287 ___ RD# _____

CB# 18838176 _____, Other _____ (See attached Department of Law Memorandum).

| NO. | RECORD | UNIT/BUREAU NAME | UNIT NO. | WARE HOUSED |
|---|---|---|---|---|
| 1 | Arrestee Property Log & Personal Property Receipt- 2/17/14, Daniel Dewar | 22nd district | 022 | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

Name of Law Department Personnel who will review and copy the requested record(s): Tiffany Barefield

## CERTIFICATION SECTION

I, SGT ANNE LEWIS state that I am an employee of the Chicago Police Department with the title/rank/position of SERGEANT _____ and that I am assigned to or work in the Bureau OF PATROL
Unit Name 22ND DISTRICT and Unit No. 022
I conducted a thorough good-faith search for the records that are responsive to the above request(s) on 15 MAR 18 / 1900
(Date & Time of Search)
The results of the search are as follows:

A. I located the following records and made them available to the City of Chicago Department of Law Employee: TIFFANY BAREFIELD for inspection/copying:
1) PERSONAL PROPERTY RECEIPT 2/17/14 - DEWAR
2) ARRESTEE PROPERTY LOG 2/17/14 - DEWAR
3) _____
4) _____

### AND/OR

B. Based on the information provided, I was unable to locate the following records:
1) _____
2) _____
3) _____
4) _____

☐ YES ☒ NO   Records were destroyed pursuant to an approved Records Retention Schedule and Disposal Certificate (See attached Certificate of Disposal).

I certify to the best of my knowledge that the information contained in the forgoing is true and correct.

Witness: _____ Signature: _____
(Signature) (Department of Law Personnel)   (Chicago Police Department Member)

Witness: Tiffany Barefield Print: SGT ANNE LEWIS
(Print) (Department of Law Personnel)   (Chicago Police Department Member)

Date Executed: 16 MAR 18

CPD-12.132 (5/16)

Dewar, 16 C 2287

FCRL 000108

FINAL APPROVAL

HW = (4 yes 2013)

CB #: 18838176
IR #: 1475483
YD #:
RD #: HW154717
EVENT #: 1304403568

# CHICAGO POLICE DEPARTMENT
## ARREST REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 6/30)

### ARREST REPORTING

**OFFENDER**

Name: DEWAR, David

Res: 11347 S Millard Ave
    Chicago, IL 60655
Empl: Tax Free Retirement Solutions
    Fianacial Advisor
DOB: 20 October 1964
AGE: 49 years
POB: Illinois
ARMED WITH Unarmed

Beat: 2211

Male
White
6' 03"
230 lbs
Brown Eyes
Unknown Hair
Bald Hair Style
Fair Complexion

**INCIDENT**

Arrest Date: 17 February 2014 19:00
Location: 11343 S Millard Ave
    Chicago, IL 60655
    304 - Street
Holding Facility: District 022 Lockup
Resisted Arrest? No

TRR Completed? No

Beat: 2211

Total No Arrested: 1    Co-Arrests    Assoc Cases

DCFS Ward ? No

Dependent Children? No

**CHARGES**

1    Offense As Cited    720 ILCS 5.0/12-1-A
                        ASSAULT - SIMPLE
                        Class C - Type M

Victim
Hosty, William

25 MAR

**RECOVERED NARCOTICS**

NO NARCOTICS RECOVERED

FILED
FEB 24 2014

141514709

**WARRANT**

NO WARRANT IDENTIFIED

Exhibit 1 page 6 of 12

powered by CLEAR technology

C10-3

## ARRESTEE PROPERTY LOG
### CHICAGO POLICE DEPARTMENT

Unit: 022   Date: 16 FEB 14

| | C.B. No. | Name of Arrestee (Last, First) | Property Receipt No. | R=Released to Arrestee T=Transported to Court (Inventoried in E-Track) | Date |
|---|---|---|---|---|---|
| 1 | | 3RD WATCH 16 FEB 14 | | | |
| 2 | | 1st Watch | 17 Feb 14 | T | |
| 3 | 18837766 | McGee, Edward | 2019930 | | |
| 4 | 18837531 | Rogers, Dwight | 2019931 | | |
| 5 | | 3RD WATCH 17 FEB 14 | | R | 17 FEB 14 |
| 6 | 18838144 | MINLEY, KWAN | 2019932 | | |
| 7 | 18838131 | BAILEY, EDMUND | 2019933 | | |
| 8 | 18838158 | BRADFORD STANLEY | 2019934 | | |
| 9 | 18838176 | DEWAR, DAVID | 2019935 | 2014 | T FEB |
| 10 | | | FEB | | |
| 11 | 18838189 | TERRENCE JENKINS | 2019936 | | |
| 12 | 18838343 | MICHAEL BURKE | 2019937 | | |
| 13 | 18838312 | GORDEN DEE NAN | 2019938 | | |
| 14 | | 3RD WATCH 18 FEB 2014 | | | |
| 15 | | 1st Watch 19 Feb 2014 | | T | |
| 16 | 18838846 | WILLIAM BLUMENBERG | 2019939 | | |
| 17 | 18838887 | PEOPLE, DEROSE | 2019940 | T | |
| 18 | 18838917 | LARRY WILLIAMS | 2019941 | T | |
| 19 | 18838955 | John WILLIAMS | 2019942 | | |
| 20 | 18838988 | KNIGHT | 2019943 | | |
| 21 | 18839010 | Davis, Robert | 2019944 | R | |
| 22 | 18838924 | Sale, Europe | 2019946 | | |
| 23 | 18838908 | PHILLIP SIM | 2019947 | | |
| 24 | | | | | |
| 25 | | | | | |

CPD 21.972 (8/07)



Dewar, 16 C 2287

FCRL 000109

**PERSONAL PROPERTY RECEIPT**
CHICAGO POLICE DEPARTMENT

RECEIPT NO. P2019935

| DATE RECEIVED | DISTRICT/UNIT NO. |
|---|---|

THE FOLLOWING LISTED PROPERTY
WAS TAKEN FROM THE PERSON OF:

NAME OF OWNER

| OWNER'S ADDRESS | CITY | C.B. NO. |
|---|---|---|

TAKEN INTO CUSTODY BY—OFFICER(S) NAME(S) | STAR NO.

| QTY | ITEM | QTY | ITEM |
|---|---|---|---|
| CASH $ | | | |
| | | | |

LOCKUP KEEPER (SIGNATURE)                 STAR NO.

DESK OFFICER (SIGNATURE)                   STAR NO.

CPD-11.502 (Rev. 8/79)    **DETENTION FACILITY COPY**
(SEE OTHER SIDE)
· DO NOT DETACH THIS PERMANENT COPY FROM THE BOOK.

| DATE PROPERTY RECEIVED | C.B. NO. |
|---|---|

DESK OFFICER (SIGNATURE)                   STAR NO.
BY

PROPERTY OWNER (SIGNATURE)
FROM

SHOW THIS RECEIPT NO. ON PROPERTY INVENTORY. ➡

PROPERTY INVENTORY
NO.                                        RECEIPT NO. P2019935

CPD-11.502 (Rev. 8/79)    **OWNER'S RECEIPT COPY**
(SEE OTHER SIDE)
TO REMOVE CARBON & DISCARD.    3. LEAVE DUPLICATE IN BOOK.

---

**PERSONAL PROPERTY RECEIPT**
CHICAGO POLICE DEPARTMENT

RECEIPT NO. P2019935

| DATE RECEIVED | DISTRICT/UNIT NO. |
|---|---|
| 17 8 FEB 14 | 022 |

THE FOLLOWING LISTED PROPERTY
WAS TAKEN FROM THE PERSON OF:

NAME OF OWNER   DEWAR, DAVID

| OWNER'S ADDRESS | CITY | C.B. NO. |
|---|---|---|
| 11347 S. MILLARD | | 18838176 |

TAKEN INTO CUSTODY BY—OFFICER(S) NAME(S)  FELMON    9121

| QTY | ITEM | QTY | ITEM |
|---|---|---|---|
| CASH $ | 0 | 1 | STRING |
| 1 | BELT | | |
| 1 | PAIR OF LACES | | |
| X | | | |

LOCKUP KEEPER (SIGNATURE)                 STAR NO.

DESK OFFICER (SIGNATURE)                   STAR NO.

CPD-11.502 (Rev. 8/79)    **OWNER'S RECEIPT COPY**
(SEE OTHER SIDE)

| DATE PROPERTY RECEIVED | C.B. NO. |
|---|---|
| 17 FEB 14 | 18838176 |

DESK OFFICER (SIGNATURE)                   STAR NO.
BY

PROPERTY OWNER (SIGNATURE)
FROM X

ATTACH THIS LOWER PORTION TO THE PROPERTY ENVELOPE.

**OFFICER'S RECEIPT**                      RECEIPT NO. P2019935

---

the property.
person at the District authorized on the reverse side to
Your property.

Dewar, 16 C 2287

FCRL 000110



C10-6



Daves Cell
Phone
not logged
in
Evidence Property
Envelope
- NO INVENTORY #
& No E-TRACK.
INVENTORY
#

(C10) CLAIM# 11 - 12 PAGES

# TITLE 18, U.S.C., SECTION 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

May 21, 2013 at 6:44am

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnaping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death. This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race. Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs. Title 42, U.S.C., Section 14141 Pattern and Practice Title 42, U.S.C., Section 14141: makes it unlawful for state or local law enforcement agencies to allow officers to engage in a pattern or practice of conduct that deprives persons of rights protected by the Constitution or laws of the United States. This law is commonly referred to as the Police Misconduct Statute. This law gives DOJ the authority to seek civil remedies in cases where it is determined that law enforcement agencies have policies or practices which foster a pattern of misconduct by employees. This action is directed against an agency, not against individual officers. The types of issues which may initiate a Pattern and Practice investigation include: 1. Lack of supervision/monitoring of officers' actions. 2. Officers not providing justification or reporting incidents involving the use of force. 3. Lack of, or improper training of officers. 4. A department having a citizen complaint process which treats complainants as adversaries. Whenever the Attorney General has reasonable cause to believe that a violation has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice. Types of misconduct covered include, among other things: 1. Excessive Force 2. Discriminatory Harassment 3. False Arrest 4. Coercive Sexual Conduct 5. Unlawful Stops, Searches, or Arrests Title 18, U.S.C., Section 241 Conspiracy Against Rights This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same). It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured. Punishment varies

from a fine or imprisonment of up to ten years, or both; and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years, or for life, or may be sentenced to death. It is a crime for one or more persons acting under color of law willfully to deprive or conspire to deprive another person of any right protected by the Constitution or laws of the United States. "Color of law" simply means that the person doing the act is using power given to him or her by a governmental agency (local, state or federal). Criminal acts under color of law include acts not only done by local, state, or federal officials within the bounds or limits of their lawful authority, but also acts done beyond the bounds of their lawful authority. Off-duty conduct may also be covered under color of law, if the perpetrator asserted their official status in some manner. Color of law may include public officials who are not law enforcement officers, for example, judges and prosecutors, as well as, in some circumstances, non governmental employees who are asserting state authority, such as private security guards. While the federal authority to investigate color of law type violations extends to any official acting under "color of law", the vast majority of the allegations are against the law enforcement community. The average number of all federal civil rights cases initiated by the FBI from 1997 -2000 was 3513. Of those cases initiated, about 73% were allegations of color of law violations. Within the color of law allegations, about 82% were allegations of abuse of force with violence (59% of the total number of civil rights cases initiated). Investigative Areas Most of the FBI's color of law investigations would fall into five broad areas: 1. excessive force; 2. sexual assaults; 3. false arrest/fabrication of evidence; 4. deprivation of property; and 5. failure to keep from harm. In making arrests, maintaining order, and defending life, law enforcement officers are allowed to utilize whatever force is "reasonably" necessary. The breath and scope of the use of force is vast. The spectrum begins with the physical presence of the official through the utilization of deadly force. While some types of force used by law enforcement may be violent by their very nature, they may be considered "reasonable," based upon the circumstances. However, violations of federal law occur where it can be shown that the force used was willfully "unreasonable" or "excessive" against individuals. Sexual assaults by officials acting under "color of law" could happen in a variety of venues. They could occur in court scenarios, jails, and/or traffic stops to name just a few of the settings where an official might use their position of authority to coerce another individual into sexual compliance. The compliance is generally gained because of a threat of an official action against the other if they do not comply. The Fourth Amendment of the United States Constitution guarantees the right against unreasonable searches or seizures. A law enforcement official using his authority provided under the "color of law" is allowed to stop individuals and even if necessary to search them and retain their property under certain circumstances. It is in the abuse of that discretionary power that a violation of a person's civil rights might occur. An unlawful detention or an illegal confiscation of property would be examples of such an abuse of power. An official would violate the color of law statute by fabricating evidence against or conducting a false arrest of an individual. That person's rights of due process and unreasonable seizure have been violated. In the case of deprivation of property, the official would violate the color of law statute by unlawfully obtaining or maintaining the property of another. In that case, the official has overstepped or misapplied his authority. The Fourteenth Amendment secures the right to due process and the Eighth Amendment also prohibits the use of cruel and unusual punishment. In an arrest or detention context, these rights would prohibit the use of force amounting to punishment (summary judgment). The idea being that a person accused of a crime is to be allowed the opportunity to have a trial and not be subjected to punishment without having been afforded the opportunity of the legal process. The public

entrusts its law enforcement officials with protecting the community. If it is shown that an official willfully failed to keep an individual from harm that official could be in violation of the color of law statute. The Supreme Court has had to interpret the United States Constitution to construct law regulating the actions of those in the law enforcement community. Enforcement of these provisions does not require that any racial, religious, or other discriminatory motive existed. Title 42 Penalties For Government Officers The AUTHORITY FOR FINES (DAMAGES) CAUSED BY CRIMES BY GOVERNMENT OFFICERS. These Damages were determined by GOVERNMENT itself for the violation listed. Breach Penalty Authority VIOLATION OF OATH OF OFFICE $250,000.00 18 USC 3571 DENIED PROPER WARRANT(S) $250,000.00 18 USC 3571 DENIED RIGHT OF REASONABLE DEFENSE ARGUMENTS $250,000.00 18 USC 3571 DEFENSE EVIDENCE (RECORDS) $250,000.00 18 USC 3571 DENIED RIGHT TO TRUTH IN EVIDENCE $250,000.00 18 USC 3571 SLAVERY (Forced Compliance to contracts not held) $250,000.00 18 USC 3571 DENIED PROVISIONS IN THE CONSTITUTION $250,000.00 18 USC 3571 TREASON (combined above actions). $250,000.00 18 USC 3571 GENOCIDE $1,000,000.00 18 USC 1091 MISPRISION OF FELONY $500.00 18 USC 4 CONSPIRACY $10,000.00 18 USC 241 EXTORTION $5,000.00 18 USC 872 MAIL THREATS $5,000.00 18 USC 876 FRAUD $10,000.00 18 USC 1001 FALSIFICATION OF DOCUMENTS $10,000.00 18 USC 1001 PERJURY $2,000.00 18 USC 1621 SUBORNATION OF PERJURY $2,000.00 18 USC 1622 GRAND THEFT (18 USC 2112) each $250,000.00 To determine multiply no. of counts by damage 18 USC 3571 RACKETEERING (Criminal) $25,000.00 18 USC 1963 RACKETEERING (Civil) Wages Taken $x3 = 5? 18 USC 1964 (Sustained Damages [total] x 3) Thirty-seven (37) Constitutional violations from Count 1: = $9,250,000.00 Damages Dealing with claims of "immunity." Any claim of " immunity" is a fraud because, if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under U.S. Constitution Article 2, Section IV; as well as 18 USC 241, 42 USC 1983, 1985, 1986, and other state Constitutions. Precedents of Law established by COURT cases, which are in violation of law, render violations of law legally unassailable. Such a situation violates several specifically stated intents and purposes of the Constitution set forth in the Preamble; to establish justice, insure domestic tranquility, and secure the-blessings of liberty. This is for JUDGES, or anyone in any branch of government. SEVEN ELEMENTS OF JURISDICTION: 1. The accused must be properly identified, identified in such a fashion there is no room for mistaken identity. The individual must be singled out from all others; otherwise, anyone could be subject to arrest and trial without benefit of "wrong party" defense. Almost always, the means of identification is a person's proper name, BUT ANY MEANS OF IDENTIFICATION IS EQUALLY VALID IF SAID MEANS DIFFERENTIATES THE ACCUSED WITHOUT DOUBT. (There is no constitutionally valid requirement you must identify yourself, see 4th Amendment; also see, Brown vs. Texas, 443 US 47 and Kolender v. Lawson 461 US 352.) 2. The statute of offense must be identified by its proper or common name. A number is insufficient. Today, a citizen may stand in jeopardy of criminal sanctions for alleged violation of statutes, regulations, or even low-level bureaucratic orders (example: colorado National Monument Superintendent's Orders regarding an unleashed dog or a dog defecating on a trail). If a number were to be deemed sufficient, government could bring new and different charges at any time by alleging clerical error. For any act to be triable as an offense, it must be declared to be a crime. Charges must negate any exception forming part of the statutory definition of an offense, by affirmative non-applicability. In other words, any charge must affirmatively negate any exception found in the law. 3. The acts of alleged offense must be described in non-prejudicial language and detail so as to enable a person of average intelligence to understand nature of charge (to enable preparation of defense); the actual act or

acts constituting the offense complained of. The charge must not be described by parroting the statute; not by the language of same. The naming of the acts of the offense describes a specific offense whereas the verbiage of a statute describes only a general class of offense. Facts must be stated. Conclusions cannot be considered in the determination of probable cause. 4. The accuser must be named. He/she may be an officer or a third party, but some positively identifiable person (human being) must accuse; some certain person must take responsibility for the making of the accusation, not an agency or an institution. This is the only valid means by which a citizen may begin to face his accuser. Also, the injured party (corpus delicti) must make the accusation. Hearsay evidence may not be provided. Anyone else testifying that they heard that another party was injured does not qualify as direct evidence. 5. The accusation must be made under penalty of perjury. If perjury cannot reach the accuser, there is no accusation. Otherwise, anyone may accuse another falsely without risk. 6. To comply with the five elements above, that is for the accusation to be valid, the accused must be accorded due process. Accuser must have complied with law, procedure and form in bringing the charge. This includes court-determined probable cause, summons and notice procedure. If lawful process may be abrogated in placing a citizen in jeopardy, then any means may be utilized to deprive a man of his freedom, and all dissent may be stifled by utilization of defective process.7. The court must be one of competent jurisdiction. To have valid process, the tribunal must be a creature of its constitution, in accord with the law of its creation, i.e., Article III judge. Lacking any of the seven elements or portions thereof, (unless waived, intentionally or unintentionally) all designed to ensure against further prosecution (double jeopardy); it is the defendant's duty to inform the court of facts alleged for determination of sufficiency to support conviction, should one be obtained. Otherwise, there is no lawful notice, and charge must be dismissed for failure to state an offense. Without lawful notice, there is no personal jurisdiction and all proceedings prior to filing of a proper trial document in compliance with the seven elements is void. A lawful act is always legal but many legal acts by government are often unlawful. Most bureaucrats lack elementary knowledge and incentive to comply with the mandates of constitutional due process. They will make mistakes. Numbers beyond count have been convicted without benefit of governmental adherence to these seven elements. Today, informations are being filed and prosecuted by "accepted practice" rather than due process of law.

**FLOW CHART OF CHICAGO POLICE DEPARTMENT OFFENDER ARREST TO RELEASE
PROCEDURAL STEPS**



Disturbance or, Call police direct

Call 911

(It takes several minutes to dispatch car)

Police Arrive

Police talk to both parties involved ——→ No Arrest

Arrest                                                    Verbal warning

Victim signs complaint

Police get RD number on scene and give victim a VIN (Victim Information Notice).

Offender searched and handcuffed.

Offender placed into police car and transported to station.

Offender brought into lockup.

2,



Officers take personal property of value from offender (Bag #1) and non-value (Bag #2).

Police finish case incident report and complaint and fill out arrest report.

Inventories are done, if any, through (E-Track).

[Offender given his copy of inventory receipt while still in lock up. This and all property of value like personal cell phone, etc. This is a computerized printout of a E-Track inventory receipt.]

Desk sergeant approves case report and arrest report.

Watch commander approves arrest report.

Offender removed from lock up for picture taken, fingerprinted and receives personal property receipt (non-value items).

Offender in lock up waiting for fingerprints to clear.

Desk sergeant gives I-Bond, D-Bond or cash bond required or they go to court.

Offender signs bond and then signs (E-Track inventory items of value on a tablet/pad for E-Track) and given property from lock up in unsealed, Evidence-Property Envelope (Bag #1) and offender signs for personal property receipt (Items of non-value) and given items from lock up in a clear sealed bag (Bag #2).

Offender free to go and leave police station.

NOTE: Personal property items of value that are put in the unsealed Evidence-Property Envelope (Bag #1) are then put in a holding cabinet or safe until the offender is released and given to them once they sign for it through the E-Track Inventory system.

NOTE: Regardless if the offender has their arrest expunged from their records, the E-Track Inventory system will still maintain those records.

| | | |
|---|---|---|
| | | CONFIDENTIALITY Order signed by the Honorable Virginia M. Kendall on 1/11/2017. Mailed notice(lk, ) (Entered: 01/11/2017) |
| 01/11/2017 | 37 | QUALIFIED HIPAA and MHDDCA Protective Order signed by the Honorable Virginia M. Kendall on 1/11/2017. Mailed notice(lk, ) (Entered: 01/11/2017) |
| 01/11/2017 | 38 | EXHIBITS by Plaintiff David A Dewar. (aee, ) (Entered: 01/12/2017) |
| 01/11/2017 | 39 | AMENDED CIVIL Cover Sheet. (aee, ) (Entered: 01/12/2017) |
| 01/24/2017 | 40 | STATEMENT by David A Dewar (Exhibits). (aee, ) (Entered: 01/25/2017) |
| 03/22/2017 | 41 | MOTION by Defendants M.K. Devine, T.J. Felmon, C.J. Long for extension of time to complete discovery *(first, agreed)* (Bauer, Kelly) (Entered: 03/22/2017) |
| 03/22/2017 | 42 | NOTICE of Motion by Kelly C. Bauer for presentment of motion for extension of time to complete discovery 41 before Honorable Virginia M. Kendall on 3/27/2017 at 09:30 AM. (Bauer, Kelly) (Entered: 03/22/2017) |
| 03/23/2017 | 43 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Unopposed Motion for extension of time to complete discovery 41 is granted. End of Fact Discovery ordered closed by 6/16/2017. End of Fact Discovery Status hearing reset for 6/19/2017 at 9:00 AM. Motion hearing set for 3/27/2017 is stricken. Mailed notice (lk, ) (Entered: 03/23/2017) |
| 06/02/2017 | 44 | MOTION by Plaintiff David A Dewar for extension of time for surgery (Exhibits) (nsf, ) (Entered: 06/02/2017) |
| 06/02/2017 | 45 | NOTICE of Motion by David A Dewar for presentment of extension of time 44 before Honorable Virginia M. Kendall on 6/7/2017 at 09:00 AM. (nsf, ) (Entered: 06/02/2017) |
| 06/05/2017 | 46 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiff's Motion for extension of time to complete Discovery 44 is granted. End of Fact Discovery ordered closed by 9/13/2017. End of Fact Discovery Status hearing reset for 9/18/2017 at 9:00 AM. Motion hearing set for 6/7/2017 is stricken. Mailed notice (lk, ) (Entered: 06/05/2017) |
| 08/18/2017 | 47 | MOTION by Plaintiff David A Dewar for extension of time for surgery. (ags, ) (Entered: 08/18/2017) |
| 08/18/2017 | 48 | NOTICE of Motion by David A Dewar for presentment of extension of time 47 before Honorable Virginia M. Kendall on 8/23/2017 at 09:00 AM (exhibit). (ags, ) (Entered: 08/18/2017) |
| 08/18/2017 | 49 | RETURN of Service of Subpoena returned Executed on 8/4/2017 as to Chicago Police Department, 3510 S. Michigan Ave., Chicago, IL 60653. (ph, ) (Entered: 08/21/2017) |
| 08/18/2017 | 50 | |

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

David A Dewar )
Plaintiff )
)
v. )
)
)
Defendant )

Felmon, Devine, Lungs
& CPD

**Case Number:** 16-CV-2287

**Judge:** Virginia Kendall

**Magistrate Judge:**

Investigation of Chicago Police Department Findings
of USDOJ Northern District of Illinois
showing CPD Patterns in policing that are Negative.

## RECEIVED

JAN 2 4 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

David a. Dewar        1/24/2017

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# TABLE OF CONTENTS

EXECUTIVE SUMMARY .................................................................................................. 1

I. BACKGROUND .......................................................................................................... 16

    A. Chicago, Illinois ................................................................................................ 16

    B. Chicago Police Department ............................................................................... 17

    C. Chicago's Accountability Systems ..................................................................... 18

    D. Historical Background of Reform in Chicago .................................................... 18

    E. Federal Involvement in Chicago ........................................................................ 20

    F. Investigation of the Chicago Police Department ................................................ 21

II. CPD ENGAGES IN A PATTERN OR PRACTICE OF UNCONSTITUTIONAL USE OF FORCE ........................................................................................................ 22

    A. CPD Uses Deadly Force in Violation of the Fourth Amendment and Department Policy ................................................................................................................... 25

    B. CPD Uses Less-Lethal Force in Violation of the Fourth Amendment and Department Policy .............................................................................................. 32

    C. Video Evidence Suggests a Broader Pattern or Practice of Unconstitutional Use of Force .................................................................................................................. 36

    D. CPD Does Not Effectively Use Crisis Intervention Techniques to Reduce the Need for Force ........................................................................................................... 37

    E. CPD's Failure to Accurately Document and Meaningfully Review Officers' Use of Force Perpetuates a Pattern of Unreasonable Force ......................................... 41

    F. CPD's New De-escalation Training and Proposed Policy Revisions Should be Expanded and Sustained ................................................................................... 45

III. CHICAGO'S DEFICIENT ACCOUNTABILITY SYSTEMS CONTRIBUTE TO CPD'S PATTERN OR PRACTICE OF UNCONSTITUTIONAL CONDUCT ......... 46

    A. Chicago's Systems for Investigating Police Conduct ....................................... 48

    B. The City Has Put in Place Policies and Practices that Impede the Investigation of Officer Misconduct ............................................................................................ 50

    C. Investigations That CPD Does Conduct Are Neither Complete Nor Fair ......... 56

    D. Insufficient Staffing Contributes to IPRA's Investigative Deficiencies ........... 71

    E. Investigations Lack Timely Resolutions, Undermining the Quality of Investigations and Credibility of the Process ........................................................................... 72

    F. CPD and the City Do Not Take Sufficient Steps to Prevent Officers from Deliberately Concealing Misconduct ................................................................. 74

    G. The City's Discipline System Lacks Integrity and Does Not Effectively Deter Misconduct ....................................................................................................... 80

    H. Chicago's Police Board .................................................................................... 84

I. The City's Police Accountability Ordinance and Similar Efforts to Correct the Problems Our Investigation Identified ............................................................................ 92

IV. **CPD DOES NOT PROVIDE OFFICERS WITH SUFFICIENT DIRECTION, SUPERVISION, OR SUPPORT TO ENSURE LAWFUL AND EFFECTIVE POLICING** ........................................................................................................ **93**

93

A. Training ........................................................................................................ 105

B. Supervision ................................................................................................... 118

C. Officer Wellness and Safety ......................................................................... 124

D. Data Collection and Transparency ............................................................... 129

E. Promotions .................................................................................................... 

V. **CPD MUST BETTER SUPPORT AND INCENTIVIZE POLICING THAT IS LAWFUL AND RESTORES TRUST AMONG CHICAGO'S MARGINALIZED COMMUNITIES** ...................................................................................... **134**

A. CPD's Move to Restore True Community Policing Will Be Difficult But Is Promising ...................................................................................................... 136

B. CPD Must Change Practices to Restore Trust and Ensure Lawful Policing ... 139

C. A Trust-Building, Community-Focused Approach to Policing Will Better Promote Lawful Policing and Public Safety ................................................................ 150

150

VI. **RECOMMENDATIONS** .................................................................................. **151**

A. Use of Force .................................................................................................. 154

B. Accountability ............................................................................................... 156

C. Training .......................................................................................................... 156

D. Supervision .................................................................................................... 157

E. Officer Wellness and Safety .......................................................................... 158

F. Data Collection and Transparency ................................................................ 159

G. Promotions ..................................................................................................... 160

H. Community Policing .......................................................................................

# Investigation of the Chicago Police Department



United States Department of Justice
Civil Rights Division
and
United States Attorney's Office
Northern District of Illinois

January 13, 2017

(S) SUMMARY - 8 Pages S-1

y, February 7, 2018

## Chicago Tribune

# CHICAGOLAND

# Law Department official resigns

### Move comes after city's latest failure to turn over evidence

BY JASON MEISNER AND STACY ST. CLAIR
Chicago Tribune

The head of the Chicago Law Department's civil rights litigation division lost her job last week after a federal judge excoriated the city's record of failing to turn over evidence in police misconduct cases, the Chicago Tribune has learned.

Liza Franklin, who oversaw a team of 60 attorneys and support staff handling mostly lawsuits against the police, resigned from her $140,000-a-year position amid the fallout over accusations that her office failed to turn over evidence in the August 2015 police shooting that wounded Jaquise Evans, several sources said.

Calls to Franklin's direct line at work on Tuesday went to a personalized voicemail message that said she was "no longer employed by the city of Chicago Department of Law" and referred callers to another city attorney for assistance.

A Law Department spokesman would not confirm Franklin's resignation, citing the city's policy to refrain from commenting on personnel matters.

Franklin's resignation was the highest profile casualty yet in a string of troubles for the beleaguered Law Department. According to her online biography, Franklin was responsible for more than 400 "in-house" cases pending against police officers and monitored nearly another 100 other cases that were being handled by outside counsel.

The Tribune first reported Friday that Corporation Counsel Edward Siskel sent a memo to staff last week announcing that one Law Department attorney had resigned and two others were suspended over the withholding of evidence in a recent lawsuit.

The two-page memo did not identify the attorneys involved or the case that led to the discipline, but Siskel explained that the attorneys' failure to meet professional standards breached the public trust.

"Any failure to meet those standards can quickly erode the trust the public places in us, and mistakes can have lasting, significant consequences that damage our collective reputation with judges, opposing counsel and taxpayers," Siskel wrote in the memo.

Also disciplined was Assistant Corporation Counsel Scott Cohen, who was suspended for 30 days without pay, and Assistant Corporation Counsel Bret Kabacinski, who received a five-day unpaid suspension, according to several sources familiar with the matter.

The move came a little over a week after all three attorneys were ripped in court by U.S. District Judge Rebecca Pallmeyer for their conduct in the Evans lawsuit.

Evans' lawyers had accused the city of failing to turn over crucial evidence in the case, including several citizen complaints against Sgt. Richard Salvador that were only disclosed in the eleventh hour as well as a Facebook video depicting Salvador threatening and verbally abusing a handcuffed suspect just weeks before the officer shot Evans.

Pallmeyer was already considering issuing sanctions for those issues when it was revealed that Salvador was named in another recent civil rights lawsuit, even though he had testified under oath that he wasn't involved in any other litigation. In fact, Salvador was represented in both cases by Cohen, who failed to notify Evans' attorneys about the suit.

In a court hearing Jan. 19, Franklin tried to explain that the mix-up was a simple oversight on Cohen's part, leading to a testy exchange with the judge.

"How can it be that (Salvador) didn't know he was being sued?" Pallmeyer



Franklin

asked. "Who dropped the ball?"

"I can make no representations for why he did not remember this incident or represented that, to his knowledge, he was not a defendant," Franklin responded. "But he had to have been served personally because that is the procedure in the Police Department."

Pallmeyer shot back, "So now you're telling me that your client committed perjury?"

"I am not because I cannot say that he knowingly testified to a falsehood," Franklin said.

The judge also blasted the Law Department's record in other civil rights lawsuits in the Dirksen U.S. Courthouse. In case after case, judges have imposed monetary and other legal sanctions after the city was caught withholding documents or failing to meet its burden on discovery, the legal process that allows the two sides in a lawsuit to uncover relevant facts through the exchange of documents.

"I think it's time for someone to step up to how the city generally is handling the defense of these cases, how it's keeping records," Pallmeyer said. "Because the number of times there have been problems of one nature or another has just escalated, and this episode is as distressing as any."

Near the end of the hearing, Franklin promised Pallmeyer she would file a memo explaining how the Law Department would correct problems going forward. Nothing was ever filed, however, because the city agreed to settle the Evans lawsuit a week later, minutes before a hearing on possible sanctions was set to begin.

jmeisner@chicagotribune.com
sstclair@chicagotribune.com

# $20M settlement advances in Chicago cop's deadly DUI, despite concerns over liability for off-duty behavior



Chicago aldermen on Feb. 26, 2018, agreed to pay $20 million to the families of two men who were killed when their car was hit by drunken off-duty Detective Joseph Frugoli. (Abel Uribe / Chicago Tribune)

By **John Byrne**
Chicago Tribune

FEBRUARY 26, 2018, 4:40 PM

**A**ldermen sharply questioned a proposed $20 million payment to the families of two men who were killed when their vehicle was struck by a drunken off-duty Chicago police detective, saying they worry the deal would leave the city liable for all manner of behavior by police in their free time.

The City Council Finance Committee eventually agreed to pay $10 million to each family, after city lawyer Jenny Notz warned that the costs for taxpayers could be much higher if a jury ruled in the lawsuit. The two men died in 2009 when off-duty Detective Joseph Frugoli slammed into their car.

*Aldermen rarely push back against a recommended deal in a suit against the city, but they expressed* concern about the precedent this one could set before eventually voting to send it to the full City Council.

"This to me seems to open us up to any type of action that somebody says, 'Well, you all didn't discipline this person here because he did x,' and now all of the taxpayers are liable for his private actions," said Ald. Jason Ervin, 28th. "That's, I can't go for that. That's a huge leap you're asking us to take here."

But Finance Committee Chairman Ald. Ed Burke, 14th, pointed out Frugoli had gotten in two prior car crashes and had been suspended for an alcohol-fueled 1992 Bridgeport bar fight in which records showed he punched a man in the face and yelled, "Nobody messes with the Frugolis!"



Records of the fight only surfaced after Frugoli testified during the trial that he had been disciplined for it. Lawyers for the victims' families then asked U.S. District Judge Virginia Kendall to sanction the city for failing to comply with the routine exchange of evidence known as discovery.

Frugoli was convicted of aggravated DUI and leaving the scene of a fatal accident in the deaths of Andrew Cazares and Fausto Manzera, and is serving an eight-year sentence in state prison.

Also Monday, the Finance Committee approved a $1.35 million settlement with the family of Michael Jansson, who was missing for 11 years before police discovered his body in 2012 inside a car at the bottom of the Chicago River near Goose Island, according to Notz.

Jansson drove away from a nearby bar in 2001, after getting thrown out of the establishment by bouncers for arguing with people inside. His family sued the city after his body was found, arguing Jansson drove into the river because warning signs on a nearby street weren't properly maintained, Notz said.

Aldermen also approved a contract for Annapolis, Md.-based Aeroterm to issue up to $150 million in bonds for various expansion projects at O'Hare International Airport. The company would be using the city's credit to lower its interest on the bonds. The bonds would not be paid for using taxpayer money.

And they approved an ordinance to amend the leases of cargo facilities and hangars at O'Hare, a change Aviation Department officials said would increase the annual revenue from those leases from about $4 million to about $41 million. The additional money will be used to maintain the facilities and to help fund O'Hare expansion work.

[ off Duty Detective
Joseph Frugoli ]

[ February 26, 2018
Chicago Tribune by
John Byrne ]

*The committee also gave the go-ahead for landmark tax incentives for the old main post office building. The tax breaks for the historic building — one of the sites Mayor Rahm Emanuel has proposed as a location for the new Amazon headquarters Chicago is bidding for against other cities — would save developers about $100 million in taxes over 12 years, according to city planning officials.*

All the items that passed the Finance Committee will be considered Wednesday by the full City Council.

*jebyrne@chicagotribune.com*

*Twitter @_johnbyrne*

**RELATED**

- Chicago to pay $20 million to settle code-of-silence lawsuit over fatal crash caused by drunken cop, sources say »

City abruptly settles 'code of silence' lawsuit during closing arguments after lawyers admit disclosure failure »

Chicago fails to disclose cop's arrest in drunken bar fight until middle of wrongful death trial, drawing judge's rebuke »

Copyright © 2018, Chicago Tribune

**This article is related to:** Drunk Driving, Jason C. Ervin, Chicago Police Department

# cago͟Tribune

IBUNE · MONDAY, JANUARY 2, 2017 · BREAKING NEWS AT CHICAGOTRIBUNE.COM

**ALE**
**EARS 10**



JOSE M. OSORIO/CHICAGO TRIBUNE

ay's season-ending loss that he "never worried about job security" and is "not going to start now."

# k for more?

on, Fox likely to return as Bears coach

bosses that he would

# FOIA lawsuits ran city $670K

Clashes over open records law costing Chicago taxpayers

**BY GREGORY PRATT**
Chicago Tribune

The city of Chicago paid out more than $670,000 last year to plaintiffs in lawsuits alleging that officials violated open records law — nearly five times what the city paid in the previous eight years combined.

Experts and attorneys said the mounting payouts in Freedom of Information Act cases raise concerns about Mayor Rahm Emanuel's pledge to run "the most open, accountable and transparent government that the city of Chicago has ever seen." They said the increase may be attributable to a broader awareness of the public's right to records spurred by high-profile cases such as the Laquan McDonald shooting.

The Emanuel administration, which still faces 54 lawsuits alleging open records violations, says it has added resources to provide public information more efficiently.

But critics, such as Torreya Hamilton, a former prosecutor who runs her own civil rights law firm and has sued the city alleging FOIA violations, ques-

## son, Fox likely to return as Bears coach



**DAVID HAUGH**
*In the Wake of the News*

uestions regarding his situa-
on, a football Fox trot, if you
rill. Asked if he had requested
r received assurance from his

bosses that he would return
after the Bears' worst season
since the NFL adopted a 16-
game schedule in 1978. Fox was
at his ambiguous best.

"You know, I really haven't,"
said Fox, 9-23 in two seasons.
"I've been doing this a long time.
I've never worried about job
security. And I'm not going to
start now."

But did the veteran of 15
seasons as an NFL head coach
have a sense of what to expect

on what the league traditionally
refers to as Black Monday? As
many as five teams already were
preparing coaching searches
even before Week 17 started.
And the only constant in NFL
coaching is change, a reality
reinforced by Bears Chairman
George McCaskey presiding
over four general manager-
coach combinations since taking
over in 2011.

*Turn to Haugh, Page 7*

ars' dreadful 2016 season mercifully over, the offseason should prove eventful. **Chicago Sports**

---

tion the city's commitment.

"The taxpayers of the city
of Chicago are paying for
the city to break the law,"
Hamilton said.

Jeffrey M. Shaman, a
DePaul University profes-
sor who teaches constitu-
tional law and the First
Amendment, said the city's
spike in lawsuits and pay-
ments "makes one wonder
if the city is willing to
comply in good faith with
the requirements of FOIA."

The $670,122 total is
spread out over 27 cases
under FOIA, the state law
giving the public access to
government records, that
were brought by taxpayers,
advocacy groups and media
organizations, including the
Chicago Tribune. FOIA al-
lows some plaintiffs who
sue for records to recover
money for lawyers' fees and
costs.

In a Law Department
statement, the city said it

*Turn to FOIA, Page 8*

---

## Gunman still at large after attack at nightclub

The assault in Turkey,
which targeted a posh,
sprawling venue popular
with Istanbul's elite and left
39 dead, recalled similar
attacks in Paris in 2015 and
in Orlando in 2016. And like
the previous attacks — with
their tally of young victims,
all of whom had been en-
joying a night out — Sat-
urday's carnage left Istan-
bul reeling from a similar
sense of shock and grief.
**Nation & World, Page 9**

---

## ins ony' ath

ys later, 21-
ris vanished

a group of
home from
vinter break,
a lake house
Wisconsin to
celebrate the
hey watched
te hot dogs
d drank beer,
olice records

d 4 a.m. on
omeone real-
ris and three
missing. Sev-
er, footprints
ered in the
to Mill Pond,
n, three-per-
overturned.
ors found a
first. Then a
Inside the
of the friends
rs stared
other.
refighters,



NANCY STONE/CHICAGO TRIBUNE
Parts of Chicago's Lakefront Trail, such as at Oak Street Beach, are especially pinched.

# Tricky in spots: Creating separate bike, ped paths



**MARY WISNIEWSKI**
*Getting Around*

Trail into pedestrian and
bicycle paths, planned
over the next two years,
will raise its own design
puzzles.

That's because parts of
the lakefront — such as
Oak Street Beach and
Belmont Harbor — are
more pinched than oth-

Rahm Emanuel an-
nounced that the city had
received a $12 million
donation from billionaire
Ken Griffin to fund the
lakefront separation proj-
ect. Before the donation
came in, the city had lim-
ited its immediate trail

*2 dead after early*

# Open records lawsuits ran city $

*FOIA, from Page 1*

"works diligently to comply with the Freedom of Information Act and responds to thousands of public information requests each year, with only a small percentage of requests disputed."

"However, there is always room for improvement, and during the past year, the city has dedicated additional resources and provided additional employees to ensure compliance and provide transparency to the public," the statement said. "It is not acceptable for any city department to ignore or unnecessarily delay a response to a request, nor is it acceptable for a department to improperly apply exemptions."

The city's statement reiterated Emanuel's transparency pledges and touted the administration's creation of a data portal and a written policy "that guarantees the public's timely access to video and audio recordings" from police-involved incidents.

Asked how the city justifies the amount paid out over open records lawsuits, the Law Department said the most common reasons it's been sued are "claims of incomplete record searches and incorrectly applied exemptions."

"In these cases, the city works to resolve these cases by providing evidence that searches were reasonable and the exemptions were correctly applied, or by providing additional documents," the statement said. "However, the city has an obligation to defend these suits and ensure that the privacy protections afforded by the FOIA statute

## Chicago and FOIA lawsuits

The city has been repeatedly sued for allegedly violating the Illinois Freedom of Information Act. In the past year, the city has paid out more than half a million dollars in attorneys' fees and costs to plaintiffs.

### CITY PAYOUTS FOR SETTLEMENTS AND JUDGMENTS



Rahm Emanuel as mayor

| 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |
|------|------|------|------|------|------|------|
| $1,834 | 0 | 0 | $35,965 | $62,500 | $34,300 | $670,122 |

SOURCE: City of Chicago

CHICAGO TRIBUNE

are protected."

## Records disputes

Nineteen of the 27 cases with payouts in 2016 involve the Chicago Police Department. Others allege public information violations by the mayor's office, Animal Care and Control, the Office of Emergency Management and Communications, the Department of Finance, the Independent Police Review Authority and the Department of Innovation and Technology.

Some cases allege the city failed to answer FOIA requests at all, but the most costly lawsuits involved larger controversies.

The most expensive open records case in 2016 was journalist Brandon Smith's lawsuit against the city over video showing Laquan McDonald being shot 16 times by police Officer Jason Van Dyke.

Chicago officials fought to withhold the 2014 video, arguing it would interfere with investigations into the shooting. A judge ordered

its release, and the city paid $97,500 in fees and costs, records show.

Emanuel recently acknowledged using personal email accounts to conduct official business and the city agreed to pay $96,275 to settle a Better Government Association lawsuit over an FOIA request for Emanuel's email. The Tribune has a separate, ongoing FOIA lawsuit involving Emanuel's emails about public business conducted on personal devices.

Two other Tribune lawsuits against the city were resolved in the news organization's favor in 2016. One involved emails sent or received by former Chicago police Superintendent Garry McCarthy, in which the city paid $46,000 in attorneys fees and costs. The other sought city communications related to SUPES Academy and its insider deal that led to former Chicago Public Schools chief Barbara Byrd-Bennett's wire fraud conviction. The city paid the Tribune $95,000 in that records

case.

The Tribune sued the Chicago Police Department twice in December, alleging the city failed to provide records as required under FOIA.

"We are disappointed that we continually need to resort to litigation to get access to documents the law requires be made public as a matter of course," Karen Flax, the Tribune's vice president for legal, said in a statement. "The uptick in lawsuits reflects the city's disregard for the importance of the open records law and the fact that the city is understaffed in this area. It is pay now or pay later: If the city would produce the records to which the public is entitled in the first place, we would not need to file lawsuits and incur legal fees which the city then needs to cover."

This summer, a Cook County judge ordered the city to pay $77,697 to the Animal Legal Defense Fund after the organization sued for records related to animal treatment by Animal

Care and Control. The suit stretched on for than two years.

Anthony Eliseuso attorney with Dent downtown law firm also represents the Tr said the animal d fund did not want to s couldn't work the dispute with a leaders.

"We felt this sho been resolved with lawsuit," Eliseuson "That's ultimately w sought fees."

Other FOIA lawsu which the city paid tiffs involved issues si automatic license readers, missed court by police officers an case of Dante Servi Chicago police office fatally shot Rekia B 2012 but was acquitte Cook County judge said prosecutors br the wrong charge.

Even after the McD ruling, Hamilton sai city failed to release from a case invo Heriberto Godinez's 2015 death in police tody. After the city d an FOIA request, Har sued on behalf of Godinez, Heriberto's s

The city finally rel the video in April and Hamilton's firm $19,3 fees and costs, re show.

Hamilton said the handling of that case "absolutely ridiculous beginning to end" and ed there appears to disconnect" between the mayor says about t parency and what hap day to day.

"I hope some of statements the ma making come true, I haven't seen it yet," H ton said.



# Separate paths

uary 2, 2017

# ords lawsuits ran city $670K

## go and FOIA lawsuits

as been repeatedly sued for allegedly violating the Illinois
of Information Act. In the past year, the city has paid out more
: million dollars in attorneys' fees and costs to plaintiffs.



OUTS FOR SETTLEMENTS AND JUDGMENTS

Rahm Emanuel
as mayor

| 0 | 0 | $35,965 | $62,500 | $34,300 | $670,122 |
| 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |

of Chicago

CHICAGO TRIBUNE

---

ed."

## s disputes

ι of the 27 cases
its in 2016 in-
Chicago Police
t. Others allege
e mayor's office,
re and Control,
of Emergency
nt and Commu-
he Department
the Independ-
eview Authority
partment of In-
d Technology.
es allege the city
iswer FOIA re-
l, but the most
suits involved
oversies.
expensive open
e in 2016 was
randon Smith's
nst the city over
wing Laquan
being shot 16
lice Officer Ja-
:e.
officials fought
the 2014 video,
vould interfere
gations into the
judge ordered

its release, and the city paid
$97,500 in fees and costs,
records show.
Emanuel recently ac-
knowledged using personal
email accounts to conduct
official business and the city
agreed to pay $96,275 to
settle a Better Government
Association lawsuit over an
FOIA request for Emanuel's
email. The Tribune has a
separate, ongoing FOIA
lawsuit involving Emanuel's
emails about public busi-
ness conducted on personal
devices.
Two other Tribune law-
suits against the city were
resolved in the news organi-
zation's favor in 2016. One
involved emails sent or re-
ceived by former Chicago
police Superintendent Gar-
ry McCarthy, in which the
city paid $46,000 in at-
torneys fees and costs. The
other sought city communi-
cations related to SUPES
Academy and its insider
deal that led to former
Chicago Public Schools
chief Barbara Byrd-Ben-
nett's wire fraud conviction.
The city paid the Tribune
$95,000 in that records

case.
The Tribune sued the
Chicago Police Department
twice in December, alleging
the city failed to provide
records as required under
FOIA.
"We are disappointed
that we continually need to
resort to litigation to get
access to documents the
law requires be made public
as a matter of course,"
Karen Flax, the Tribune's
vice president for legal, said
in a statement. "The uptick
in lawsuits reflects the city's
disregard for the impor-
tance of the open records
law and the fact that the city
is understaffed in this area.
It is pay now or pay later: If
the city would produce the
records to which the public
is entitled in the first place,
we would not need to file
lawsuits and incur legal fees
which the city then needs to
cover."
This summer, a Cook
County judge ordered the
city to pay $77,697 to the
Animal Legal Defense Fund
after the organization sued
for records related to ani-
mal treatment by Animal

Care and Control. That law-
suit stretched on for more
than two years.
Anthony Eliseuson, an
attorney with Dentons, a
downtown law firm that
also represents the Tribune,
said the animal defense
fund did not want to sue but
couldn't work out
the dispute with agency
leaders.
"We felt this should've
been resolved without a
lawsuit," Eliseuson said.
"That's ultimately why we
sought fees."
Other FOIA lawsuits in
which the city paid plain-
tiffs involved issues such as
automatic license plate
readers, missed court dates
by police officers and the
case of Dante Servin, the
Chicago police officer who
fatally shot Rekia Boyd in
2012 but was acquitted by a
Cook County judge who
said prosecutors brought
the wrong charge.
Even after the McDonald
ruling, Hamilton said the
city failed to release video
from a case involving
Heriberto Godinez's July
2015 death in police cus-
tody. After the city denied
an FOIA request, Hamilton
sued on behalf of Janet
Godinez, Heriberto's sister.
The city finally released
the video in April and paid
Hamilton's firm $19,384 in
fees and costs, records
show.
Hamilton said the city's
handling of that case was
"absolutely ridiculous from
beginning to end" and add-
ed there appears to be "a
disconnect" between what
the mayor says about trans-
parency and what happens
day to day.
"I hope some of the
statements the mayor's
making come true, but I
haven't seen it yet," Hamil-
ton said.

## 'A bit better'

In the eight years prior to
2016, the city paid out
$134,599 in seven cases.
Those disputed records
included documents related
to Ald. Edward Burke's se-
curity detail; a report by a
consulting firm on police
operations; police disciplin-
ary records; and police
equipment.
Most of those cases
stemmed from disputes be-
fore Emanuel took office in
May 2011. None of the
ongoing 54 lawsuits were
filed before 2013, and 36
were filed in 2016.
Matthew Topic, an at-
torney with civil rights firm
Loevy & Loevy, has brought
numerous records lawsuits
against the city, including
the Laquan McDonald vid-
eo lawsuit and the recently
settled Better Government
Association suit over Eman-
uel's emails.
Topic said the city has
shown improvement in its
handling of records re-
quests in the past year. The
Police Department, in par-
ticular, has been "a bit
better" about responding to
FOIA requests, Topic said.
But Topic also said the
city is "a long, long way from
truly complying with the
(law) on a regular basis."
Sarah Brune, executive
director of the Illinois Cam-
paign for Political Reform,
said citizens have made it
clear they're interested in
more transparency from
their government.
"Ideally, these cases
would not be necessary
because the city would be
able to respond in a timely
manner and provide the
information that's re-
quested," Brune said.

*gpratt@chicagotribune.com*
*Twitter @royalpratt*

