IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Dewar, | ) | |
| | ) | |
| *Pro se* Plaintiff, | ) | Case No. 16 CV 2287 |
| | ) | |
| v. | ) | District Judge Virginia Kendall |
| | ) | |
| Chicago Police Department and Chicago | ) | Jury Demand |
| Police Officers T.J. Felmon, M.K. Devine | ) | |
| and C.J. Long, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendant Chicago Police Officers Felmon, Devine and Long (collectively "Defendants"), by and through one of their attorneys, Kelly Bauer, Assistant Corporation Counsel, submit this memorandum of law in support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a) and state as follows:

### INTRODUCTION

Defendants are entitled to summary judgment of all of Plaintiff's claims. First, the undisputed facts clearly demonstrate that probable cause existed for Plaintiff's February 17, 2014 arrest. Plaintiff David Dewar cannot dispute that Mr. Hosty signed a complaint against Plaintiff for assault on February 17, 2014, and there is no evidence that Mr. Hosty's complaint would lead a reasonable officer to be suspicious. Second, Plaintiff admits that he never gave a confession on February 17, 2014, and therefore, Plaintiff was admittedly not coerced into providing a confession. As Plaintiff never gave a confession, any claim that Plaintiff's civil rights were violated as a result of Defendants allegedly not providing Plaintiff with his Miranda rights is moot. Third, as none of Plaintiff's civil rights were violated, it then follows that Defendants did

not conspire to violate any of Plaintiff's civil rights. Lastly, Defendant Long solely reviewed Plaintiff's arrest report and approved probable cause and therefore, all claims against him should be dismissed for lack of personal involvement.

### BRIEF STATEMENT OF FACTS

On February 17, 2014, Officers Felmon and Devine responded to a call for police assistance at 11343 S. Millard Ave., Chicago, Illinois 60655. *See* Defendants' Joint Local Rule 56.1(a) Statement of Uncontested Facts ("SOF") at ¶ 10. Sergeant Long neither responded to the call for police assistance at 11343 South Millard Avenue, Chicago, Illinois 60655, nor assisted in the arrest of Plaintiff David Dewar ("Plaintiff"). SOF at ¶ 25. Once at that location, Defendant Officers Felmon and Devine first spoke to the person identified as the victim, Mr. Hosty, outside of his son's home and then the person identified as the offender, Plaintiff, outside of his and his mother's home. SOF at ¶ 11. The two parties communicated to Officers Felmon and Devine that they had a dispute regarding Mr. Hosty using a snow-blower to blow snow off of his son's driveway. SOF at ¶¶ 13-14. Plaintiff complained to the officers that the snow was being blown onto the windows of his next door home. SOF at ¶ 14. Officers Felmon and Devine investigated the windows and did not observe any snow on the window screen, window ledge, or any disturbed snow at the base of house under the windows. SOF at ¶ 16. Mr. Hosty reported to Officers Felmon and Devine that Plaintiff had ultimately assaulted him by threatening to "kick his ass" and that he wanted to sign a complaint against Plaintiff. SOF at ¶¶ 17, 19. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words and provided consistent statements throughout the course of Officer Felmon and Devine's investigation into the dispute. SOF at ¶ 18. That evening, Mr. Hosty signed a complaint against Plaintiff for assault. SOF at ¶ 19. Plaintiff was arrested without resistance at approximately 7:00

p.m. SOF at ¶ 20. Plaintiff was then transported to the 22nd District police station for processing. SOF at ¶ 21.

At approximately 11:10 p.m. that same evening, Plaintiff was released. SOF at ¶ 28. Officer Felmon prepared the "Arrest Report." SOF at ¶ 23. Sergeant Long reviewed the "Arrest Report" and approved probable cause of the arrest based on the information communicated to him by Officer Devine, including that a complaint had been signed for Plaintiff's arrest. SOF at ¶ 24. Sergeant Long relied upon the statements made in the incident narrative of the Arrest Report as true and accurate statements as attested to by his fellow law enforcement Officer Devine. SOF at ¶ 24. At no point did Plaintiff confess to assaulting Mr. Hosty. SOF at ¶ 27.

At the criminal proceeding on March 25, 2014, Mr. Hosty dropped the assault charges against Plaintiff and the Assistant State's Attorney's motion to strike with leave to reinstate the charge was granted. SOF at ¶¶ 32-33. At some point in time after March 25, 2014 and before May 19, 2015, Plaintiff filed a motion to expunge and impound all of Plaintiff's February 17, 2014 arrest and underlying criminal case. SOF at ¶ 34. On May 19, 2015, Judge Paul Biebel, Jr granted Plaintiff David Dewar's motion to expunge and impound all record of Plaintiff's February 17, 2014 arrest and underlying criminal case. SOF at ¶ 35.

Plaintiff claims he was falsely arrested and coerced into providing a confession. SOF at ¶ 3. Plaintiff also claims that Defendants failed to provide Plaintiff with his Miranda rights and conspired to violate Plaintiff's constitutional rights. SOF at ¶ 3. Defendants now move for summary judgment on all of Plaintiff's claims.

### LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Courts construe all facts in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). To survive a motion for summary judgment, the non-movant must demonstrate that specific, material facts exist that give rise to a genuine issue. *Celotex*, 477 U.S. at 324. This does not mean there cannot be any factual disputes, only those that are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001).

ARGUMENT

### I. Probable cause existed for Plaintiff's arrest and therefore, it is undisputed that Plaintiff was not falsely arrested.

The undisputed material facts in this case demonstrate that probable cause existed for Plaintiff's arrest. "To be deemed reasonable, a warrantless arrest made in public must be supported by probable cause." *Gutierrez v. Kermon*, 722 F.3d 1003, 1007-08 (7th Cir. 2013) (citing *U.S. v. Watson*, 423 U.S. 411, 414-24 (1976)). Thus, "the existence of probable cause is an absolute defense to a § 1983 claim for false arrest." *Id*.

"A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within her knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was

4

committing an offense." *Fleming v. Livingston Cnty., Ill.*, 674 F.3d 874, 878-79 (7th Cir. 2012); *see also Gutierrez*, 722 F.3d at 1007-08. "Although probable cause requires more than a bare suspicion of criminal activity, it does not require evidence sufficient to support a conviction." *Flores v. Walgreen Co.*, No. 08 CV 7419, 2010 WL 3894091, at \*7 (N.D. Ill. Sept. 30, 2010) (citing *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007)); *see also Milner v. City of Chicago*, No. 01 CV 5345, 2002 WL 1613720, at \*2-3 (N.D. Ill. 2002) (citing *Wollin v. Gondert*, 192 F.3d 616, 623 (7th Cir. 1999)) ("this 'flexible, commonsense approach' does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable.") In considering whether probable cause existed, this Court must "objectively 'step into the shoes of a reasonable person in the position of the officer,' and consider the facts known to the officer at the time." *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1114 (7th Cir. 2013).

Here, the undisputed evidence viewed in the light most favorable to Plaintiff clearly shows that Officers Felmon and Devine had probable cause to arrest Plaintiff. Officers Felmon and Devine responded to a call for service regarding a dispute between two neighbors. SOF at ¶ 10. When they arrived, the Officers listened to both Mr. Hosty's and Plaintiff's version of events and investigated Plaintiff's complaints. SOF at ¶¶ 11, 13-14, 16. During this time, Plaintiff's mother, Shirley Dewar, was hysterically and unintelligibly yelling from the steps leading up to her front door. SOF at ¶ 15. Officers Felmon and Devine did not observe any snow on the window screen, window ledge, or any disturbed snow at the base of house under the windows of Plaintiff's home. SOF at ¶ 16. Officers Felmon and Devine were informed by Mr. Hosty that Plaintiff had assaulted Mr. Hosty by threating him with the words "I am going to kick your ass." SOF at ¶ 17. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words and provided consistent statements throughout the course of Officer

5

Felmon and Devine's investigation into the dispute. SOF at ¶ 18. Mr. Hosty informed the officers that he wanted to sign and did sign a criminal complaint that evening of his own free will stating that Plaintiff had assaulted him. SOF at ¶ 19. This provided Officers Felmon and Devine with probable cause.

Plaintiff's denial that he assaulted his neighbor Mr. Hosty did not negate the probable cause for his arrest. *Evans v. Gasca*, No. 14 CV 10518, 2016 WL 1407695, at *7 (N.D. Ill. April 11, 2016) (J. Durkin) (Suspects frequently deny allegations against them. A denial does not mean an officer "must always investigate a suspect's claim of innocence."); *see also Reynolds v. Jamison*, 488 F.3d 756, 762 (7th Cir. 2007) (There is no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth even if the suspect denies the accusation of wrongdoing.); *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 744 (7th Cir. 2003). Plaintiff's denial, reasserted years later in this civil lawsuit, does not defeat summary judgment either. While Defendants Felmon and Devine did not personally witness Plaintiff's alleged assault of Mr. Hosty, case law is clear that Mr. Hosty's criminal complaint against Plaintiff was sufficient to provide probable cause for arrest. Probable cause may be based on "[t]he complaint of a single witness or putative victim . . . unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003); *see also Annan v. Vill. of Romeoville*, No. 12 CV 3577, 2013 WL 673484, at *2 (N.D. Ill. Feb. 25, 2013) (J. Kendall). Probable cause does not depend on the truth of a complaint. *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006). Instead, when presented with a credible report of criminal activity, a police officer may rely on the information and make an arrest "without having to conduct an independent investigation into their accounts." *Williamson v. Curran*, 714 F.3d 432, 441 (7th

Cir. 2013). Plaintiff cannot put forth any admissible evidence which would lead a reasonable officer to be suspicious of Mr. Hosty's complaint of assault. Thus, the criminal complaint signed by Mr. Hosty provided the probable cause for Plaintiff's arrest and Officers Felmon and Devine had no further duty to investigate.

Further, while Sergeant Long was not present for Plaintiff's arrest, he is entitled to rely upon the knowledge of fellow officers when reviewing those officers' arrest reports and need not conduct a further investigation. *Crawford v. City of Chicago*, 12 C 5289, 2014 WL 1661720, at *6 (N.D. Ill. April 25, 2014) (citing *United States v. Williams,* 627 F.3d 247, 252 (7th Cir. 2010) (citing *United States v. Hensley,* 469 U.S. 221, 232–33 (1985)). Here, Officers Felmon and Devine prepared the arrest report on Plaintiff's arrest and submitted it to Sergeant Long for approval. SOF at ¶¶ 22, 24. Sergeant Long reviewed the information contained within the arrest report and approved the probable cause of Plaintiff's arrest. SOF at ¶ 23. As Sergeant Long solely relied upon Officers Felmon and Devine's arrest report in approving probable cause, there is no evidence that Sergeant Long falsely arrested Plaintiff either.

Because the existence of probable cause is clear and undisputed, Officers Felmon and Devine and Sergeant Long are entitled to summary judgment of Plaintiff's false arrest claims.

## II. Plaintiff did not confess to assaulting Mr. Hosty on February 17, 2014, therefore, it is undisputed that Plaintiff was not coerced into providing a confession.

Plaintiff's claim that he was coerced fails as a matter of law because it is undisputed that Plaintiff did not confess to assaulting Mr. Hosty. SOF at ¶ 27. As there was no incriminating statement made, Plaintiff could not have been coerced into providing an incriminating statement. *People v. Redd*, 670 N.E.2d 583, 597 (1996) (According to Illinois state law, a confession is "a direct acknowledgment of guilt after the perpetration of an offense.").

An individual's Fourteenth Amendment rights have been violated if "police use coercion to achieve a confession." *Jackson v. City of Peoria*, No. 4:16-cv-01054-SLD-JEH, 2017 WL 1224526, at *6 (C.D. Ill. Mar. 31, 2017) (citing *Colorado v. Connelly*, 479 U.S. 157, 163 (1986) (quoting *Miller v. Fenton*, 474 U.S. 104, 109 (1985)); *see generally Brown v. Mississippi*, 297 U.S. 278 (1936) (enshrining the proposition that physical and psychological torture are revolting to justice, defy substantive due process guarantees, and may not be used to extract convictions)). Coercion is actionable in a Section 1983 case under the Due Process Clause. *Id.* (citing *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010)). Analysis of whether a confession is coerced involves "consideration of the totality of the circumstances to determine whether the suspect confessed voluntarily, of his own free will, or whether the police overrode his volition." *Jackson v. Curry*, 888 F.3d 259, 265 (7th Cir. 2018). Further, "coercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment." *Hicks v. Hepp*, 871 F.3d 513, 527. (7th Cir. 2017) (citing *United States v. Sturdivant*, 796 F.3d 690, 695 (7th Cir. 2015) (quoting *Colorado v. Connelly*, 479 U.S. 157, 167 (1986)) (internal quotation marks omitted)). Coercion itself is evaluated from the "perspective of a reasonable person in the suspect's position." *Hicks*, 871 F.3d at 527 (citing *United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001)). Here, because it is undisputed that Plaintiff did not in any way acknowledge any guilt, no analysis from a similarly-situated reasonable person need be conducted in regards to whether Defendant Officers coerced Plaintiff. Thus, Defendants are entitled to summary judgment on this claim.

### III. Plaintiff did not confess to assaulting Mr. Hosty on February 17, 2014, therefore, it is undisputed that Plaintiff's Fifth Amendment rights were not violated.

Any alleged failure to read *Miranda* warnings to Plaintiff did not violate Plaintiff's constitutional rights and cannot be grounds for a Section 1983 action. *Chavez v. Martinez*, 538

U.S. 760, 772 (2003) (citing *Connecticut v. Barrett*, 479 U.S. 523, 528 (1987) and *Michigan v. Tucker*, 417 U.S. 433, 444 (1974) (*Miranda* warnings are not rights protected by the Constitution, but rather a measure to insure the right against compulsory self-incrimination)). Moreover, Plaintiff's claim that his Fifth Amendment rights were violated fails as a matter of law because (1) Plaintiff was never prosecuted for a crime (SOF at ¶ 32) and (2) Plaintiff was never compelled to be a witness against himself in a criminal case (SOF at ¶ 32). *Chavez*, 538 U.S. at 766. The purpose behind providing *Miranda* rights is to 'protect a suspect's Fifth Amendment right against compelled self-incrimination. . . . ' *United States v. Key*, 162 F.Supp.3d 674, 684 (N.D. Ill. 2016) (citing *United States v. Hampton*, 675 F.3d 720, 727 (7th Cir. 2012) (quoting *United States v. Edwards*, 451 U.S. 477, 484–85 (1981)). As detailed above, there was no self-incrimination by Plaintiff, let alone compelled self-incrimination by Plaintiff. *See infra* Argument II. Therefore, Defendants are entitled to summary judgment on Plaintiff's Fifth Amendment Rights claim.

## IV. Plaintiff fails to set forth any admissible evidence of a deprivation of his constitutional rights, let alone a conspiracy.

In order to succeed on his § 1983 civil conspiracy claim, Plaintiff must prove (1) an express or implied agreement among Defendants to deprive Plaintiff of his constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v. Balkema*, 840 F.2d 437, 441-42 (7th Cir. 1988); *Washington v. Amatore*, 781 F.Supp.2d 718, 720 (N.D. Ill. 2011).

Defendants are entitled to summary judgment because, as discussed in each above section, Plaintiff cannot meet his burden with admissible evidence of a deprivation of any of his constitutional rights. Recovery for conspiracy is permissible only if a constitutional deprivation is alleged and *proved*—a conspiracy claim standing alone is insufficient. *Smith v. Gomez*, 550

F.3d 613, 617 (7th Cir. 2008). Because Plaintiff cannot establish a viable claim of a violation of his constitutional rights, Defendants are as a matter of law entitled to summary judgment on Plaintiff's conspiracy claim.

Moreover, Plaintiff cannot set forth any admissible evidence that supports the existence of any agreement among Defendants to deprive Plaintiff of his constitutional rights. Nor can Plaintiff identify any overt act in furtherance of such an alleged agreement. "Although a conspiracy certainly may be established by circumstantial evidence . . . such evidence cannot be speculative." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). "[A] conspiracy claim cannot survive summary judgment if the allegations 'are vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy.'" *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). Plaintiff must offer more than his own unsubstantiated speculation that a conspiracy existed. *See Brown v. Koeller*, No. 07 CV 1013, 2011 WL 4501384, at *4 (N.D. Ill. Sept. 28, 2011) (summary judgment granted where plaintiff failed to point to any evidence except own allegations). Plaintiff's conspiracy claim is nothing more than an assemblage of vague, conclusory allegations bereft of the factual context necessary to survive summary judgment. Plaintiff cannot offer any evidence that would allow this Court to draw the reasonable inference that any agreement existed between Defendants. Plaintiff's suspicion and conjecture does not constitute 'sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives.' *Sow v. Fortville Police Dept.*, 636 F.3d 293, 305 (7th Cir. 2011). As such, summary judgment as to Plaintiff's conspiracy claim must be granted as to all Defendants.

**V.     Defendant Long did not have any personal involvement in Plaintiff's arrest and therefore, all claims against him should be dismissed.**

It is undisputed that Defendant Long did not respond to the scene of Plaintiff's arrest or personally assist with Plaintiff's arrest. SOF at ¶ 25. Instead, Defendant Long's involvement was merely one of a supervisor conducting the administrative duty of reviewing paperwork. SOF at ¶ 23. In order to establish individual liability against a supervisory official under § 1983 "there must be a showing that the official was directly responsible for the improper conduct" and "'knowingly, willfully, or at least recklessly caused the alleged deprivation by his failure to act.'" *McPhaul v. Bd. of Comm. of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (citing *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983) and *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986)). The court in *Wolf-Lillie* explicitly rejected the notion that a supervisory defendant can be liable for "knowledge" of and "acquiesce" in the unconstitutional conduct of his or her subordinates. *Id.* at 1949. As Defendant Long was merely a supervisory defendant, all claims against him should be dismissed.

**VI.    Defendants are entitled to qualified immunity on Plaintiff's false arrest claim.**

Even if Defendants were mistaken about the existence of probable cause, they are entitled to qualified immunity in this case. Qualified immunity protects government officials performing discretionary functions from liability where their conduct "could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987); *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). "In determining qualified immunity, a court asks two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Hernandez v. Sheahan*, 711 F.3d 816, 817 (7th Cir. 2013).

11

The doctrine of qualified immunity shields officers from "suit for damages if 'a reasonable officer could have believed [the arrest and prosecution] to be lawful, in light of clearly established law and the information the officers possessed.'" *Gutierrez*, 722 F.3d at 1008; *see also, e.g., Pearson v. Callahan,* 555 U.S. 223, 231 (2009). In other words, qualified immunity tolerates reasonable mistakes regarding probable cause. *Whitlock v. Brown*, 596 F.3d 406, 413 (7th Cir. 2010). Thus, as long as Defendants reasonably, even if mistakenly, believed that probable cause existed to arrest and prosecute Plaintiff, they are entitled to qualified immunity.

Here, Defendants' belief that probable cause existed was reasonable in view of the undisputed material facts. SOF at ¶¶ 10-19. Officers Felmon and Devine responded to a call for police assistance. SOF at ¶ 10. Once at the location, Officers Felmon and Devine spoke to both parties regarding the dispute about Mr. Hosty snow-blowing snow on to Plaintiff's mother's property windows. SOF at ¶ 11. Officers Felmon and Devine investigated whether snow had been blown on to the windows of Plaintiff's mother's house and found no evidence of Plaintiff's allegations. SOF at ¶ 16.  Mr. Hosty reported that Plaintiff had assaulted him and that he wanted to sign a complaint against Plaintiff, and in fact, did sign a complaint. SOF at ¶¶ 17, 19. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words and provided consistent statements throughout the course of Officer Felmon and Devine's investigation into the dispute. SOF at ¶ 18. Subsequently, Plaintiff was arrested. SOF at ¶ 20. These facts are sufficient to entitle Officers Felmon and Devine to qualified immunity for all of Plaintiff's federal claims, even if probable cause was lacking. *Barrientos v. Haritos*, 836 F. Supp. 2d 670, 675-76 (N.D. Ill. 2011) (citing *Thompson v. Wagner,* 319 F.3d 931, 935 (7th Cir.2003) (A 'reasonable but mistaken belief that probable cause exists is sufficient for entitlement to

qualified immunity . . . . In cases involving the issue of whether probable cause existed to support an arrest, the case should not be permitted to go to trial if there is any reasonable basis to conclude that probable cause existed.')). Accordingly, Officers Felmon and Devine are entitled to qualified immunity on Plaintiff's federal claims.

As discussed above, Defendant Long reviewed and approved Officers Felmon and Devine's arrest report, which provided a summary of the facts supporting probable cause; Defendant Long did not personally participate in Plaintiff's arrest. SOF at ¶¶ 23-25. To the extent that this Court considers Defendant Long's actions sufficient for the purpose of finding personal participation, Defendant Long is too entitled to qualified immunity. *See Holmes v. City of Chicago*, 63 F.Supp.3d 806, 816 (N.D. Ill. 2014). Pursuant to the collective knowledge doctrine, Defendant Long was permitted to rely on the statements of Officers Felmon and Devine. *Crawford v. City of Chicago*, 12 C 5289, 2014 WL 1661720, at *6 (N.D. Ill. April 25, 2014) (citing *United States v. Williams,* 627 F.3d 247, 252 (7th Cir. 2010) (citing *United States v. Hensley,* 469 U.S. 221, 232–33 (1985)). Defendant Long was informed that a complaint had been signed for Plaintiff's arrest and that a reasonable officer provided with that information would have believed probable cause existed to arrest and prosecute Plaintiff for assault. SOF at ¶ 24. As such, Defendant Long is too entitled to qualified immunity.

CONCLUSION

For the foregoing reasons, Defendants Felmon, Devine and Long respectfully request that the Court grant their Motion for Summary Judgment on all of Plaintiff David Dewar's claims.

Respectfully submitted,

*/s/ Kelly C. Bauer*
KELLY C. BAUER

ASSISTANT CORPORATION COUNSEL
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
Tel:  (312) 742-9586
Fax: (312) 744-6566

Kristin M. Pinkston
Assistant Corporation Counsel - Supervisor
312.744.9212

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 30, 2018, I have caused to be e-filed with the Clerk of the

United States District Court for the Northern District of Illinois, Eastern Division <u>**DEFENDANTS'**</u>

<u>**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**</u>, which

sends a true and correct copy to all parties, including:

Mr. David A. Dewar
11347 S. Millard Ave.
Chicago, IL 60655
(via CM/ECF System)


                By:     */s/ Kelly C. Bauer*
                         Kelly C. Bauer
                         Assistant Corporation Counsel