**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| David Dewar, | ) | |
| | ) | |
|       *Pro se* Plaintiff, | ) | Case No. 16 CV 2287 |
| | ) | |
|   v. | ) | District Judge Virginia Kendall |
| | ) | |
| Chicago Police Department and Chicago | ) | Jury Demand |
| Police Officers T.J. Felmon, M.K. Devine | ) | |
| and C.J. Long, | ) | |
| | ) | |
|       Defendants. | ) | |

**DEFENDANTS' JOINT LOCAL RULE 56.1(A) STATEMENT OF UNCONTESTED FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a), Defendant Chicago Police Officers Felmon, Devine, and Long (collectively "Defendants"), by and through one of their attorneys, Kelly Bauer, Assistant Corporation Counsel, submit the following statement of material undisputed facts pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1:

**JURISDICTION AND VENUE**

1.      Jurisdiction is proper as this action is brought under 42 U.S.C. §§ 1983 to redress the alleged deprivations under color of law of David Dewar's civil rights. Plaintiff's Complaint ("Pl. Compl."), ECF No. 1, a copy of which is attached hereto as Exhibit A, at ¶¶ 1-2; Defendants' Answer, Affirmative and Other Defenses to Plaintiff's Complaint ("Defs. Ans."), ECF No. 23, a copy of which is attached hereto as Exhibit B, at ¶¶ 1-2.

2.      Venue is proper as the events giving rise to the alleged claims occurred within the Northern District of Illinois. *Pl. Compl., Ex. A,* ¶ 2; *Defs. Ans., Ex. B,* ¶ 2.

3.      In his Complaint, Plaintiff alleges § 1983 False/Unlawful Arrest against Defendant Officers Felmon, Devine, and Long (Count I), § 1983 Conspiracy (Count II),

1

Coercion to Obtain False Confession (Count III), and Failure to Provide Plaintiff with Miranda Rights (Count IV). *Pl. Compl., Ex. A*.

## PARTIES

4. On February 17, 2014, David Dewar ("Plaintiff") was a resident of the City of Chicago. *See* Deposition of David Dewar ("Pl. Dep."), a copy of which is attached hereto as Exhibit C, at 7:13-19.

5. Timothy Felmon ("Officer Felmon") is employed by the City of Chicago as a police officer. *Pl. Compl., Ex. A,* ¶ 4; *Defs. Ans.,* Ex. B, ¶ 4; *See also* Affidavit of Defendant Timothy Felmon ("Felmon Aff."), a copy of which is attached hereto as Exhibit D, at ¶ 1. On February 17, 2014, Officer Felmon was working as a patrol officer assigned to the 22nd District. *Felmon Aff.*, Ex. D, at ¶ 1.

6. Michael Devine ("Officer Devine") is employed by the City of Chicago as a police officer. *Pl. Compl., Ex. A,* ¶ 4; *Defs. Ans.,* Ex. B, ¶ 4; *See also* Affidavit of Defendant Michael Devine ("Rodriguez Aff."), a copy of which is attached hereto as Exhibit E, at ¶ 1. On February 17, 2014, Officer Devine was working as a patrol officer assigned to the 22nd District. *Devine Aff.*, Ex. E, at ¶ 1.

7. Charles Long ("Sergeant Long") was employed by the City of Chicago as a sergeant. *Pl. Compl., Ex. A,* ¶ 4; *Defs. Ans.,* Ex. B, ¶ 4; *See also* Affidavit of former Sergeant Charles Long ("Long Aff."), a copy of which is attached hereto as Exhibit F, at ¶ 1. On February 17, 2014, Sergeant Long was assigned to the 22nd District. *Long Aff.*, Ex. F, at ¶ 1.

## PLAINTIFF'S ARREST

8. Officers Felmon and Devine were partnered together on February 17, 2014. *Felmon Aff., Ex. D*, at ¶ 1; *Devine Aff.*, *Ex. E*, at ¶ 1.

9.      On February 17, 2014, Officers Felmon and Devine were in uniform and on patrol in a marked Chicago Police vehicle. *Felmon Aff., Ex. D*, at ¶¶ 1-2; *Devine Aff.*, *Ex. E*, at ¶¶ 1-2.

10.     On February 17, 2014, Officers Felmon and Devine responded to a call for police assistance regarding and individual who had been assaulted for snow-blowing snow off of his son's driveway at 11343 S. Millard Ave., Chicago, Illinois 60655. *Pl. Dep., Ex. C*, at 53:15-18, 63:5-7; *Felmon Aff., Ex. D*, at ¶ 2; *Devine Aff.*, *Ex. E*, at ¶ 2.

11.     Once at 11343 S. Millard Ave., Chicago, Illinois 60655, Defendant Officers first spoke to the victim, Mr. Hosty, outside of his son's home and then the offender, Plaintiff David Dewar, outside of his and his mother's home. *Felmon Aff., Ex. D*, at ¶¶ 4, 6; *Devine Aff.*, *Ex. E*, at ¶¶ 4,6.

12.     As Officers Felmon and Devine exited the vehicle, they heard and saw Plaintiff's mother, Shirley Dewar, screaming unintelligibly from behind the screen to her front door. *Felmon Aff., Ex. D*, at ¶ 3; *Devine Aff.*, *Ex. E*, at ¶ 3.

13.     Mr. Hosty communicated that there had been a verbal altercation between Plaintiff and Mr. Hosty in regards to Mr. Hosty snow blowing the snow off of his son's driveway. *Felmon Aff., Ex. D*, at ¶ 4; *Devine Aff.*, *Ex. E*, at ¶ 4.

14.     Plaintiff complained that the snow was being blown onto the windows of the property next door, which is Plaintiff's mother's property and where Plaintiff also lives. *Felmon Aff., Ex. D*, at ¶¶ 6-7; *Devine Aff.*, *Ex. E*, at ¶¶ 6-7.

15.     During this time, Plaintiff's mother, Shirley Dewar, was still hysterically and unintelligibly yelling from the steps leading up to her front door. *See Pl. Dep., Ex. C*, at 77:11-20; *Felmon Aff., Ex. D*, at ¶ 8; *Devine Aff.*, *Ex. E*, at ¶ 8, *See* Deposition of William Hosty ("Hosty Dep."), a copy of which is attached hereto as Exhibit H, at 26:14-16.

16. Officers Felmon and Devine investigated the windows and did not see any snow on the window screen, window ledge, or any disturbed snow at the base of house under the windows. *Felmon Aff., Ex. D*, at ¶ 9; *Devine Aff.*, *Ex. E*, at ¶ 9.

17. Mr. Hosty reported to Officers Felmon and Devine that during the verbal altercation Plaintiff had assaulted him by stating something to the effect of, "I am going to kick your ass." *Pl. Dep., Ex. C*, at 93:2-10; *Felmon Aff., Ex. D*, at ¶ 4; *Devine Aff.*, *Ex. E*, at ¶ 4.

18. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words and provided consistent statements throughout the course of Officer Felmon and Devine's investigation into the dispute. *Felmon Aff., Ex. D*, at ¶ 5; *Devine Aff.*, *Ex. E*, at ¶ 5.

19. Mr. Hosty informed the officers that he wanted to sign and did sign a criminal complaint that evening of his own free will stating that Plaintiff had assaulted him. *Felmon Aff., Ex. D*, at ¶ 10; *Devine Aff.*, *Ex. E*, at ¶ 10; Misdemeanor Complaint, *William Hosty v. David Dewar*, No. 14-194709 ("Mis. Comp."), a copy of which is attached hereto as Exhibit G; *Hosty Dep., Exhibit H*, at 21:11-17, 29:14-17, 30:20-31:20, 58:1-8.

20. At approximately 7:00 p.m., Officers Devine and Felmon arrested Plaintiff, who was handcuffed without any resistance. *Pl. Dep., Ex. C*, at 101:11-24, 102:18-23; *Felmon Aff., Ex. D*, at ¶ 11; *Devine Aff.*, *Ex. E*, at ¶ 11.

21. Plaintiff testified that he was not read his Miranda rights. *Pl. Dep., Ex. C*, at 102:24-103:1.

21. Plaintiff was transported to the 22nd district for processing. *See Pl. Dep., Ex. C*, at 121:19-21; *Felmon Aff., Ex. D*, at ¶ 12; *Devine Aff.*, *Ex. E*, at ¶ 12.

**PLAINTIFF IS TAKEN TO THE CHICAGO POLICE STATION**

22. Officer Felmon prepared the "Arrest Report." *Felmon Aff., Ex. D*, at ¶ 13; *Devine Aff., Ex. E*, at ¶ 13; *see also* February 17, 2014 Arrest Report of David Dewar ("Arrest Report"), a copy of which is attached hereto as Exhibit I.

23. Sergeant Long reviewed the "Arrest Report" and approved probable cause of the arrest based on the information communicated to him by Officer Devine. *Long Aff.*, Ex. F, at ¶ 2; *Felmon Aff., Ex. D*, at ¶ 14; *Devine Aff., Ex. E*, at ¶ 13; *see also Arrest Report, Ex. I.*

24. Sergeant Long relied upon the statements made in the incident narrative of the Arrest Report, including that a complaint had been signed for Plaintiff's arrest, as true and accurate statements as attested to by his fellow law enforcement Officer Devine. *Long Aff.*, Ex. F, at ¶ 3; *Felmon Aff., Ex. D*, at ¶ 14; *Devine Aff., Ex. E*, at ¶ 13 *see also Arrest Report, Ex. I.*

25. Sergeant Long neither responded to the call for police assistance at 11343 South Millard Avenue, Chicago, Illinois 60655, nor assisted in the arrest of Plaintiff David Dewar. *See Pl. Dep., Ex. C*, at 53:15-18; *Long Aff.*, Ex. F, at ¶ 7; *Felmon Aff., Ex. D*, at ¶ 21; *Devine Aff., Ex. E*, at ¶ 20.

26. At no point did Officers Devine and Felmon or Sergeant Long coerce Plaintiff into providing a false confession on February 17, 2014. *Felmon Aff., Ex. D*, at ¶ 15; *Devine Aff., Ex. E*, at ¶ 15; *Long Aff.*, Ex. F, at ¶ 8.

27. At no point did Plaintiff provide a confession on February 17, 2014. *Pl. Dep., Ex. C*, at 95:20-96:2, 97:4-9, 97:23-98:1-9, 101:4-10; *Felmon Aff., Ex. D*, at ¶ 16; *Devine Aff., Ex. E*, at ¶ 15; *Long Aff.*, Ex. F, at ¶ 9.

28. Plaintiff was released at approximately 11:10 p.m. on February 17, 2014. *Pl. Dep., Ex. C*, at 131:20-23; *Felmon Aff., Ex. D*, at ¶ 20; *Devine Aff., Ex. E*, at ¶ 19; *see also Arrest Report, Ex. I*; *see also* February 17, 2014 Bail Agreement for David Dewar ("Bail Agreement"),

5

a copy of which is attached hereto as Exhibit J.

29. Officers Felmon, Devine and Sergeant Long did not personally label an evidence bag, or provide Plaintiff with an evidence bag upon his release. *Pl. Dep., Ex. C*, at 132:3-19; *Felmon Aff., Ex. D*, at ¶ 18; *Devine Aff., Ex. E*, at ¶ 17; *Long Aff.*, Ex. F, at ¶ 5.

30. Officers Felmon, Devine and Sergeant Long did not delete any record of a phone call made to 9-1-1 on Plaintiff David Dewar's phone. *See Pl. Dep., Ex. C*, at 136:9-18, 138:3-12; *Felmon Aff., Ex. D*, at ¶ 19; *Devine Aff., Ex. E*, at ¶ 18; *Long Aff.*, Ex. F, at ¶ 6.

31. Plaintiff was charged with assault. *Pl. Dep., Ex. C*, at 147:3-7; *Felmon Aff., Ex. D*, at ¶ 10; *Devine Aff., Ex. E*, at ¶ 10; *See Long Aff.*, Ex. F, at ¶ 4; *Misdemeanor Complaint, Ex. G; Arrest Report, Ex. I.*

### CRIMINAL PROCEEDINGS

32. On March 25, 2014, the victim, Mr. Hosty, dropped the assault charges he had filed against Plaintiff David Dewar. *Pl. Dep., Ex. C*, at 140:5-15, 141:24-143:7; *See* Transcript from March 25, 2014, *People of the State of Illinois v. David Dewar*, Case No. 14 MC1 1947093 ("Mar. 25, 2014 Trans."), a copy of which is attached hereto as Exhibit K.

33. On March 25, 2014, Judge Joseph Sconza granted the Assistant State's Attorney's motion to strike with leave to reinstate Plaintiff's criminal case. *Pl. Dep., Ex. C*, at 140:5-15, 141:24-143:7; *Mar. 25, 2014 Trans., Ex. K*.

34. At some point in time after March 25, 2014 and before May 19, 2015, Plaintiff filed a motion to expunge and impound all of Plaintiff's February 17, 2014 arrest and underlying criminal case. *See* Plaintiff's Interrogatory Responses ("Pl. Interrogatory Resp."), a copy of which is attached hereto as Exhibit M.

35. On May 19, 2015, Judge Paul Biebel, Jr. granted Plaintiff David Dewar's motion

6

to expunge and impound all record of Plaintiff's February 17, 2014 arrest and underlying criminal case. *See* Pl. Interrogatory Resp.; *see also* May 19, 2015 Order, *People of the State of Illinois v. David Dewar*, Case No. 14 MCl 1947093 ("May 19, 2015 Ord."), a copy of which is attached hereto as Exhibit L.

Date: May 30, 2018

                                                  Respectfully submitted,

                                                  */s/ Kelly C. Bauer*
                                                  KELLY C. BAUER
                                                  ASSISTANT CORPORATION COUNSEL
                                                  30 N. LaSalle Street, Suite 900
                                                  Chicago, Illinois 60602
                                                  Tel: (312) 742-9586
                                                  Fax: (312) 744-6566

                                                  Kristin M. Pinkston
                                                  Assistant Corporation Counsel - Supervisor
                                                  312.744.9212

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2018, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' JOINT LOCAL RULE 56.1(A) STATEMENT OF UNCONTESTED FACTS**, which sends a true and correct copy to all parties, including:

Mr. David A. Dewar
11347 S. Millard Ave.
Chicago, IL 60655
(via CM/ECF System)

          By:   */s/ Kelly C. Bauer*
                 Kelly C. Bauer
                 Assistant Corporation Counsel