# EXHIBIT A



**FILED**

FEB 1 6 2016

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

David A. Dewar
PRO-SE ,

Plaintiff(s),

vs.

Officer T.J. Felmon, Officer M.K. Devine
Supervisor C.J. Long, Chicago Police Dept.

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)

1:16-cv-02287
Judge Elaine E. Bucklo
Magistrate Judge Jeffrey Cole

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.    This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.    The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.    Plaintiff's full name is _____David A. Dewar_____.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4. Defendant, **#1: Officer Tom Felmon (#4121)**, is
(name, badge number if known)

☒ an officer or official employed by **Chicago Police Department** ;
(department or agency of government)

_____ or

☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

4. Defendant, **#2: Officer Mike Devine (#4080)**, is
(name, badge number if known)

☒ an officer or official employed by **Chicago Police Department** ;
(department or agency of government)

_____ or

☐ an individual not employed by a governmental entity.

4. Defendant, **#3: Supervisor C.J. Long (#1171)**, is
(name, badge number if known)

☒ an officer or official employed by **Chicago Police Department** ;
(department or agency of government)

_____ or

☐ an individual not employed by a governmental entity.

4. Defendant, **#4: Chicago Police Department**, is
~~(name, badge number if known)~~

☐ an officer or official employed by _____ ;
(department or agency of government)

_____ or

☐ an individual not employed by a governmental entity.

2 A

4.  Defendant, _____, is
           (name, badge number if known)

    ☐ an officer or official employed by _____;
                                         (department or agency of government)

    _____ or

    ☐ an individual not employed by a governmental entity    Note: On Page 2A.

> *If there are additional defendants, fill in the above information as to the first-named
> defendant and complete the information for each additional defendant on an extra sheet.*

5.  The municipality, township or county under whose authority defendant officer or official

    acted is _____Chicago_____. As to plaintiff's federal

    constitutional claims, the municipality, township or county is a defendant only if

    custom or policy allegations are made at paragraph 7 below.

6.  On or about __February, 17, 2014__, at approximately ____6:40____ ☐ a.m. ☒ p.m.
                  (month,day, year)
    plaintiff was present in the municipality (or unincorporated area) of __Chicago__

    _____, in the County of ____Cook____,

    State of Illinois, at __11347 S. Millard Ave, Chicago, Ill, 60655.__
                          (identify location as precisely as possible)

    when defendant violated plaintiff's civil rights as follows *(Place X in each box that
    applies)*:

    ☒   arrested or seized plaintiff without probable cause to believe that plaintiff had
        committed, was committing or was about to commit a crime;
    ☐   searched plaintiff or his property without a warrant and without reasonable cause;
    ☐   used excessive force upon plaintiff;
    ☐   failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
        one or more other defendants;
    ☐   failed to provide plaintiff with needed medical care;
    ☒   conspired together to violate one or more of plaintiff's civil rights;
    ☒   Other: __Coerced Plantiff to Obtain False Confession,__
        __Unlawfully Arrested Plantiff__

2B

## Failed to Read Plaintiff Miranda Rights.

7. Defendant officer or official acted pursuant to a custom or policy of defendant

municipality, county or township, which custom or policy is the following: (*Leave blank*

*if no custom or policy is alleged*): Defendants violated City

of Chicago Article V. Rules of Conduct. Violated

Rules: 1, 2, 3, 8 and 14.

_____.

8. Plaintiff was charged with one or more crimes, specifically:

Assualt Simple - 720 ILCS/5.0/1a-1A

_____

_____

_____

_____

9. (*Place an X in the box that applies. If none applies, you may describe the criminal*
*proceedings under "Other"*) The criminal proceedings

☐ are still pending.

☒ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a

fair trial as follows_____

_____.

☐ Other: _____.

---

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

After Plaintiff called 911 on February 17, 2014 Officer Tom Felmon demanded Plaintiff apologize for threatening neighbor's Father, which Plaintiff Did Not Do. Plaintiff only apologized that police had to come out. After Defendant's coercing Plaintiff the second time to confess to a crime He Did Not Do, Plaintiff Repeated his apology police had to come out. Defendant Officer Felmon next began twirling his hand cuffs and again demanded Pl. apologize. Pl. said "I cannot apologize for something I did not say or do". Def. Officer Felmon handcuffed Pl. and said "You are under arrest". Def. Officer Mike Devine Fraudulently prepared CPD Report by checking "Miranda Rights Read". → [Continued on Page 4B]

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Deprivation of Freedom, Loss of Personal and Business Reputation, CCW Permit Denied and Delayed, Unnecessary Costs incurred in Time and Out-of-Pocket Expenses.

13. Plaintiff asks that the case be tried by a jury. ☒ Yes ☐ No

4 A

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

[Continued From Page 4A]

Plaintiff was Never Read Miranda Rights Before and Never after arrest. Consequently, Plaintiff was unlawfully arrested. Supervisor C.J. Long approved Fraudlent Report. ✗

NOTE: Plaintiff's mother was a Witness to all events. Plaintiffs mother intially asked Neighbors Father to not Blow snow over Back Fence & side windows, Officer Felmon told Plaint.ffs mother to calm down or he would go into her house. No Warrant was displayed

✗ See Attachments: A, B & C

4B

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _David a. Dewar_

Plaintiff's name *(print clearly or type)*: _David A. Dewar_

Plaintiff's mailing address: _11347 S. Millard Ave._

City _Chicago_ State _Ill_ ZIP _60655_

Plaintiff's telephone number: _(708) 369-1153_ .

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

_____

15. Plaintiff has previously filed a case in this district. ☐ Yes ☒ No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

David Dewar                                                          Civil Rights Case

# DAVID DEWAR CIVIL RIGHTS CASE
## CHRONOLOGY for COMPLAINT

**Incident: 02-17-2014**

*Attachment A: 3 Pages*

1. Pl. 75-yr. old Mother (Shirley Dewar) noticed neighbor's Father (William Hosty) blowing snow for property owner Son onto her side windows and into her backyard over his son's 5 ft. fence.

2. She asked Mr. Hosty to stop, after which he became angry and said, "I have had it with you people."

3. Pl.'s Mother asked Pl., who was cleaning snow off his car on the street, to talk with Mr. Hosty.

4. Pl. kindly requested Mr. Hosty to blow snow in front of his Son's property and not on Pl.'s Mother's side windows and into her backyard.

5. Pl. had in his right ear hands-free Bluetooth device. As Pl. pulled cell phone out of his pocket but did not yet make a call, Mr. Hosty said, "You're recording me!" Immediately Mr. Hosty said, "You threatened to kick my ass." Mr. Hosty then turned to daughter-in-law Jennifer who was standing in the doorway and said, "Call the police. He threatened to kick my ass!" Pl.'s Mother witnessed exchange of words as Pl. did not respond, never made the accusation, and never recorded the exchange of words.

6. Both Pl. and his Mother went inside their home.

7. Pl. next called 22nd Chicago Police District (CPD) station and was directed to call 911. Pl. requested police come out because neighbor's Father accused Pl. of threatening him. (Transcript of 911 call available)

8. Within approximately 10 minutes CPD arrived. Pl. had not had chance to change into dry clothes after being outside and cleaning the snow.

9. Officers Tom Felmon (#4121) and Mike Devine (#4080) were outside with Mr. Hosty and neighbor Scott Mckenna in front of the Hosty property. After

David Dewar                                                              Civil Rights Case

officers knocked on their front door, Pl. went down to the bottom of the front stairs to talk with them as Pl.'s Mom remained on the top of the porch.

10. Officers Felmon and Devine asked Pl. what the issue was. Pl.'s Mom explained what happened from the top of the front porch. Officer Felmon suggested Pl. and his Mom go with him to talk with Mr. Hosty. Pl. helped his Mom down the icy stairs. Almost in tears she loudly explained the cause for the 911 call.

11. Officer Felmon told Pl. Mom, "Calm down or I will go into your house. I have the authority to do that and I will." Pl. said, "That is not necessary. I will calm her down."

12. Pl. then explained the reason for the 911 call to both Officers Felmon and Devine. Officer Devine suggested Pl. talk to Mr. Hosty. Pl. told Mr. Hosty it was unfortunate that police had to come out about the snow. Mr. Hosty stated he is a senior citizen and his grand kids are always in fear of Pl. and Pl. "threatened to kick his ass." Mr. Hosty said Pl. is a "6 foot 4 inch monster!"

13. Next, Officer Felmon said to Pl., "Apologize for what you said to Mr. Hosty." Pl. said, "It is very unfortunate that the police had to come out about the snow and we could not resolve it ourselves. I am apologetic for that." Officer Felmon said, "That is not good enough. Apologize properly." Pl. repeated his first statement. Mr. Hosty then said, "You apologize for what? Apologize for threatening to kick my ass." Officer Felmon then began twirling his handcuffs around as he kept looking at Pl.'s Mother, while he demanded, "Apologize." Pl.'s Mom started screaming, "Apologize! – Don't arrest him." Pl. responded, "I cannot apologize for something I did not say or do." Then, Officer Devine help Pl. while Officer Felmon handcuffed Pl. and said, "You are under arrest." Pl. was charge with simple assault.

14. Pl. was put in the rear of CPD minivan. Officer Devine walked out for approximately 10 minutes to do the paperwork. Thereafter, Officers Felmon and Devine transported Pl. to CPD District 22. During the ride there they indicated they are from the North Side and they will never be seen out South again.

David Dewar                                                    Civil Rights Case

15. In CPD District 22 Pl. was processed and detained for approximately 1.5 hours in the holding cell during which time he was allowed to wear only his wet t-shirt, pants without belt, socks and shoes without laces. Pl. was finger-printed and photographed. He was allowed to make a call to his Mother. Thereafter, he remained in the lock-up until he was released after payment toward a bond and his belongings returned.

16. Pl. noted the copy of CPD Arrest Report shows he was read Miranda rights. Pl. states that neither Officers Felmon nor Devine read him his Miranda rights.

17. Pl. also noted on T-Mobil phone records only his call to CPD District 22 was listed. His 911 call was not lists on the T-Mobil print-out. During detention CPD District 22 held his cell phone. However, 911 records and Pl.'s phone-shot show both calls were made by Pl.

18. March 25, 2014, criminal court case v. David Dewar was dismissed S.O.L. with 90 day probation for Pl. Since then, Pl.'s case was expunged.

David Dewar     Attachment B: 1 Page     Civil Rights Case

# DAVID DEWAR – CIVIL RIGHTS CASE
## TIMELINE

| | | |
|---|---|---|
| 2/17/14 - | 6:26 PM | David Dewar Call to CPD-22 |
| | 6:27 PM | David Dewar 911 Call |
| | 7:00 PM | Arrested and transported to CPD-22 holding cell |
| | 8:30 PM | Finger-printed |
| | 8:36 PM | Photographed |
| | 8:38 PM | Call to Mother |
| | 8:40 PM | Lock-up |
| | 11:10 PM | Bond posted/paid |
| | 11:17 PM | Released |

3/25/14   Criminal Court case resolution:  S.O.L. w/90 days probation

Thereafter, case expunged from Pl. record

Attachment C: 9Pages

POLICE BOARD
CITY OF CHICAGO

*From the Rules and Regulations of the Chicago Police Department*
*Adopted and Published by the Police Board*

### Article V. Rules of Conduct

In addition to the positive requirements of all the foregoing sections, the following rules of conduct set forth expressly prohibited acts.

Prohibited acts include:

Rule 1:     Violation of any law or ordinance.

Rule 2:     Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

COMMENT: This Rule applies to both the professional and private conduct of all members. It prohibits any and all conduct which is contrary to the letter and spirit of Departmental policy or goals or which would reflect adversely upon the Department or its members. It includes not only all unlawful acts by members but also all acts, which although not unlawful in themselves, would degrade or bring disrespect upon the member or the Department, including public and open association with persons of known bad or criminal reputation in the community unless such association is in the performance of police duties. It also includes any action contrary to the stated policy, goals, rules, regulations, orders or directives of the Department.

Rule 3:     Any failure to promote the Department's efforts to implement its policy or accomplish its goals.

COMMENT: This Rule prohibits any omission or failure to act by any member of the Department, whether on or off duty, which act would be required by the stated policy, goals, rules, regulations, orders and directives of the Department. It applies to supervisory and other members who, through carelessness, inefficiency or design fail to implement all policy, goals, rules, regulations, orders

and directives of the Department or who fail to report to the Department any and all known violations of same, or who through carelessness, inefficiency or design fail to become aware of any such violation, when their assigned duty or supervisory responsibility would require them to become so aware.

Rule 4:       Any conduct or action taken to use the official position for personal gain or influence.

Rule 5:       Failure to perform any duty.

Rule 6:       Disobedience of an order or directive, whether written or oral.

              COMMENT: This Rule prohibits disobedience by a member of any lawful written or oral order or directive of a superior officer or another member of any rank who is relaying the order of a superior.

Rule 7:       Insubordination or disrespect toward a supervisory member on or off duty.

Rule 8:       Disrespect to or maltreatment of any person, while on or off duty.

Rule 9:       Engaging in any unjustified verbal or physical altercation with any person, while on or off duty.

              COMMENT: Rules 8 and 9 prohibit the use of any excessive force by any member. These rules prohibit all brutality, and physical or verbal maltreatment of any citizen while on or off duty, including any unjustified altercation of any kind.

Rule 10:      Inattention to duty.

Rule 11:    Incompetency of inefficiency in the performance of duty.

          COMMENT: This Rule includes all incompetent and inefficient action on the part of any member and all failure to act when any policy, goal, rule, regulation, order, directive or rank would require positive action.

Rule 12:    Failure to wear the uniform as prescribed.

Rule 13:    Failure adequately to secure and care for Department property.

Rule 14:    Making a false report, written or oral.

Rule 15:    Intoxication on or off duty.

Rule 16:    Entering any tavern or bar while on duty or in uniform, except in the performance of a police duty.

Rule 17:    Drinking alcoholic beverages while on duty or in uniform, or transporting alcoholic beverages on or in Department property, except in the performance of police duty.

Rule 18:    A. Engaging directly or indirectly in the ownership, maintenance, or operation of a tavern or retail liquor establishment.

          B. Engaging directly or indirectly in the ownership or leasing of a taxicab.

          (Adopted by the Police Board 8 November 1979)

Rule 19:    (Repealed 8 May 1975 by the Police Board)

Rule 20:    Failure to submit immediately a written report that any member, including self, is under investigation by any law enforcement agency other than the Chicago Police Department.

Rule 21:    Failure to report promptly to the Department any information concerning any crime or other unlawful action.

Rule 22:    Failure to report to the Department any violation of Rules and Regulations or any other improper conduct which is contrary to the policy, orders or directives of the Department.

Rule 23:    Failure to obey Department orders concerning other employment, occupation, or profession.

Rule 24:    Failure to follow medical roll procedures.

Rule 25:    Failure to actually reside within the corporate boundaries of the City of Chicago.

Rule 26:    Failure to provide the Department with a current address and telephone number.

Rule 27:    Failure to report promptly any anticipated absence from duty.

Rule 28:    Being absent from duty without proper authorization.

Rule 29:    Failure to be prompt for duty assignment, including roll call and court appearance.

Rule 30:    Leaving duty assignment without being properly relieved or without proper authorization.

Rule 31:    Publicly criticizing the official actions of another Department member, when the result of such criticism can reasonably be foreseen to undermine the effectiveness of the official working relationship of the member within his assigned unit.  All such criticism should be made and reported to the Department.

COMMENT: The nature of the mission of the Police Department requires a close and confidential relationship between members and their superiors and between fellow members. Public criticism of the official actions of other Department members could seriously impair that relationship, which would be detrimental to the Department's ability to achieve its goals and implement its policies. All public criticism of other members is not prohibited; however, when the effect of the public criticism can reasonably be foreseen to have a detrimental effect on the member's effectiveness within his unit, the member must refrain from such conduct for the good of the Department and the public welfare and safety.

Rule 32: Engaging in any public statements, interviews, activity, deliberation or discussion pertaining to the Police Department which reasonably can be foreseen to impair the discipline, efficiency, public service, or public confidence in the Department or its personnel by:

(a) false statements, or reckless, unsupported accusations.

(b) the use of defamatory language, abusive language, invective or epithets.

Rule 33: Sitting in a public conveyance while in uniform or as a non-paying passenger when paying passengers are standing.

Rule 34: Failure to keep vehicle in public view while assigned to general patrol duty except when authorized by a supervisory member.

Rule 35: Concealing a Department vehicle for the sole purpose of apprehending traffic violators.

Rule 36: Permitting any person not on official police business to ride in a Department vehicle unless specifically authorized.

Rule 37: Failure of a member, whether on or off duty, to correctly identify himself by giving his name, rank and star number when so requested by other members of the Department or by a private citizen.

Rule 38:   Unlawful or unnecessary use or display of a weapon.

Rule 39:   Failure to immediately make an oral report to the desk sergeant at the District of occurrence and to follow such oral report with a written report on the prescribed form, whenever a firearm is discharged by a member.

Rule 40:   Failure to inventory and process recovered property in conformance with Department orders.

Rule 41:   Disseminating, releasing, altering, defacing or removing any Department record or information concerning police matters except as provided by Department orders.

Rule 42:   Participating in any partisan political campaign or activity.

Rule 43:   Discussing bail with a person who is in custody except by those specifically authorized to let to bond.

Rule 44:   Giving an opinion as to fine or penalty.

Rule 45:   Recommending any professional or commercial service.

Rule 46:   Advising any person engaged in a professional or commercial service that such professional or commercial services may be needed.

Rule 47:   Associating or fraternizing with any person known to have been convicted of any felony or misdemeanor, either State or Federal, excluding traffic and municipal ordinance violations.

Rule 48:    Soliciting or accepting any gratuity, or soliciting or accepting a gift, present, reward, or other thing of value for any service rendered as a Department member, or as a condition for the rendering of such service, or as a condition for not performing sworn duties.

Rule 49:    Giving to or receiving from any other member any gift, present, or gratuity excluding gifts accepted from relatives or close friends upon appropriate occasions.  No supervisory member will receive a present from subordinate members.

Rule 50:    Giving any gift, present, or gratuity to another member or a person not in his family without the specific approval of the Police Board, excluding donations not exceeding three dollars given in honor of retirements, or to hospitalized or deceased members, provided a member above the rank of captain has approved of the donations. Party, dinner, and entertainment expenses will be paid for individually by persons attending without prior collection through Department channels.

Rule 51:    A. Failure to testify or give evidence before any grand jury, coroner's inquest or court of law or before any governmental, administrative, or investigative agency (city, state or federal) when properly called upon to do so, and when there is no properly asserted constitutional privilege, or when immunity from prosecution has been granted.

    B. Failure to cooperate when called to give evidence or statements by any investigative branch or superior officer of the Chicago Police Department or the Police Board when the evidence or statements sought relate specifically, directly and narrowly to the performance of his official duties.  If the member properly asserts a constitutional privilege, he will be required to cooperate if advised that by law any evidence or statements given by him cannot be used against him in a subsequent criminal prosecution.

(Effective 1 January 1975)

Rule 52:  Seeking or soliciting contributions of any kind from anyone, by any means, for any purpose, under any circumstances, including collections for charitable purposes by any member or his agent, group of members or their agents, and including any sale or solicitation by any member or his agent, group of members or their agents, of advertising for any police journal, magazine or other publication identified with the Chicago Police Department or any association of its members, except as specifically authorized by resolution of the Police Board.

The members shall be subject to disciplinary action for any violation of this provision by his agent. The officers, directors, or trustees of any association identified with members of the Chicago Police Department shall be subject to disciplinary action for any violation of this provision made on behalf of the association by any member thereof or agents.

These provisions do not apply to the solicitation of police personnel by police associations for memberships or dues.

Rule 53:  Participating in, encouraging the participation of others in, or otherwise supporting any strike, demonstration, slowdown, or other such concerted action against the Department.

Rule 54:  A. Joining or retaining membership in, or soliciting other members to join any labor organization whose membership is not exclusively limited to full time law enforcement officers. It is provided that this Rule will not apply to civilian members nor to membership in any labor organization in connection with, and relating solely to, approved secondary employment of sworn officers.

B. Joining or retention of membership by supervisory personnel in any labor organization, whose membership is composed of rank and file members of the Department, and whose purpose is to represent its members concerning wages, hours, and working conditions. It is provided that this Rule will not apply to the joining or retention of membership with rank and file members of the Department in organizations whose primary purpose is social, religious, ethnic or racial.

COMMENT: A. Labor-management disputes frequently develop into situations requiring the presence and/or action of law enforcement

officers to ensure that the rights of both labor and management are not violated by criminal acts. Law enforcement's posture in these disputes must be one of strict and absolute neutrality and impartiality. The policy of absolute neutrality and impartiality is seriously threatened and potentially undermined if the labor organization or union involved in the dispute is in any way associated with the representation of law enforcement officers of the law enforcement profession. Membership in a labor union as defined above creates a potential conflict of interest which conflict is specifically prohibited by the Law Enforcement Code of Ethics to which we all adhere and which could lead to acts or failures to act contrary to law.

B. Supervisory personnel means any sworn member of the rank of sergeant and above. Due to the growing activities of police labor organizations in regard to wages, hours, and working conditions, the membership of supervisory personnel who are charged with supervising rank and file members in regard to wages, hours, and working conditions would be present a conflict of interest.

(Effective 19 January 1976)

Rule 55:     Holding cigarette, cigar, or pipe in mouth while in uniform and in official contact with the public.