# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Dewar, ) | |
| ) | |
|     *Pro se* Plaintiff, ) | Case No. 16 CV 2287 |
| ) | |
| v. ) | District Judge Virginia Kendall |
| ) | |
| Chicago Police Department and Chicago ) | Jury Demand |
| Police Officers T.J. Felmon, M.K. Devine ) | |
| and C.J. Long, ) | |
| ) | |
|     Defendants. ) | |

## AFFIDAVIT OF DEFENDANT OFFICER TIMOTHY FELMON

I, Officer Timothy Felmon, having first been duly sworn under oath, state the following:

1. On February 17, 2014, I was working as a Chicago Police Officer assigned to the 22nd district and I was wearing my Chicago Police Department uniform. My partner on that date was Officer Michael Devine.

2. On February 17, 2014, Officer Devine and I responded to a Chicago Police Department radio dispatch call for police assistance. Based on the radio dispatch communication, I understood I was responding to a dispute regarding an individual who reported he had been assaulted for snow-blowing snow off of his son's driveway at 11343 South Millard Avenue, Chicago, Illinois, 60655. Officer Devine and I traveled to 11343 South Millard Avenue in a marked police car.

3. Once at that location, Officer Devine and I exited our Chicago Police Department vehicle. I heard and saw a woman, who I now know to be Shirley Dewar, screaming unintelligibly from behind the screen to her front door.

1

4. Officer Devine and I first spoke to the alleged victim, Mr. Hosty, outside of his son's home. Mr. Hosty communicated that there had been a verbal altercation between Plaintiff and Mr. Hosty in regards to Mr. Hosty snow blowing the snow off of his son's driveway. I heard Mr. Hosty say that during the verbal altercation Plaintiff had assaulted him by stating something to the effect of, "I am going to kick your ass."

5. While Mr. Hosty spoke, I was able to observe him. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words, and provided consistent statements throughout the course of my investigation into the dispute.

6. After speaking with Mr. Hosty, Officer Devine and I spoke with the alleged offender, David Dewar, outside of his and his mother's home.

7. Mr. Dewar stated that Mr. Hosty was using a snow blower and the snow was being blown onto the windows of the property next door, which is his mother's property and where he also lives.

8. During this time, I also observed Shirley Dewar. She was still hysterically and unintelligibly yelling from the steps leading up to her front door.

9. Officer Devine and I investigated the windows and I did not see any snow on the window screen, window ledge, or any disturbed snow at the base of house under the windows.

10. Mr. Hosty stated that he wanted to sign a criminal complaint and did sign a complaint of his own free will that evening stating that David Dewar had assaulted him.

11. At approximately 7:00 p.m., Officer Devine and I arrested David Dewar because the complaining witness intended to sign a criminal complaint against David Dewar and I believed the statements that Mr. Hosty made constituted probable cause for the crime of assault. Mr.

Dewar was handcuffed without any resistance.

12. Officer Devine and I transported David Dewar to the 22nd district for procession and either Officer Devine, or myself, read David Dewar his read Miranda rights.

13. I prepared the "Arrest Report" (attached to this affidavit as Exhibit A). Specifically, I drafted and swore to the "incident narrative." Based on my training and experience as a Chicago Police Officer, I understand the purpose of the incident narrative is to summarize the facts for probable cause to arrest and substantiate the charges. In the incident narrative I wrote "EVENT # 11677 – IN SUMMARY – THIS IS AN ARREST BY BEAT 2211. THE ABOVE SUBJECT WAS PLACED INTO CUSTODY ON SIGNED COMPLAINTS IN THAT , DURING A VERBAL ALTERCATION WITH THE VICTIM (WILLIAM HOSTY) , DAVID DEWAR STATED THAT HE WAS GOING TO "GIVE HIM AN ASS KICKING" which placed victim in fear of receiving a battery. R/OS PLACED SUBJECT INTO CUSTODY . READ MIRANDA . TRANSPORTED TO 022 DISTRICT FOR PROCESSING . NAME CHECK CLEAR WITH NO WARRANTS OR TWO DEGREES OF SEPERATION . COURT KEY IS C.  NO INVENTORIES . NO GANG AFFILIATION . NO GIP OR TRAPP . CLEAR LEADS ."

14. I submitted the arrest report to Sergeant Long for review. Sergeant Long reviewed the arrest report and approved probable cause for the arrest.

15. At no point did Officer-Devine and I coerce Mr. Dewar into providing a false confession.

16. At no point did I hear Mr. Dewar provide a confession to any crime.

17. I did not make any agreement with Sergeant Long, Officer Felmon, or any other person to deprive David Dewar of his constitutional rights.

3

18. I did not personally label an evidence bag with Mr. Dewar's personal belongings or provide Mr. Dewar with an evidence bag upon his release. I did not observe Sergeant Long put Mr. Dewar's personal belongings into an evidence bag, label an evidence bag, or provide Mr. Dewar with an evidence bag upon his release.

19. I did not delete any record of a phone call made to 9-1-1 on David Dewar's phone.

20. Upon information and belief, that same day, Mr. Dewar was released at approximately 11:10 p.m.

21. I have no knowledge of Sergeant Long responding to the scene of Mr. Dewar's arrest at any time on February 17, 2014. I never observed Sergeant Long at, or near, 11343 South Millard Avenue, Chicago, Illinois, 60655 on February 17, 2014. Sergeant Long did not assist Officer Devine or myself in Mr. Dewar's arrest.

22. I never observed Sergeant Long personally interact with Mr. Dewar on February 17, 2014.

Affiant further sayeth naught.

4

*[signature]*
Tim Felmon

Signed and sworn before me
this 24 day of May, 2018

*Alejandra Ruiz*
Notary Public

```
OFFICIAL SEAL
ALEJANDRA RUIZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/28/21
```

5