# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Dewar, ) | |
| ) | |
| *Pro se* Plaintiff, ) | Case No. 16 CV 2287 |
| ) | |
| v. ) | District Judge Virginia Kendall |
| ) | |
| Chicago Police Department and Chicago ) | Jury Demand |
| Police Officers T.J. Felmon, M.K. Devine ) | |
| and C.J. Long, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF DEFENDANT OFFICER MICHAEL DEVINE

I, Officer Michael Devine, having first been duly sworn under oath, state the following:

1. On February 17, 2014, I was working as a Chicago Police Officer assigned to the 22nd district and I was wearing my Chicago Police Department uniform. My partner on that date was Officer Timothy Felmon.

2. On that date, Officer Felmon and I responded to a Chicago Police Department radio dispatch call for police assistance. Based on the radio dispatch communication, I understood I was responding to a dispute regarding an individual who reported he had been assaulted for snow-blowing snow off of his son's driveway at 11343 South Millard Avenue, Chicago, Illinois, 60655. Officer Felmon and I traveled to 11343 South Millard Avenue in a marked police car.

3. Once at that location, Officer Felmon and I exited our Chicago Police Department vehicle. I heard and saw a woman, who I now know to be Shirley Dewar, screaming unintelligibly from behind the screen to her front door.

1

4. Officer Felmon and I first spoke to the alleged victim, Mr. Hosty, outside of his son's home. Mr. Hosty communicated that there had been a verbal altercation between Plaintiff and Mr. Hosty in regards to Mr. Hosty snow blowing the snow off of his son's driveway. I heard Mr. Hosty say that during the verbal altercation Plaintiff had assaulted him by stating something to the effect of, "I am going to kick your ass."

5. While Mr. Hosty spoke, I was able to observe him. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words, and provided consistent statements throughout the course of my investigation into the dispute.

6. After speaking with Mr. Hosty, Officer Felmon and I spoke with the alleged offender, David Dewar, outside of his and his mother's home.

7. Mr. Dewar stated that Mr. Hosty was using a snow blower and the snow was being blown onto the windows of the property next door, which is his mother's property and where he also lives.

8. During this time, I also observed Shirley Dewar. She was still hysterically and unintelligibly yelling from the steps leading up to her front door.

9. Officer Felmon and I investigated the windows and I did not see any snow on the window screen, window ledge, or any disturbed snow at the base of house under the windows.

10. Mr. Hosty stated that he wanted to sign a criminal complaint and did sign a complaint of his own free will that evening stating that David Dewar had assaulted him.

11. At approximately 7:00 p.m., Officer Felmon and I arrested David Dewar because the complaining witness intended to sign a criminal complaint against David Dewar and I believed the statements that Mr. Hosty made constituted probable cause for the crime of assault. Mr. Dewar

was handcuffed without any resistance.

12. Officer Felmon and I transported David Dewar to the 22nd district for procession and either Officer Felmon, or myself, read David Dewar his read Miranda rights.

13. I signed off as the second arresting officer and attesting officer on the "Arrest Report" and submitted it to Sergeant Long who approved probable cause for the arrest.

14. At no point did Officer Felmon and I coerce Plaintiff into providing a false confession.

15. At no point did I hear Mr. Dewar provide a confession to any crime.

16. I did not make any agreement with Sergeant Long, Officer Felmon, or any other person to deprive David Dewar of his constitutional rights.

17. I did not personally label an evidence bag with Mr. Dewar's personal belongings or provide Mr. Dewar with an evidence bag upon his release. I did not observe Sergeant Long put Mr. Dewar's personal belongings into an evidence bag, label an evidence bag, or provide Mr. Dewar with an evidence bag upon his release.

18. I did not delete any record of a phone call made to 9-1-1 on David Dewar's phone.

19. Upon information and belief, that same day, Mr. Dewar was released at approximately 11:10 p.m.

20. I have no knowledge of Sergeant Long responding to the scene of Mr. Dewar's arrest at any time on February 17, 2014. I never observed Sergeant Long at or near 11343 South Millard Avenue, Chicago, Illinois, 60655 on February 17, 2014. Sergeant Long did not assist Officer Felmon, or myself, in Mr. Dewar's arrest.

21. I never observed Sergeant Long personally interact with Mr. Dewar on February

17, 2014.

Affiant further sayeth naught.

 

_____
Michael Devine

Signed and sworn before me
this 24 day of May, 2018

\_\_Alejandra Ruiz\_\_
Notary Public

```
OFFICIAL SEAL
ALEJANDRA RUIZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/28/21
```

4