# **EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Dewar, | ) | |
| | ) | |
| *Pro se* Plaintiff, | ) | Case No. 16 CV 2287 |
| | ) | |
| v. | ) | District Judge Virginia Kendall |
| | ) | |
| Chicago Police Department and Chicago | ) | Jury Demand |
| Police Officers T.J. Felmon, M.K. Devine | ) | |
| and C.J. Long, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DEFENDANT CHARLES LONG

I, Charles Long, former Sergeant with the Chicago Police Department, having first been duly sworn under oath, state the following:

1. On February 17, 2014, I was working as a Chicago Police Sergeant assigned to the 22nd district. My particular assignment that day was as a desk sergeant and my duties included reviewing arrest reports submitted by Chicago Police Officers under my command.

2. On that date, Officer Felmon submitted an arrest report for David Dewar. I reviewed David Dewar's "Arrest Report" and found it to be complete and contain facts sufficient to support probable cause for Mr. Dewar's arrest. I approved the probable cause of his arrest based on the information contained in the "incident narrative section" of the arrest report, including that a complaint had been signed for Plaintiff's arrest, which was sworn to by Officer Devine.

3. I relied upon the statements made in the incident narrative of the Arrest Report (attached to this affidavit as Exhibit A) as true and accurate statements as attested to by a fellow law enforcement officer.

1

4. Based on my training and experience as a police officer, I believed that the information provided to Officer Devine and his partner Officer Felmon along with the signed criminal complaint by the alleged victim was sufficient to support probable cause for an arrest of Mr. Dewar for assault.

5. I did not personally put Mr. Dewar's personal belongings into an evidence bag, label an evidence bag, or provide Mr. Dewar with an evidence bag upon his release.

6. I did not delete any record of a phone call made to 9-1-1 on David Dewar's phone.

7. I neither responded to the call for police assistance at 11343 South Millard Avenue, Chicago, Illinois, 60655, nor assisted in the arrest of David Dewar.

8. At no point did I coerce Mr. Dewar into providing a false confession.

9. At no point did I hear Mr. Dewar provide a confession.

10. I did not make any agreement with Sergeant Long, Officer Felmon, or any other person to deprive David Dewar of his constitutional rights.

11. I did not personally interact with David Dewar on February 17, 2014.

12. I did not make any agreement with Officer Devine, Officer Felmon, or any other person to deprive David Dewar of his constitutional rights.

Affiant further sayeth naught.

_____
Charles Long

Signed and sworn before me
this 24 day of May, 2018

_____
Notary Public

OFFICIAL SEAL
ALEJANDRA RUIZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/28/21

3