IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Dewar, | ) | |
| | ) | |
|     *Pro se* Plaintiff, | ) | Case No. 16 CV 2287 |
| | ) | |
|     v. | ) | District Judge Virginia Kendall |
| | ) | |
| Chicago Police Department and Chicago | ) | Jury Demand |
| Police Officers T.J. Felmon, M.K. Devine | ) | |
| and C.J. Long, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendant Chicago Police Officers Felmon, Devine, and Long (collectively "Defendants"), by and through one of their attorneys, Kelly C. Bauer, Assistant Corporation Counsel, for their reply in support of their Motion for Summary Judgment state as follows:

INTRODUCTION

The uncontested facts establish there is no genuine issue of material fact that Plaintiff's February 17, 2014, arrest was lawful. *See* Plaintiff's Response to Defendants' Statement of Facts ("P's Resp. to SOF") at ¶¶ 10, 11, 14, 17- 21, 25-29, 31-35. Defendants are entitled to summary judgment on all of Plaintiff's claims. First, the undisputed facts clearly demonstrate that probable cause existed for Plaintiff's February 17, 2014, arrest. Plaintiff admits that Mr. Hosty signed a complaint against Plaintiff for assault on February 17, 2014, and there is no evidence that Mr. Hosty's complaint would lead a reasonable officer to be suspicious. Second, Plaintiff admits that he never gave a confession on February 17, 2014, and therefore, Plaintiff was not coerced into providing a confession. As Plaintiff never gave a confession, any claim that Plaintiff's civil rights were violated as a result of Defendants allegedly not informing Plaintiff of

his Miranda rights is moot. Third, as none of Plaintiff's civil rights were violated, it then follows that Defendants did not conspire to violate any of Plaintiff's civil rights. Lastly, Defendant Long solely reviewed Plaintiff's arrest report and approved probable cause, and therefore, all claims against him should be dismissed for lack of personal involvement.

**ARGUMENT**

**I.  Plaintiff admits there was probable cause for his arrest, and therefore, it is undisputed that Plaintiff's arrest was lawful.**

Plaintiff's arguments that Defendants did not have probable cause to arrest him ignore the applicable legal standard.  First, Plaintiff argues that he did not actually commit an assault, and therefore, there was no probable cause for his arrest.  Second, Plaintiff argues that Defendants "did nothing more than rely on William's [Mr. Hosty's] insufficient allegations."  Plaintiff's Response to Defendants' Motion for Summary Judgment ("P's Resp.") at p. 9.  Third, Plaintiff argues that because the arrest report merely "documents a verbal threat of undescribed action at some unknown point in the future," Sergeant Long "approved condoned or turned a blind eye to an arrest on a patently inadequate claim of assault."  P's Resp. at p. 10.  However, whether Plaintiff committed the alleged assault does not have any bearing on whether Defendants had probable cause to arrest Plaintiff.  Further, as Plaintiff admits, Defendants did not merely rely upon "insufficient allegations," but instead Plaintiff was arrested in response to a criminal complaint signed by the victim, Mr. Hosty.  P's Resp. to SOF at ¶¶ 17-19, 32.  Contrary to Plaintiff's assertions, the determination of whether an arrest was lawful still turns on whether the arrest officers had probable cause for that arrest.

"To be deemed reasonable, a warrantless arrest made in public must be supported by probable cause." *Gutierrez v. Kermon*, 722 F.3d 1003, 1007-08 (7th Cir. 2013) (citing *U.S. v. Watson*, 423 U.S. 411, 414-24 (1976)).  Thus, "the existence of probable cause is an absolute

2

defense to a § 1983 claim for false arrest." *Id*. "A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within her knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Fleming v. Livingston Cnty., Ill.*, 674 F.3d 874, 878-79 (7th Cir. 2012); *see also Gutierrez*, 722 F.3d at 1007-08. "Although probable cause requires more than a bare suspicion of criminal activity, it does not require evidence sufficient to support a conviction." *Flores v. Walgreen Co.*, No. 08 CV 7419, 2010 WL 3894091, at *7 (N.D. Ill. Sept. 30, 2010) (citing *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007)); *see also Milner v. City of Chicago*, No. 01 CV 5345, 2002 WL 1613720, at *2-3 (N.D. Ill. 2002) (citing *Wollin v. Gondert*, 192 F.3d 616, 623 (7th Cir. 1999)) ("this 'flexible, commonsense approach' does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable.") In considering whether probable cause existed, this Court must "objectively 'step into the shoes of a reasonable person in the position of the officer,' and consider the facts known to the officer at the time." *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1114 (7th Cir. 2013).

Here, Plaintiff admits that Officers Felmon and Devine had probable cause to arrest him. Officers Felmon and Devine responded to a call for service regarding a dispute between two neighbors. P's Resp. to SOF at ¶ 10. Officers Felmon and Devine were informed by Mr. Hosty that Plaintiff had assaulted Mr. Hosty by threating him with the words "I am going to kick your ass." P's Resp. to SOF at ¶ 17. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words and provided consistent statements throughout the course of Officer Felmon and Devine's investigation into the dispute. P's Resp. to SOF at ¶ 18. Mr. Hosty informed the officers that he wanted to sign and did sign a criminal complaint that evening

of his own free will stating that Plaintiff had assaulted him. P's Resp. to SOF at ¶ 19. This provided Officers Felmon and Devine with probable cause.

Plaintiff's denial that he assaulted his neighbor Mr. Hosty did not negate the probable cause for his arrest. *Evans v. Gasca*, No. 14 CV 10518, 2016 WL 1407695, at *7 (N.D. Ill. April 11, 2016) (J. Durkin) (Suspects frequently deny allegations against them. A denial does not mean an officer "must always investigate a suspect's claim of innocence."); *see also Reynolds v. Jamison*, 488 F.3d 756, 762 (7th Cir. 2007) (There is no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth even if the suspect denies the accusation of wrongdoing.); *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 744 (7th Cir. 2003). Plaintiff's denial, reasserted years later in this civil lawsuit, does not defeat summary judgment either. The fact that Defendants did not address whether Plaintiff actually committed assault, which Plaintiff claims is a "conspicuous – and telling – omission," is actually irrelevant as a matter of law. While Defendants Felmon and Devine did not personally witness Plaintiff's alleged assault of Mr. Hosty, case law is clear that Mr. Hosty's criminal complaint against Plaintiff was sufficient to provide probable cause for arrest. Probable cause may be based on "[t]he complaint of a single witness or putative victim . . . unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003); *see also Annan v. Vill. of Romeoville*, No. 12 CV 3577, 2013 WL 673484, at *2 (N.D. Ill. Feb. 25, 2013) (J. Kendall). Probable cause does not depend on the truth of a complaint. *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006). Instead, when presented with a credible report of criminal activity, a police officer may rely on the information and make an arrest "without having to conduct an independent investigation into their accounts." *Williamson v. Curran*, 714 F.3d 432, 441 (7th

4

Cir. 2013). Plaintiff does not put forth any admissible evidence which would lead a reasonable officer to be suspicious of Mr. Hosty's complaint of assault. Thus, the criminal complaint signed by Mr. Hosty provided the probable cause for Plaintiff's arrest and Officers Felmon and Devine had no further duty to investigate.

Further, while Sergeant Long was not present for Plaintiff's arrest, he is entitled to rely upon the knowledge of fellow officers when reviewing those officers' arrest reports and need not conduct a further investigation. *Crawford v. City of Chicago*, 12 C 5289, 2014 WL 1661720, at *6 (N.D. Ill. April 25, 2014) (citing *United States v. Williams,* 627 F.3d 247, 252 (7th Cir. 2010) (citing *United States v. Hensley,* 469 U.S. 221, 232–33 (1985)). Here, it is undisputed that Officers Felmon and Devine prepared the arrest report on Plaintiff's arrest and submitted it to Sergeant Long for approval. P's Resp. to SOF at ¶¶ 22, 24. Sergeant Long reviewed the information contained within the arrest report and approved the probable cause of Plaintiff's arrest. P's Resp. to SOF at ¶ 23. As Sergeant Long solely relied upon Officers Felmon and Devine's arrest report in approving probable cause, there is no evidence that Sergeant Long falsely arrested Plaintiff either.

Further, as Plaintiff admits, Defendants did not merely rely upon "insufficient allegations," but instead Plaintiff was arrested in response to a criminal complaint signed by the victim, Mr. Hosty. P's Resp. to SOF at ¶¶ 17-19, 32; Plaintiff's Statement of Additional Facts ("P. SAF") at ¶ 20. As such, Plaintiff's assertion that Sergeant Long approved an arrest report based solely upon a verbal threat is knowingly false. While Plaintiff claims he "lacks knowledge" in regards to Sergeant Long's involvement, he also alleges that Sergeant Long approved an arrest report that solely documents a verbal threat. P's Resp. to SOF at ¶¶ 22-24; P's Resp. at p. 10 and P. SAF at ¶ 20. Plaintiff cannot have it both ways by alleging incomplete

5

facts that suit him, but lacking knowledge as to facts that Plaintiff has read from his arrest report and cited to in his own Additional Statement of Facts, and that are supported by the record. P's Resp. to SOF at ¶¶ 19, 31; P's Resp. at p. 10 and P. SAF at ¶ 20.

Because the existence of probable cause is clear and undisputed, Officers Felmon and Devine and Sergeant Long are entitled to summary judgment of Plaintiff's false arrest claims.

**II.     Plaintiff admits he did not confess to assaulting Mr. Hosty on February 17, 2014, and therefore, Plaintiff was not coerced into providing a confession.**

Plaintiff's claim that he was coerced fails as a matter of law because Plaintiff agrees that Plaintiff did not confess to assaulting Mr. Hosty. P's Resp. to SOF at ¶¶ 26-27. As there was no incriminating statement made, Plaintiff could not have been coerced into providing an incriminating statement. *People v. Redd*, 670 N.E.2d 583, 597 (1996) (According to Illinois state law, a confession is "a direct acknowledgment of guilt after the perpetration of an offense.").

An individual's Fourteenth Amendment rights have been violated if "police use coercion to achieve a confession." *Jackson v. City of Peoria*, No. 4:16-cv-01054-SLD-JEH, 2017 WL 1224526, at *6 (C.D. Ill. Mar. 31, 2017) (citing *Colorado v. Connelly*, 479 U.S. 157, 163 (1986) (quoting *Miller v. Fenton*, 474 U.S. 104, 109 (1985)); *see generally Brown v. Mississippi*, 297 U.S. 278 (1936) (enshrining the proposition that physical and psychological torture are revolting to justice, defy substantive due process guarantees, and may not be used to extract convictions)). Coercion is actionable in a Section 1983 case under the Due Process Clause. *Id.* (citing *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010)). Analysis of whether a confession is coerced involves "consideration of the totality of the circumstances to determine whether the suspect confessed voluntarily, of his own free will, or whether the police overrode his volition." *Jackson v. Curry*, 888 F.3d 259, 265 (7th Cir. 2018). Further, "coercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the

6

Due Process Clause of the Fourteenth Amendment." *Hicks v. Hepp*, 871 F.3d 513, 527. (7th Cir. 2017) (citing *United States v. Sturdivant*, 796 F.3d 690, 695 (7th Cir. 2015) (quoting *Colorado v. Connelly*, 479 U.S. 157, 167 (1986)) (internal quotation marks omitted)). Coercion itself is evaluated from the "perspective of a reasonable person in the suspect's position." *Hicks*, 871 F.3d at 527 (citing *United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001)). Here, because Plaintiff agrees that he did not in any way acknowledge any guilt, no analysis from a similarly-situated reasonable person need be conducted in regards to whether Defendant Officers coerced Plaintiff. Thus, Defendants are entitled to summary judgment on this claim.

### III. Plaintiff admits that he did not confess to assaulting Mr. Hosty on February 17, 2014, and therefore, Plaintiff's Fifth Amendment rights were not violated.

Any alleged failure to read *Miranda* warnings to Plaintiff did not violate Plaintiff's constitutional rights and cannot be grounds for a Section 1983 action. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (citing *Connecticut v. Barrett*, 479 U.S. 523, 528 (1987) and *Michigan v. Tucker*, 417 U.S. 433, 444 (1974) (*Miranda* warnings are not rights protected by the Constitution, but rather a measure to insure the right against compulsory self-incrimination)). Moreover, Plaintiff's claim that his Fifth Amendment rights were violated fails as a matter of law because (1) Plaintiff was never prosecuted for a crime (P. Resp. to SOF at ¶ 32) and (2) Plaintiff was never compelled to be a witness against himself in a criminal case (P. Resp. to SOF at ¶ 32). *Chavez*, 538 U.S. at 766. The purpose behind providing *Miranda* rights is to 'protect a suspect's Fifth Amendment right against compelled self-incrimination. . . . ' *United States v. Key*, 162 F.Supp.3d 674, 684 (N.D. Ill. 2016) (citing *United States v. Hampton*, 675 F.3d 720, 727 (7th Cir. 2012) (quoting *United States v. Edwards*, 451 U.S. 477, 484–85 (1981)). As detailed above, there was no self-incrimination by Plaintiff, let alone compelled self-incrimination by Plaintiff.

*See infra* Argument II. Therefore, Defendants are entitled to summary judgment on Plaintiff's Fifth Amendment claim.

### IV. Plaintiff admits that he was not deprived of his constitutional rights, let alone subject to a conspiracy.

In order to succeed on his § 1983 civil conspiracy claim, Plaintiff must prove (1) an express or implied agreement among Defendants to deprive Plaintiff of his constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v. Balkema*, 840 F.2d 437, 441-42 (7th Cir. 1988); *Washington v. Amatore*, 781 F.Supp.2d 718, 720 (N.D. Ill. 2011).

Defendants are entitled to summary judgment because, as discussed in each above section, Plaintiff cannot meet his burden with admissible evidence of a deprivation of any of his constitutional rights. Recovery for conspiracy is permissible only if a constitutional deprivation is alleged and *proved*—a conspiracy claim standing alone is insufficient. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Because Plaintiff cannot establish a viable claim of a violation of his constitutional rights, Defendants are as a matter of law are entitled to summary judgment on Plaintiff's conspiracy claim.

Moreover, Plaintiff cannot set forth any admissible evidence that supports the existence of any agreement among Defendants to deprive Plaintiff of his constitutional rights. Nor can Plaintiff identify any overt act in furtherance of such an alleged agreement. "Although a conspiracy certainly may be established by circumstantial evidence . . . such evidence cannot be speculative." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). "[A] conspiracy claim cannot survive summary judgment if the allegations 'are vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy.'" *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). Plaintiff must offer more than his own

8

unsubstantiated speculation that a conspiracy existed. *See Brown v. Koeller*, No. 07 CV 1013, 2011 WL 4501384, at *4 (N.D. Ill. Sept. 28, 2011) (summary judgment granted where plaintiff failed to point to any evidence except own allegations). Here, Plaintiff argues that because he has had a contentious relationship with Mr. Hosty, Defendants conspired. P's Resp. at pp.11-13. Of note, what Plaintiff is alleging Defendants conspired to do remains unclear. Plaintiff also argues that Defendants put the decision of whether Plaintiff would be arrested in the hands of Mr. Hosty. P's Resp. at p.13. However, Plaintiff conveniently disregards the fact that he admits Mr. Hosty decided to sign a criminal complaint against him and at that point, Plaintiff was arrested. P's Resp. at p.11-13; P's Resp. to SOF at ¶¶ 19, 31. Plaintiff's conspiracy claim is nothing more than an assemblage of vague, conclusory allegations bereft of the factual context necessary to survive summary judgment. Plaintiff cannot offer any evidence that would allow this Court to draw the reasonable inference that any agreement existed between Defendants. Plaintiff's suspicion and conjecture does not constitute 'sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives.' *Sow v. Fortville Police Dept.*, 636 F.3d 293, 305 (7th Cir. 2011). As such, summary judgment as to Plaintiff's conspiracy claim must be granted as to all Defendants.

**V.       Defendant Long did not have any personal involvement in Plaintiff's arrest, and therefore, all claims against him should be dismissed.**

Plaintiff admits Defendant Long did not respond to the scene of Plaintiff's arrest or personally assist with Plaintiff's arrest. P. Resp. to SOF at ¶ 25. Instead, it is undisputed that Defendant Long's involvement was merely one of a supervisor conducting the administrative duty of reviewing paperwork. P. Resp. to SOF at ¶ 23. In order to establish individual liability against a supervisory official under § 1983 "there must be a showing that the official was directly

9

responsible for the improper conduct" and "'knowingly, willfully, or at least recklessly caused the alleged deprivation by his failure to act.'" *McPhaul v. Bd. of Comm. of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (citing *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983) and *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986)). The court in *Wolf-Lillie* explicitly rejected the notion that a supervisory defendant can be liable for "knowledge" of and "acquiesce" in the unconstitutional conduct of his or her subordinates. *Id.* at 1949. As Defendant Long was merely a supervisory defendant, all claims against him should be dismissed.

### VI.     Defendants are entitled to qualified immunity on Plaintiff's false arrest claim.

Even if, as Plaintiff claims, he did not actually commit assault or Defendants were mistaken about the existence of probable cause, they are entitled to qualified immunity in this case. Qualified immunity protects government officials performing discretionary functions from liability where their conduct "could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987); *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). "In determining qualified immunity, a court asks two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Hernandez v. Sheahan*, 711 F.3d 816, 817 (7th Cir. 2013).

The doctrine of qualified immunity shields officers from "suit for damages if 'a reasonable officer could have believed [the arrest and prosecution] to be lawful, in light of clearly established law and the information the officers possessed.'" *Gutierrez*, 722 F.3d at 1008; *see also, e.g., Pearson v. Callahan,* 555 U.S. 223, 231 (2009). In other words, qualified immunity tolerates reasonable mistakes regarding probable cause. *Whitlock v. Brown*, 596 F.3d 406, 413 (7th Cir. 2010). Thus, as long as Defendants reasonably, even if mistakenly, believed

10

that probable cause existed to arrest and prosecute Plaintiff, they are entitled to qualified immunity.

Here, Plaintiff admits that Defendants' belief that probable cause existed was reasonable in view of the undisputed material facts. P. Resp. to SOF at ¶¶ 10, 11, 14, 17- 21, 25-29, 31-35. Officers Felmon and Devine responded to a call for police assistance. P. Resp. to SOF at ¶ 10. Once at the location, Officers Felmon and Devine spoke to both parties regarding the dispute about Mr. Hosty snow-blowing snow onto Plaintiff's mother's property windows. P. Resp. to SOF at ¶ 11. Mr. Hosty reported that Plaintiff had assaulted him and that he wanted to sign a complaint against Plaintiff, and in fact did sign a complaint. P. Resp. to SOF at ¶¶ 17, 19. Mr. Hosty was coherent, did not appear intoxicated, did not smell of alcohol, was not slurring his words, and provided consistent statements throughout the course of Officer Felmon and Devine's investigation into the dispute. P. Resp. to SOF at ¶ 18. Subsequently, Plaintiff was arrested. P. Resp. to SOF at ¶ 20. These facts are sufficient to entitle Officers Felmon and Devine to qualified immunity for all of Plaintiff's federal claims, even if Plaintiff did not actually commit assault as he claims or probable cause was lacking. *Barrientos v. Haritos*, 836 F. Supp. 2d 670, 675-76 (N.D. Ill. 2011) (citing *Thompson v. Wagner,* 319 F.3d 931, 935 (7th Cir.2003) (A 'reasonable but mistaken belief that probable cause exists is sufficient for entitlement to qualified immunity . . . . In cases involving the issue of whether probable cause existed to support an arrest, the case should not be permitted to go to trial if there is any reasonable basis to conclude that probable cause existed.')). Accordingly, Officers Felmon and Devine are entitled to qualified immunity on Plaintiff's federal claims.

As discussed above, it is undisputed that Defendant Long reviewed and approved Officers Felmon and Devine's arrest report, which provided a summary of the facts supporting

11

probable cause; Plaintiff admits Defendant Long did not personally participate in Plaintiff's arrest. P. Resp. to SOF at ¶¶ 23-25. To the extent that this Court considers Defendant Long's actions sufficient for the purpose of finding personal participation, Defendant Long is too entitled to qualified immunity. *See Holmes v. City of Chicago*, 63 F.Supp.3d 806, 816 (N.D. Ill. 2014). Pursuant to the collective knowledge doctrine, Defendant Long was permitted to rely on the statements of Officers Felmon and Devine. *Crawford v. City of Chicago*, 12 C 5289, 2014 WL 1661720, at *6 (N.D. Ill. April 25, 2014) (citing *United States v. Williams,* 627 F.3d 247, 252 (7th Cir. 2010) (citing *United States v. Hensley,* 469 U.S. 221, 232–33 (1985)). It is undisputed that Defendant Long was informed that a complaint had been signed for Plaintiff's arrest and that a reasonable officer provided with that information would have believed probable cause existed to arrest and prosecute Plaintiff for assault. P. Resp. to SOF at ¶ 24; P's Resp. at p. 10. As such, Defendant Long is too entitled to qualified immunity.

## VII. Plaintiff's new allegations are untimely and therefore, cannot be considered as a way to defeat summary judgment.

Plaintiff's effort to defeat a motion for summary judgment by alleging new claims in his Response is unfounded and unsupported by the evidence. For the first time during the course of this case Plaintiff brings an Eighth Amendment claim for excessive bail and a malicious prosecution claim. P's Resp. at pp. 10-11, 13-14. Not only is the addition of two new claims untimely, but Plaintiff's multiple requests to bring new claims have all been barred by this Court on multiple occasions. ECF No.'s 103, 108.

### a. Plaintiff cannot bring a claim for excessive bail or malicious prosecution for the first time in his Response to Defendants' Motion for Summary Judgment, and therefore, such claims must be disregarded.

Plaintiff did not bring an excessive bail claim in his Complaint. SOF at ¶ 4. Further, the only time Plaintiff mentioned a malicious prosecution claim is within a catch-all paragraph that

12

also includes allegations of assault, battery, and false imprisonment, which Plaintiff did not bring in this case. SOF at ¶ 4. Plaintiff cannot now, at this late stage, seek to add entirely new claims with entirely new factual bases. *See McKenzie v. Teague*, No. 15 CV 8190, 2017 WL 3841471, at *4 (N.D. Ill. Sept. 1, 2017); *See Colbert v. Willingham*, No. 13-CV-2397, 2015 WL 3397035, at *10 (N.D. Ill. May 26, 2015) (citing *Whitaker v. Milwaukee Cnty., Wisc.,* 772 F.3d 802, 808 (7th Cir. 2014), *Auston v. Schubnell,* 116 F.3d 251, 255 (7th Cir. 1997)); *see also Bryant v. Bd. of Educ., Dist. 228*, No. 06 C 5697, 2008 WL 1702162, at *3 (N.D. Ill. Apr. 9, 2008), *aff'd.* 347 F. App'x 250 (7th Cir. 2009) (quoting *Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir. 1996) ("a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

   **b. Plaintiff's malicious prosecution claim also fails as a matter of law because Defendants had probable cause to arrest Plaintiff.**

Even if Plaintiff's malicious prosecution claim were to be considered at this late stage, it fails because Plaintiff admits Mr. Hosty brought a criminal complaint against Plaintiff and there was probable cause for Plaintiff's arrest. To succeed on malicious prosecution under Illinois state law, Plaintiff must prove that: (1) the defendant commenced or continued an original criminal proceeding; (2) the proceeding terminated in his favor; (3) the proceeding was without probable cause; (4) the defendant acted maliciously in initiating or continuing the proceeding; and (5) he was injured. *Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011); *Swick v. Liautaud*, 62 N.E.2d 1238, 1242 (Ill. 1996). The failure to establish any one of these elements precludes recovery. *Gauger v. Hendle*, 954 N.E.2d 307, 326 (2d Dist. 2011). Here, Defendants neither commenced a criminal proceeding, nor was the proceeding without probable cause.

In examining whether a police officer "continued" the proceedings, courts look to whether the defendant "actively participate[d] in the prosecution by advocating or demanding

13

further prosecution, after learning there [was] no probable cause to believe the accused [was] guilty." *Adams v. Sussman & Hertzberg*, 684 N.E.2d 935, 944-46 (1st Dist. 1997); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001). For malicious prosecution claims, probable cause is defined as "a state of facts that would lead a person to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Gauger*, 954 N.E.2d at 329-30. The actual facts of the case or the guilt or innocence of the accused is not at issue; rather, it is the state of mind of the person commencing the prosecution that is at issue. *Id*. "While probable cause requires more than mere suspicion, it does not require that the evidence at the time of the arrest be sufficient to prove the defendant's guilt beyond a reasonable doubt." *Sterling v. Kazmierczak*, 983 F.Supp. 1186, 1190 (N.D. Ill. 1997). When there is an honest belief that the accused is probably guilty of the offense, a mistake or error that is not grossly negligent will not affect the question of probable cause. *Sang Ken Kim v. City of Chicago*, 858 N.E.2d 569, 574-75 (1st Dist. 2006).

As stated above, while Defendants Felmon and Devine did not personally witness Plaintiff's alleged assault of Mr. Hosty, case law is clear that Mr. Hosty's criminal complaint against Plaintiff was sufficient to provide probable cause for arrest. Plaintiff does not put forth any admissible evidence which would lead a reasonable officer to be suspicious of Mr. Hosty's complaint of assault. Thus, the criminal complaint signed by Mr. Hosty provided the probable cause for Plaintiff's arrest, and Officers Felmon and Devine had no further duty to investigate.

The existence of probable cause also precludes the conclusion that the conduct of these Defendants was "willful and wanton," providing further support for the entry of summary judgment in the favor of these Defendants. *See Boyce v. Fernandes*, 77 F.3d 946, 951 (7th Cir. 1996). Plaintiff's claim also fails because there is no evidence that any criminal proceeding was

instituted against Plaintiff with malice. The totality of the circumstances do not support such an inference. A criminal proceeding is commenced or continued with malice if the officer does so with an improper motive or a reason other than to bring the person against whom the criminal proceeding is commenced to justice. *Regalado v. Hayes*, 2011 WL 5325542, *5 (N.D. Ill. 2011); *Gauger*, 954 N.E.2d at 333. Plaintiff cannot offer any evidence that would even suggest a genuine issue of material fact exists as to whether Defendants acted with malice at any point during the proceedings. The undisputed evidence shows that Mr. Hosty signed a criminal complaint against Plaintiff and that Mr. Hosty also subsequently had the ability to drop, and in fact did drop, those charges. Defendants are, therefore, entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants Felmon, Devine and Long respectfully request that the Court grant their Motion for Summary Judgment on all of Plaintiff David Dewar's claims.


Respectfully Submitted,

                                      */s/ Kelly C. Bauer*
                                      KELLY C. BAUER
                                      ASSISTANT CORPORATION COUNSEL
                                      30 N. LaSalle Street, Suite 900
                                      Chicago, Illinois 60602
                                      Tel: (312) 742-9586
                                      Fax: (312) 744-6566

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I submitted with the Clerk for the Northern District of Illinois using the Court's electronic filing system or ECF **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** and thereby provided a copy of same to Plaintiff listed below:

Mr. David A. Dewar
11347 S. Millard Ave.
Chicago, IL 60655
(via CM/ECF System)

By: */s/ Kelly C. Bauer*
Kelly C. Bauer
Assistant Corporation Counsel