IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Dewar, | ) | |
| | ) | |
|     *Pro se* Plaintiff, | ) | Case No. 16 CV 2287 |
| | ) | |
|     v. | ) | District Judge Virginia Kendall |
| | ) | |
| Chicago Police Department and Chicago | ) | Jury Demand |
| Police Officers T.J. Felmon, M.K. Devine | ) | |
| and C.J. Long, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Defendant Chicago Police Officers Felmon, Devine, and Long (collectively "Defendants"), by and through one of their attorneys, Kelly C. Bauer, Assistant Corporation Counsel, for their response to Plaintiff's Statement of Additional Facts state as follows:

*Defendants object generally to Plaintiff's Statement of Facts. Local Rule 56.1(b)(3)(C) limits an opposing party to forty (40) statements of additional facts that require the denial of the moving party's summary judgment motion. Here, Plaintiff filed thirty (30) statements of fact, many of which contain multiple sentences that surpass the limitation of forty statements of additional facts. Additionally, many of Plaintiff's facts are not actually additional facts that require denial of Defendants' summary judgment motion in that they are duplicative of many of Defendants' statements of fact, many of which Plaintiff does not dispute.*

1. Except for short breaks, Plaintiff has resided at 11347 S. Millard Avenue, Chicago, Illinois, 60655 (the "Property") since 1984. During this time period, Plaintiff's mother, Shirley Dewar ("Shirley"), who was seventy-six years of age on February 17, 2014, has also lived at the Property. [Affidavit of David Dewar ("Plaintiff Aff."), attached to Response as Exhibit 1, ¶ 3; Affidavit of Shirley Dewar ("Shirley Aff."), attached to Response as Exhibit 2, ¶¶ 1-3].

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements, but do not dispute that Plaintiff and his mother reside at 11347 S. Millard Avenue.

  2 Since approximately 2000, the house immediately to the north of the Property, at 11343 S. Millard Avenue, has been owned by John Hosty ("John"), the son of William Hosty ("William"). The driveway for 11343 S. Millard Avenue is adjacent to the property line of the Property. (Plaintiff Aff. ¶ 4; Shirley Aff. ¶ 4).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements, but do not dispute that the Hosty residence is next door to Plaintiff and his mother's house.

  3. William and Chicago Police Department Scott McKenna ("McKenna") live on the same block of Millard Avenue as Plaintiff, Shirley and John. William and McKenna know one another and, on information and belief, are friends. William also has campaigned for local elected officials, including the alderman and state representative for the neighborhood. (Plaintiff Aff. ¶ 5; Shirley Aff. ¶ 5).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants further object to Plaintiff's allegations regarding possible addresses of Chicago Police Officers and therefore, can neither confirm nor deny such allegations as doing so would present a safety concern for officers and their families.

  4. In the years that John has lived next to the Property, he has repeatedly caused problems for Plaintiff and Shirley. On different occasions in 2009 and 2010, Plaintiff and Shirley were forced to call the Chicago Police Department when John and his friends became intoxicated and kept yelling and screaming at 2:00 and 3:00 in the morning. (Plaintiff Aff. ¶ 6; Shirley Aff. ¶ 6).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

5. In November 2010, after John's children had repeatedly ran across the front yard of the Property, Shirley asked them to stop. In response, John pounded on the front door and screamed that Shirley should not speak to his children. After hearing about the incident, Plaintiff asked John to talk. Rather than doing so, John, appearing intoxicated and slurring his speech, attempted to start a fistfight with Plaintiff, saying "You're nothing but a pussy" and "I ought to kick your butt." Ultimately, William, who was present during this altercation, interceded with his son and Plaintiff left to go grocery shopping. However, when Plaintiff returned, John again approached and pounded his fists on Plaintiff's car. Plaintiff tried to talk calmly to John, but John remained belligerent and threatening. Plaintiff filed an assault complaint against John with the Chicago Police Department as a result of this incident, but he chose not to proceed with the complaint. (Plaintiff Aff. ¶¶ 7-8; Shirley Aff. ¶¶) [sic].

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

6. In 2011, John obtained cable television service from Wide Open West (WOW) and the cable was placed so that it encroached onto the Property. Plaintiff and Shirley initially asked WOW to move the cable, or to have John do so, but nothing happened, Plaintiff and Shirley were forced to sue John and obtained a judgment compelling him to move the wire to his own property. (Plaintiff Aff. ¶ 9; Shirley Aff. ¶¶ 9).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

7. Since 2011, Plaintiff and Shirley also had difficulties with William. Whenever it snowed, William would habitually use a snowblower to clean John's driveway. In doing so, William would blow the snow onto different parts of the Property. The excess snow has occasionally melted and leaked into the house. In 2012, Shirley asked William to not deposit

snow onto the Property. In response, William said he was fed up with her, cursed and walked away. (Plaintiff Aft ¶ 10; Shirley Aff. ¶¶ 10-11).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

8.       February 17, 2014 was a very snowy day and, in the evening, Shirley observed William again operating his snow blower so that the snow he was removing was being deposited onto the Property. Shirley asked William to stop doing so. In response, William said "I'm sick of you people," turned away and returned to his snowblower. (Shirley Aff. ¶ 12).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

9.       Shirley then asked Plaintiff to talk to William. Plaintiff approached to approximately a dozen feet away from William and requested that he stop blowing snow onto the Property. In response, William asked whether Plaintiff was recording him. When Plaintiff answered that he was not, William suddenly claimed that Plaintiff had threatened to "kick your ass" and called to his daughter-in-law, who was standing in the doorway of 11343 S. Millard Avenue to call the police. Plaintiff had not made that statement. William immediately resumed plowing snow, doing so for another ten minutes before the police arrived. [Shirley Aff. ¶¶ 13-14; Plaintiff Aff. ¶ 12; Deposition Transcript of William Hosty ("William Tr."), attached to Response as Exhibit 3, p. 14, In. 10 - p. 15, In. 14 and p. 68, In. 9 p. 69, In. 4].

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements but do not dispute that Defendants Felmon and Devine responded to a call for assistance at that location.

10.      After Plaintiff became aware that William's daughter-in-law had telephoned the Chicago Police Department regarding the false threat, he also placed a call to the department, first calling a non-emergency number for the 22nd District local police station and then, after

4

being told that he needed to call 911, telephoning 911. Plaintiff explained that after he had asked William to stop blowing snow onto the Property, William had falsely accused him of threatening to "kick your ass." The 911 dispatcher responded that he would dispatch a police car to the scene. (Plaintiff Aff. ¶ 13; Transcript of 911 call, attached hereto as Exhibit 4).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

11. After making the 911 call, Plaintiff went to change his clothes. Neither Plaintiff nor Shirley were outside or on the porch when Officers Felmon and Devine arrived. (Shirley Aff. ¶ 15; Plaintiff Aff. ¶ 14).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

12. Plaintiff and Shirley were alerted to the arrival of the Chicago Police when Officers Felmon and Devine loudly banged on the front door of their house. Although Shirley was upset about what had happened, she was coherent and explained that William's accusation that Plaintiff had threatened him was a lie. Officer Felmon told Shirley to "shut up" and go inside the house. Plaintiff calmed down Shirley and then provided his statement explaining that he had not threatened William in any fashion. Neither Officer Felmon or Devine examined the areas where William had been blowing snow and they did not address Plaintiff's 911 call at all. (Shirley Aff. ¶¶ 16-17; Plaintiff Aff. ¶¶ 15-16; Hosty Tr. p. 17, ins. 2-16).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that Defendants Felmon and Devine responded to that location, that Ms. Dewar was hysterical, and that Plaintiff complained to them that there was a dispute regarding Mr. Hosty blowing snow on Plaintiff's mother's property. Defendants deny the remaining allegations contained in this paragraph. *See* Defs.' SOF ¶¶ 11-16.

5

13. Officers Felmon and Devine then directed Plaintiff to talk to William and resolve the matter. The officers, Plaintiff and Shirley walked next door, where William, his daughter-in-law and McKenna were waiting. William again claimed that Plaintiff had threatened to "kick your ass" and Officer Felmon, without asking about Plaintiff's version of the dispute, told Plaintiff that he needed to apologize. (Shirley Aff. ¶ 18; Plaintiff Aff. ¶ 17).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that Defendants Felmon and Devine tried to resolve the matter between the parties. Defendants deny the remaining allegations contained in this paragraph. *See* Defs.' SOF ¶¶ 17-19.

14. In response, Plaintiff twice apologized, stating that he was sorry that the officers had been required to come out and that he and William had not been able to resolve their differences. William stated that neither apology was adequate and Officer Felmon told Plaintiff that he needed to make an acceptable apology or be arrested. (Shirley Aff. ¶¶18-19; Plaintiff Aff. ¶18; Hosty Tr. p. 21, ins. 2-21; p. 24, In, 19 - p. 25, In. 8).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that Defendants Felmon and Devine tried to resolve the matter between the parties and that Mr. Hosty was unwilling to accept Plaintiff's apology. Defendants deny the remaining allegations contained in this paragraph. *See* Defs.' SOF ¶¶ 17-19.

15. Plaintiff again apologized, but William stated that he did not accept the apology. Officer Felmon then stated that Plaintiff was under arrest, handcuffed him and placed him in the police car. Plaintiff was not given a Miranda warning at any time. (Shirley Aff. ¶ 20; Plaintiff Aff. ¶ 19; Hosty Tr. p. 21, ins. 2-21; p. 24, In. 19 - p. 25, ln. 8).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that Defendants Felmon and Devine tried to resolve the matter between the parties and that Mr. Hosty was unwilling to accept Plaintiff's

6

apology. Defendants admit that Defendants Felmon and Devine informed Plaintiff that he was under arrest, handcuffed Plaintiff, and placed Plaintiff in a police car. Defendants deny the remaining allegations contained in this paragraph. *See* Defs.' SOF ¶¶ 17-20.

16. After Plaintiff was arrested, Officer Felmon remained in the police car with him. Officer Devine spent about ten minutes outside the car preparing paperwork, during which time he spoke to William and McKenna, Officers Felmon and Devine then drove Plaintiff to the 22nd District police station for booking. The police took Plaintiff's property, photographed and fingerprinted him and placed him in a holding cell for several hours. (Shirley Aff, ¶ 21; Plaintiff Aff. ¶¶ 20-21).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that paperwork was completed on Plaintiff's arrest by Felmon or Devine, that Defendants Felmon and Devine spoke to Mr. Hosty while they on scene and drove Plaintiff to the 22nd district for processing, and that Plaintiff was processed. Defendants deny the remaining allegations contained in this paragraph. *See* Defs.' SOF ¶¶ 20-21.

17. William's criminal complaint against Plaintiff provides as follows;

> William Hosty, complainant, now appears before the Circuit Court of Cook County and states that David Dewar has, on or about 17 Feb 14 committed the offense of Assault Simple in that he/she without lawful authority, knowingly threatened William Hosty by telling him that he is going to give him an ass kicking placing William Hosty in reasonable apprehension of receiving a battery in violation of 720 ILCS 5.0/12-1A.

(Hosty Tr. p. 30, ln. 9 - p. 31, ln. 9; Criminal Complaint, attached as Exhibit 5.)

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that the criminal complaint against Plaintiff includes the above text.

18. Under Illinois law, simple assault is classified as a Class C misdemeanor. 720 ILCS 5/12-1(b).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that simple assault is a Class C misdemeanor.

19. According to Defendants, Officer Felmon prepared the Arrest Report attached to the Motion for Summary Judgment as Exhibit I. (Affidavit of T.J. Felmon, attached to Motion for Summary judgment as Exhibit D, ¶ 13; Affidavit of M.K. Devine, attached to Motion for Summary Judgment as Exhibit E, ¶ 13; see also Arrest Report, attached hereto as Exhibit 6).

**RESPONSE**: Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that Officer Felmon prepared Plaintiff's arrest report.

20. According to the Arrest Report, probable cause to arrest Plaintiff and to substantiate William's complaint against Plaintiff was based on the following allegations:

> Event # 11677 - in Summary - This is an arrest by Beat 2211. The above subject was placed into custody on signed complaints in that, during a verbal altercation with the victim (William Hosty), David Dewar stated that he was going to "Give him an Ass Kicking" which placed victim in fear recieving (sic) a battery. R/OS placed subject into custody. Read Miranda. Transported to 022 District for processing. Name Check clear with no warrants or two degrees of seperation (sic). Court KE IS C. No inventories. No gang affiliation. No GIP or TRAPP. Clear Leads.

(See Exhibit 6).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that Plaintiff's arrest report contains the quoted paragraph above. Defendants deny that the arrest report reads that probable cause to arrest Plaintiff was solely based upon these factors. *See* Defs.' SOF ¶¶ 22-24 (referring to February 17, 2014 Arrest Report of David Dewar).

21. The Arrest Report further states that Plaintiff's Bond was "10% of Bond Paid" in the amount of $1,200.00. (*Id.*)

8

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants deny that this paragraph accurately interprets Plaintiff's Arrest Report. *See* Defs.' SOF ¶¶ 22-24 (referring to February 17, 2014 Arrest Report of David Dewar).

22. After Plaintiff's arrest, Shirley called another of her sons, Daniel Dewar ("Daniel"), to help her get Plaintiff out of jail. Daniel is a retired police officer who worked for suburban police departments. [Shirley Aff. ¶ 21; Affidavit of Daniel Dewar ("Daniel Aff."), attached as Exhibit 7, ¶¶ 2-3].

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

23. As Daniel drove to the Property, he telephoned the Chicago Police Department and spoke to a person who identified himself as Officer Devine. Officer Devine stated that David had been arrested after an alleged threat to a neighbor and was being held at the station. Devine further stated that the arrest could have been avoided if David had apologized. (Daniel Aff. ¶ 4).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit that Officer Felmon or Devine spoke with Plaintiff's brother regarding Plaintiff's arrest. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining statements.

24. After a few hours, the police notified Shirley and Daniel that David co uld [sic] be picked up. When they arrived, Shirley was notified that she had to pay $120.00 for a bond to ensure that David would appear at the criminal trial for the alleged assault. Shirley paid the money for the bond. (Shirley Aff. ¶ 22; Daniel Aff. ¶ 5).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants'

summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these statements.

25. The bond form presented to Shirley purports to be setting bail based on the Rules of the Illinois Supreme Court. The bail amount listed on the bond form is one thousand, two hundred dollars ($1,200) and the bond (deposit) amount is listed as $120.00. (Shirley Aff. ¶ 23; Bond Form No. D8333971, attached as Exhibit 8).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants deny that this paragraph accurately interprets this document. *See* Defs.' SOF ¶ 28 (referring to February 17, 2014 Bail Agreement for David Dewar).

26. The Illinois Supreme Court Rules provide that the bail amount for Class C misdemeanors is $120.00. Under Illinois law, bail bonds are based on ten percent (10%) of bail amount, or a minimum of $25.00, (Ill. Sup.Ct. R. 528(c) [sic]; 725 ILCS 5/110-7).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of whether this is an accurate statement of the law.

27. Plaintiff was released from custody at approximately 11:00 PM on February 17, 2014. When the police returned Plaintiff's property, his mobile telephone was inexplicably inside a bag labeled "Daniel Dewar." (Plaintiff Aff. ¶ 22; Daniel Aff. ¶ 7).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants admit Plaintiff was released around 11:00 p.m. on February 17, 2014. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining statements.

28. Plaintiff was required to hire an attorney to defend him in the misdemeanor proceeding filed by William. However, on March 25, 2014, William notified the criminal court that he did not wish to pursue the matter and the case was dismissed (Plaintiff Aff. ¶23).

10

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Upon information and belief, Defendants admit Mr. Hosty decided not to pursue the charges he brought against Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining statements.

29. A few months after the dismissal of the criminal complaint, Plaintiff petitioned for an expungement of the criminal record of the February 17, 2014 arrest. The Chicago Police Department and Chicago Corporation Counsel received notice of Plaintiff's petition. On May 19, 2015, Plaintiff's petition was granted. (Plaintiff Aff. ¶ 24, May 19, 2015 Order, attached hereto as Exhibit 9).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining statements.

30. Although the May 19, 2015 Order directed the Chicago Police Department to expunge the arrest from its records, information about the arrest remains visible on the public-record.com internet website. (Plaintiff Aff. ¶ 25; June 21, 2018 Report obtained from public-record.com website, attached as Exhibit 10).

**RESPONSE:** Defendants object to this paragraph as it is inconsistent with the purposes of Local Rule 56.1(b)(3)(C) by failing to set forth an additional fact requiring denial of Defendants' summary judgment motion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining statements.

Respectfully Submitted,

/s/ Kelly C. Bauer
KELLY C. BAUER
ASSISTANT CORPORATION COUNSEL
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
Tel: (312) 742-9586

11

Fax: (312) 744-6566

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I submitted with the Clerk for the Northern District of Illinois using the Court's electronic filing system or ECF **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS** and thereby provided a copy of same to Plaintiff listed below:

Mr. David A. Dewar
11347 S. Millard Ave.
Chicago, IL 60655
(via CM/ECF System)

By: */s/ Kelly C. Bauer*
    Kelly C. Bauer
    Assistant Corporation Counsel