IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID A. DEWAR, | ) |
|     Pro se *Plaintiff*, | ) ) ) |
| v. | ) ) No. 16 C 2287 |
| CHICAGO POLICE DEPARTMENT and CHICAGO POLICE OFFICERS T.J. FELMON, M.K. DEVINE, C.J. LONG, | ) ) Judge Virginia M. Kendall ) ) ) |
|     *Defendants*. | ) ) |

## **ORDER**

Final pretrial conference held on November 25, 2019. Over objection from the Plaintiff, David Dewar, the Court will empanel eight jurors. The Court ruled as follows on the parties' Motions in Limine. (Dkt. 209, 210).

Plaintiff's Motion in Limine 1 to bar mention of his income and finances is taken under advisement and will be addressed, if necessary, as the trial develops.

Plaintiff's Motion in Limine 2 to bar mention of his mother's income and finances is granted generally, as Defendants do not oppose it. Specific references relating to the Plaintiff, for example the extent to which his mother supports him financially, will be taken under advisement and addressed, if necessary, as the trial develops.

Plaintiff's Motion in Limine 3 to bar mention of his past or present employment is taken under advisement and will be addressed, if necessary, as the trial develops.

Plaintiff's Motion in Limine 4 to bar mention of Plaintiff's expunged arrests is granted in part and denied in part. Defendants may address the arrest at issue in this case although it has been expunged. Defendants may not address any other expunged arrests unless Plaintiff brings them up.

Plaintiff's Motion in Limine 5 to bar mention of other lawsuits involving the Plaintiff and the Defendants is taken under advisement and will be addressed, if necessary, as the trial develops.

Plaintiff's Motion in Limine 6 to bar mention of Plaintiff's political activity is taken under advisement and will be addressed, if necessary, as the trial develops.

Plaintiff's Motion in Limine 7 to bar mention of questions relating to the Plaintiff's personal "Privacy Rights" is taken under advisement and will be addressed, if necessary, as the trial develops. The Court grants the motion to the extent that it bars the Defendants from asking about a specific incident occurring on May 18, 2015, as that would be overly prejudicial.

Plaintiff's Motion in Limine 8 to bar mention of Plaintiff's interactions with John Hosty is withdrawn by Plaintiff.

Plaintiff's Motion in Limine 9 to bar mention of certain proposed exhibits is denied. The exhibits involve sworn statements of the Plaintiff and may be used to the extent permissible by the Defendants on cross-examination.

Plaintiff's Motion in Limine 10 to bar mention that Defendants will pay damages themselves is denied. Plaintiff is seeking punitive damages which Defendants would pay themselves.

Plaintiff's Motion in Limine 11 to bar mention of Plaintiff's interactions with his neighbors is denied. The witness lists includes as fact witnesses some of Plaintiff's neighbors. Plaintiff will be able to address any relationship history with such neighbors on cross-examination.

Plaintiff's Motion in Limine 12 regarding jurors' access to various news sources is dismissed as moot. The Court will instruct the jury on any limitations as to what they may or may not look at during trial.

Defendants' Motion in Limine 1 to bar generalized evidence of police "code of silence" and to bar reference to other publicized events concerning allegations of police misconduct is granted. Plaintiff does not have a claim pursuant to *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978), and has not developed any evidence applicable to the Chicago Police Department generally. He may only mention evidence at issue in this case.

Defendants' Motion in Limine 2 to bar any evidence, testimony or argument that conflates a violation of a general order or department regulation with a constitutional violation is granted. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006).

Defendants' Motion in Limine 3 to bar any testimony, evidence, argument, or innuendo that any non-defendant police officers engaged in misconduct is granted.

Plaintiff may not suggest without a factual basis that any non-defendant police officers engaged in misconduct.

Defendants' Motion in Limine 4 to bar any evidence or suggestion that the City improperly trains, disciplines, or investigates misconduct of officers or has improper policies and procedures is granted. As previously noted, Plaintiff does not have a *Monell* claim.

Defendants' Motion in Limine 5 to bar any evidence of pending or past civilian complaints, lawsuits, or employee or other disciplinary proceedings against Chicago police personnel is taken under advisement. Plaintiff must provide the Court with a copy of any complaint he seeks to reference in advance of trial, and the Court will address its relevance.

Defendants' Motion in Limine 6 to bar any testimony or evidence regarding indemnification by the City of Chicago and to bar any reference to punishing or sending a message to the City of Chicago is granted as clarified at the final pretrial conference. Defendants indicate that they would like to clarify that punitive damages are paid by the Defendants themselves so to the extent they seek to introduce testimony explaining that Defendants are indemnified for compensatory damages but pay punitive damages themselves the Court considers the motion withdrawn. As to the second part of the motion, the Plaintiff may not argue that the jury should send a message to the City or the Chicago Police Department. Such an argument goes to punitive damages, which are not available against the City. *See, e.g., Cazares v. Frugoli*, No. 13 CV 5626, 2017 WL 4150719, at *5 (N.D. Ill. Sept. 19, 2017).

Defendants' Motion in Limine 7 to bar any implication or testimony that Chicago Police Department personnel are being paid by the City to appear in Court and testify and that they spent time with an attorney to prepare for trial and bar any mention that the defense attorneys work for the City of Chicago is granted in part and denied in part. Any witness who testifies may be paid a fee. That a witness is paid to be on call to testify does not imply that they are being paid to say any particular thing, so it is improper argument to reference whether a witness is being paid for time spent testifying. The Court will instruct the jury that it is appropriate for any witness to meet with an attorney in advance of trial, any argument to the contrary will be considered improper. Finally, Plaintiff will not be barred from mentioning that defense counsel works for the City of Chicago as that is a factually correct statement.

Defendants' Motion in Limine 8 to bar any evidence or reference to any IPRA, now COPA, investigation of this incident or lawsuit is granted. Plaintiff is prohibited from mentioning pending investigations, it would be prejudicial to suggest there may be merit to a yet unresolved complaint. Plaintiff is also prohibited from mentioning resolved investigations (which were resolved in favor of the officers) at the risk that the jury gives too much weight the imprimatur of an official investigation conclusion.

Defendants' Motion in Limine 9 to bar any testimony or argument regarding settlement is granted.

Defendants' Motion in Limine 10 to bar any argument or inference that Defendants allegedly failed to call any witnesses is granted. Plaintiff bears the burden of proof.

Defendants' Motion in Limine 11 to remove the City of Chicago Police Department as a named Defendant at trial is granted because Plaintiff does not have a *Monell* claim.

Defendants' Motion in Limine 12 to exclude all non-party witnesses from the courtroom during opening statements and testimony and to bar attorneys, or Plaintiff, from speaking with any witness about his or her trial testimony while that witness is still under oath to provide sworn testimony is granted in part and denied in part. The Court grants the motion to exclude non-party witnesses and grants the motion to prevent discussion only while a witness is tendered for cross-examination.

Defendants' Motion in Limine 13 to bar evidence, reference, argument, and any testimony that Defendants may be liable for the actions of any other individual is granted.

Defendants' Motion in Limine 14 to bar evidence, reference, argument, and any testimony from any witness about any negative interaction they had with police officers in the past is granted as to witnesses other than the Plaintiff. Plaintiff may not suggest that his interactions with other, non-defendant officers amounted to misconduct or that there was any sort of conspiracy between Defendants and other officers. As noted in regard to Defendants' Motion in Limine 3 Plaintiff has no factual basis for such argument.

Defendants' Motion in Limine 15 to bar Plaintiff from requesting Defendants or their attorneys produce any information or documents in the presence of the jury is granted. Disputes regarding discovery are to be addressed at sidebar and not in front of the jury as such arguments are very prejudicial.

Defendants' Motion in Limine 16 to bar Plaintiff from arguing or implying that Defendants have not complied with or been diligent with respect to any discovery request is granted.

Defendants' Motion in Limine 17 to bar testimony regarding whether Defendants reported misconduct is taken under advisement and will be addressed, if necessary, as the trial develops.

Defendants' Motion in Limine 18 to bar Plaintiff from providing medical testimony is granted. Plaintiff has no medical expertise and may not provide a diagnosis. He may only testify as to his symptoms and treatment. He may also present medical records.

Defendants' Motion in Limine 19 to bar arguments that Defendants have delayed trial is granted.

Defendants' Motion in Limine 20 to bar any testimony by Plaintiff's medical experts for failure to properly disclose under Federal Rule of Civil Procedure 26(a)(2)(A) is granted because Plaintiff did not timely disclose any experts and Defendants were given an insufficient opportunity to prepare to examine any experts.

Defendants' Motion in Limine 21 to bar testimony of Plaintiff's witnesses Dennis Martinek and Bill Boudin for failure to properly disclose under Federal Rule of Civil Procedure 26(a)(1)(A) is granted because Plaintiff did not timely disclose these witnesses and Defendants were given an insufficient opportunity to prepare to examine them.

Defendants' Motion in Limine 22 to bar Plaintiff from making any reference that the Defendants did not satisfy Plaintiff's Order of Expungement is granted.

Defendants' Motion in Limine 23 to bar reference to Plaintiff's previous or subsequent encounters with Chicago police is taken under advisement and will be addressed, if necessary, as the trial develops.

Defendants' Motion in Limine 24 to bar reference to alleged inaccurate police report RD numbers is denied. Plaintiff may make this argument to support his theory of this case and to support his claim for punitive damages.

Defendants' Motion in Limine 25 to limit Plaintiff from repeatedly referencing his pro se status or from alleging he has been deprived counsel is granted as unopposed.

Defendants' Motion in Limine 26 to bar mention of other claims not at issue in this case is granted to the extent it requests that the Court apply the rule of relevance. *See* Federal Rule of Evidence 401.

Defendants' Motion in Limine 27 to bar Plaintiff from admitting prior orders, transcripts, motions or other court documents is taken under advisement and will be addressed, if necessary, as the trial develops. Plaintiff should address any such exhibits with the Court prior to seeking to admit them into evidence.

_____
Virginia M. Kendall
United States District Judge

Date: November 27, 2019