IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David A. Dewar, | ) | |
|     Pro Se Plaintiff | ) | |
| | ) | Case No. 16 CV 2287 |
| | ) | |
| v. | ) | District Judge Virginia Kendall |
| | ) | |
| Chicago | ) | |
| Police Officers T.J. Felmon, | ) | |
| M.K. Devine | ) | |
| and C.J. Long, | ) | |
| | ) | |
|     Defendants | ) | |

## **DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants Michael Devine, Timothy Felmon and Charles Long, ("Defendants"), by and through one of their attorneys, Emily E. Dory, Assistant Corporation Counsel III, move this Court for judgment as a matter of law on Plaintiff's Request for Punitive Damages.

## **INTRODUCTION**

Under Rule 50(a), a Court may "enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (internal citation omitted). This Motion was first brought orally on December 3, 2019, at the conclusion of Plaintiff's case during the jury trial on this matter. After argument, the Court granted this motion and indicated that the Defendants could file a written motion as well to preserve the record. Therefore, this Court should grant judgment as a matter of law in favor of Defendants on the Plaintiff's request for punitive damages, because of the

1

previous ruling in Court regarding this motion, and because Plaintiff failed to establish that any defendant in this case acted maliciously or with reckless disregard for Plaintiff's rights.

**I.      Punitive Damages**

This Court should dismiss Plaintiff's request for punitive damages in this case. Per the instruction accepted by the Court in this case, punitive damages may be awarded only where there is a showing that Defendants conducted themselves maliciously or with reckless disregard for Plaintiff's rights: "Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, one or more of the Defendants simply did not care about Plaintiff's safety or rights."

There is no evidence in the record whatsoever which would support a jury finding of punitive damages against any Defendant Officer. To the contrary, the witnesses testified consistently that the Defendant Officers Felmon and Devine arrested Mr. Dewar based on Mr. Hosty's signed criminal complaint, combined with the nature of the incident. The witnesses Mr. Hosty, Mr. Dewar, and Ms. Shirley Dewar, testified that prior to February 17, 2014, and since then, they had never met, or interacted with, *any* of the Defendant Officers.

Sgt. Long, in particular, took no substantive part in arresting Mr. Dewar. In fact, no witnesses testified to Sgt. Long being present on scene for *any* portion of the incident. Plaintiff himself admitted that Sgt. Long is a supervisor and that his only involvement in this case was to review the arrest report that came across his desk. Sgt. Long's entire connection to this case, as Plaintiff and other witnesses testified, was to review the arrest report of Plaintiff. Plaintiff himself also never testified as to any actions that could even come remotely close to being considered malicious or with reckless disregard as to Sgt. Long.

Further, the evidence presented shows that Plaintiff is a much larger and younger man than the victim who is smaller and elderly. Second, Mr. McKenna and Mr. Hosty testified that when the police arrived Mr. Hosty was flustered, upset, and shaking while the police were on scene. Further, Mr. Hosty and Mr. McKenna testified that observed Mr. Dewar was angry while the police were on scene, and would not completely cooperate. Witnesses testified, including Mr. Dewar's own mother, that Mr. Dewar refused to apologize for his actions even after the Defendants asked him multiple times to apologize. Further, Mr. Dewar's own mother also asked him to apologize and Mr. Dewar himself testified that he refused to apologize on scene.

Witnesses also testified that the Defendants conducted an investigation on the scene. This investigation was done to see if snow had been thrown on the side of the house as alleged by Mr. Dewar. After investigating, the witnesses testified that no snow had been disturbed under the windows, as Mr. Dewar claimed. Therefore, the evidence presented showed that Mr. Dewar's version of events was not consistent with the evidence on scene.

Finally, witnesses testified that Officers Devine and Felmon arrested Mr. Dewar after Mr. Hosty, the victim, said he wanted to press charges, and wanted to sign a criminal complaint. Mr. Hosty testified that he was not under duress, or pressure from the Defendants when he signed this criminal complaint. In fact, Mr. Hosty testified that he insisted on proceeding with criminal charges against Mr. Dewar. It was all of these above factors that lead to the arrest of Plaintiff. There is no evidence in the record which demonstrates that Defendant Officers Devine and Felmon acted with ill will or spite or simply did not care about the Plaintiff's safety or rights. In fact, the evidence in the record exhibits the exact opposite. Witnesses testified that the Defendant Officers were attempting to deescalate a neighbor dispute by attempting to get the men to apologize to each other. It was all of these facts that lead to Plaintiff's arrest, no ill will or malice by the Defendants.

Therefore, as there is no legally sufficient basis in the record, this Court should dismiss Plaintiff's prayer for punitive damages against each Defendant before this question reaches the jury.

Date:   December 4, 2019              Respectfully submitted,

                                      */s/ Emily E. Dory*
                                      Assistant Corporation Counsel III

Michele McGee, Assistant Corporation Counsel III
Evan Scott, Assistant Corporation Counsel III
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
T: (312) 742-6423
Emily.Dory@cityofchicago.org
Attorney No. 6323830

## **CERTIFICATE OF SERVICE**

  I, Emily E. Dory, an attorney, certify that on December 4, 2019, I served a copy of the within DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW via the ECF filing system, and giving notice to plaintiff of record.

                 */s/ Emily E. Dory*
                 Assistant Corporation Counsel III