UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

DAVID A. DEWAR
  Plaintiff   Pro Se

v.

T.J. Felmon, C.J. Long
M.K. Devine
Chicago Police Department



16 CV 02287

Judge Virginia Kendall

Demand for Retrial

MOTION TO OBJECT AND PETITION THE COURT
FOR RECONSIDERATION OF THE COURT APPROVED
DEFENDANTS MOTION OF JUDGMENT AS A MATTER OF LAW

Pro Se Plaintiff David A. Dewar moves this Court to Vacate the Defendants Court approved motion of "Judgment as a matter of Law" and approve the Plaintiffs demand for Punitive Damages. The Pro Se Plaintiff David A. Dewar strongly objects as the Plaintiff strongly objected at the Jury Trial side bar when Rule 50(a) was approved by the court for the Defendants only 2 hours before the Jury Verdict. The Pro Se Plaintiff David A. Dewar was never given an opportunity to respond with a Notice of Motion date set to hear both sides. The only side being approved by the court is the Defendants Motion with No Notice of Motion Date set up for both parties to be heard for reconsideration by the court. The Plaintiff David A. Dewar is filing a Motion to object and Petition the Court for Reconsideration of the Court approved Defendants Motion of "Judgment as a matter of law" in regards to Not having a Jury Verdict in regards to Punitive Damages against the Defendant Chicago Police Officers.

FACTS

Under Rule 50 (b)(2) Motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Defendants states: Plaintiff failed to establish that any defendant in this case acted maliciously or with reckless disregard for Plaintiff's rights.

Fact: With all due respect the Plaintiff's did assert the evident during his testimony what he believe was the officer motive for the false arrest; which the defendant objective and the court ruling as hearsay.
I believe the Court was prejudice when she called the Plaintiff's statement hearsay claiming you only can state *"When. Where, and How"*. When reviewing the hearsay Rule, we must look pursuant to:

**Rule 803. Exceptions to the Rule Against Hearsay** Primary tabs
The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

**(1)** *Present Sense Impression.* A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.

**(2)** *Excited Utterance.* A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.

**(3)** *Then-Existing Mental, Emotional, or Physical Condition.* A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Therefore, the Court error in making this decision to call Plaintiff testimony when was using terms such as ("I, believe Officers Devine and Felmon came to arrest me"). This was declared hearsay.
Through-out the course of the trial I stated many times this was my first-time. Upon reacting when using statements that is my Mother made in her testimony once again was declared hearsay, both witnesses were present when the statement was made.

> Hearsay **Rule 807. Residual Exception: (b) Notice.** The statement
> is admissible only if the proponent gives an adverse party reasonable
> notice of the intent to offer the statement—including its substance and
> **the declarant's name— so that the party has a fair opportunity to meet it.**
>
> The notice must be provided in writing before the trial or hearing—or in
> any form during the trial or hearing of the court, for good cause, excuses
> a lack of earlier notice.

Plaintiff's final pretrial order this statement was made.

If the Plaintiff testified claiming prior to his arrest that he believed that the officers who responded to the scene which was labeled as an alleged assault on William Hosty was a matter of hearsay. In reality… the arrest took place just as the Plaintiff believed that it would. Approximately 6:50 pm on February 17, 2014, David Dewar was falsely arrested. As we look back at Rules 803, and 807 can you positively say this was hearsay?

Due to Plaintiff testimony whereas, the Court was constantly claiming hearsay after the statements were made when the Defendants testified on there on behalf. The Court therefore was prejudice against the Pro Se Plaintiff. Which would have allowed for the jury to award punitive and compensatory damages. Pursuant to 803 stated above therefore defendants' motion for Judgment as a matter of law be granted to the plaintiff pursuant to Rule 50 which also states:

> (b) Renewing the Motion After Trial; Alternative Motion
> for New Trial. If the court does not grant a motion for
> judgment as a matter of law made under Rule 50(a), the
> court is considered to have submitted the action to the
> jury subject to the court's later deciding the legal questions
> raised by the motion. No later than 28 days after the entry
> of judgment-or if the motion addresses a jury issue not decided
> by a verdict, no later than 28 days after the jury was
> discharged-the movant may file a renewed motion for
> judgment as a matter of law and may include an alternative
> or joint request for a new trial under Rule 59. In ruling on the
> renewed motion, the may: (c) Granting the Renewed Motion;
> Conditional Ruling on a Motion for a New Trial.

## Punitive Damages

Defendants also stated: This Court should dismiss Plaintiff's request for punitive damages in this case. Per the instruction accepted by the Court in this case punitive damages may be awarded only where there is a showing that Defendants conducted themselves maliciously or with reckless disregard for the Plaintiff's rights.

Facts: Plaintiff's to his ability with the respect of the Court preceded to demonstrate to the jury how and why the Defendants' used intimidating gesture in order to persuade him to apologize to Mr. Hosty. "*When you **intimidate**, you **frighten** or make someone afraid. ... "To **frighten**" or "make fearful" is at the root of the verb **intimidate**".*

The Plaintiff describe the gestures that was made to both his Mother and him. One part was declared hearsay. The odds were against the Plaintiff. The Defendants motion further states the Plaintiff rights: "Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring Plaintiff.  Whereas, Plaintiff's did explain ill will to the jury. The Punitive Damage Act section 1983 see *McCardle, 131 F.3d at 46 McCardle got in the back of the patrol car as directed and waited there while the officer searched her car. She testified that she watched the officer thrust his head and most of his body into the car, that he looked beneath the seats, and continued to search the vehicle for approximately ten minutes. (affirming the district court's decision not to send the issue of punitive damages to the jury because "the evidence was not sufficient to support a finding that Haddad had acted with malice or any other evil motive.").*
*the case was most notorious because the jury awarded one dollar in actual damages. What was most. significant about the case, however, was that the judge refused to submit the punitive damages claim to the jury.*

The Plaintiff's demonstrated that the Defendants' motive was intentionally and wrongfully motivated by evil.  The jury would have reasonably concluded that the officers acted with reckless indifferent or malice when they initiated the criminal prosecution against the Plaintiff without probable cause and used intimidation for his false arrest. Therefore, the Court should rule against and reverse the Court approved for the Defendants' motion of "Judgment as a matter of law" and declare a new trial under Rule 50 and 59.

### CONCLUSION

Therefore, both parties should agree to a new trial giving the facts based on Rule 803 **Exceptions to the Rule Against Hearsay and allow Rules 50 and 59 in** favor of the Plaintiff  David A. Dewar. Attached to this Motion is the Notarized Affidavit testimonials at the 2 Day Jury Trial of Daniel Dewar, Shirley Dewar and David A. Dewar ,all testifying to Punitive Damages against the Defendant Chicago Police Officers that never reached the 8 Jurors for a Jury Verdict for determination of Punitive Damages on Tuesday, December 3, 2019.

        Respectfully Submitted,
        David A. Dewar
        11347 South Millard Ave.
        Chicago, IL, 60655
         708-369-1153

## CERTIFICATE OF SERVICE

Plaintiff David A. Dewar hereby that on Monday, December 16 , 2019 filed the foregoing motion of " MOTION TO OBJECT TO DEFENDANT AND PETITION THE COURT FOR RECONSIDERATION OF THE COURT APPROVED DEFENDANTS MOTION OF JUDGEMENT AS A MATTER OF LAW" with the Clerk of the Court for the United States Court of Northern District of Illinois Eastern Division and giving notice to the Defendants of record.

Evan Scott
Corp. Counsel City of
Chicago Dept. of law
Emily Dory, Asst. Corp. Counsel
City of Chicago, Dept. of Law
Michele McGee, Asst. Corp. Counsel, Chicago Dept. of Law