IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. DEWAR, | ) | |
| | ) | |
| Pro se *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 16 C 2287 |
| | ) | |
| TIMOTHY J. FELMON, MICHAEL D. DEVINE, AND CHARLES J. LONG, | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendants.* | ) | |

## **ORDER**

Plaintiff David A. Dewar brought suit against officers Timothy J. Felmon, Michael D. Devine, Charles J. Long, and the Chicago Police Department. The suit stemmed from Dewar's arrest during an altercation with his neighbor regarding snowblowing. This Court granted summary judgment for Dewar on one count, false arrest, having concluding that the officers lacked probable cause to arrest Dewar because his threat to his neighbor was not accompanied by a gesture, as required for an assault under Illinois law. The Court encouraged the parties to settle on the issue of damages rather than bring in jurors to put an amount on this dispute. The partis, however, could not settle on an amount, in significant part because the Plaintiff was seeking over $2 million for his four hours of detention. On all other counts, this Court granted summary judgment for the Defendants. (Dkt. 127). On December 2, 2019, the false-arrest claim proceeded to a jury trial against the defendant-officers solely on the issue of damages. Dewar proceeded pro se having never sought the assistance of counsel.

At trial, Dewar sought both compensatory and punitive damages. At the close of Dewar's case, the Defendants moved pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law as to punitive damages, arguing that Dewar had not presented evidence to show he was entitled to punitive damages. Dewar was given an opportunity to respond. This Court agreed with the Defendants and granted the motion, determining that Dewar had failed to present legally sufficient evidence to show by a preponderance that the defendant-officers acted recklessly in disregard of his rights or with malice. *See* Fed. R. Civ. P. 50(a); Seventh Circuit Pattern Civil Jury Instruction 7.28. The case proceeded, and the jury ultimately determined that

Dewar did not prove by a preponderance of the evidence compensatory damages and awarded him $1.

Dewar now moves the Court to reconsider its decision on the Defendants' Rule 50 motion. (Dkt. 227). The Court interprets this as a motion for a new trial pursuant to Federal Rule of Civil Procedure 59, on the grounds that the Court erred in granting the Defendants' Rule 50 motion and withholding the question of punitive damages from the jury. "A new trial is appropriate if. . . the trial was in some way unfair to the moving party." *Lewis v. McLean*, 941 F.3d 886, 891 (7th Cir. 2019) (internal quotation marks omitted); *see also Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 602 (7th Cir. 2019), *reh'g and reh'g en banc denied* (Sept. 16, 2019) ("When errors occurred and the trial was fundamentally unfair as a result, a new trial is appropriate."). A directed verdict under Rule 50(a) is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there was no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Freeman v. Madison Metro. Sch. Dist.*, 231 F.3d 374, 379 (7th Cir. 2000). "In deciding a Rule 50(a) motion, the court does not make credibility determinations or weigh the evidence." *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 922 F.3d 778, 784 (7th Cir. 2019) (internal quotation marks omitted).

As a preliminary matter, Dewar argues that he was not given an opportunity to respond or a "Notice of Motion Date set to hear both sides." (Dkt. 227 at 1). He appears not to understand that the Rule 50(a) motion was heard during trial, and his opportunity to respond occurred during trial when the Court asked him what his response to the motion was. Dewar did respond saying he disputed the motion and believed the issue should go to the jury.

In the instant motion, Dewar's main argument is that he attempted, during his testimony, to provide the evidence of malice or recklessness required to entitle him to punitive damages. He states, however, that the Court was prejudiced against him and did not allow him to provide such testimony, instead calling it hearsay.

Dewar has cited no record evidence in support of his argument, nor has he presented a coherent legal argument. That alone is enough to constitute a waiver of his arguments. *See Montano v. City of Chicago*, 535 F.3d 558, 567 (7th Cir. 2008) (affirming the grant of a Rule 50(a) motion where the plaintiff "did not cite to record evidence or otherwise develop their argument"). Dewar references not being able to testify about the reason the officers came to arrest him. *See* Dkt. 227 at 2. Dewar was repeatedly admonished by this Court during his testimony that he could not speculate as to others' motives or reasoning for acting. *See* Fed. R. Evid. 602. Dewar did not have personal knowledge regarding the officers' reasons for their actions, and his testimony on that subject was therefore inadmissible. Dewar does not otherwise reference any specific evidentiary error made by the Court.

1

Dewar also argues that he did present sufficient evidence for a jury to find for him on the question of punitive damages. Specifically, he references that the police made an "intimidating gesture." Again, his argument is underdeveloped and does not cite record evidence.

Although Dewar does not specify in this motion what that gesture was, at trial, his mother testified that an officer was swinging handcuffs, purportedly to coerce Dewar into apologizing to his neighbor. Dewar did not reference this gesture in responding to Defendants' 50(a) motion at trial or suggest that it was sufficient to support a finding of punitive damages.

Punitive damages are appropriate only if a defendant's conduct was malicious or in reckless disregard of the plaintiff's rights. "Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring [the] Plaintiff." Seventh Circuit Pattern Civil Jury Instruction 7.28. "Conduct is in reckless disregard of [the] Plaintiff's rights if, under the circumstances, [the] Defendant. . . simply did not care about [the] Plaintiff's safety or rights." *Id.*; *see also Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004) ("Punitive damages are recoverable in § 1983 actions where the defendant had a reckless or callous disregard to the federally protected rights of others.").

Here, as the Court stated on the record, the officers' conduct needed to be more than improper, it had to be malicious or in reckless disregard of Dewar's rights. Dewar did not provide evidence showing as much. To the contrary—the evidence presented during Dewar's case-in-chief was that two of the three defendant-officers responded to his neighbor's call that he was being threatened by Dewar. (One defendant-officer was not even on the scene at the time of the arrest.) The neighbor told the officers about the threat when they arrived. The officers spoke with both Dewar and the neighbor to get their versions of events. The evidence also showed that the officers attempted to peaceably resolve the situation without an arrest by attempting to get Dewar to apologize to his neighbor, but that the neighbor did not accept the apology and wanted to press charges. Even accepting as true that an officer swung his handcuffs, the evidence does not show that the officers' goal was to arrest Dewar under any circumstances. Rather, they spoke to all parties and attempted to resolve the situation without an arrest. While the arrest was ultimately deemed improper, the evidence showed only that it was motivated by the neighbor's complaints and desire to press charges, rather than any malice or recklessness on the part of the police.[1] Any evidence of malice was between Dewar and his neighbors,

---

[1] Dewar cites only a single case in support of his argument. Not only is that case not binding on this court, it does not help Dewar's argument. *See McCardle v. Haddad*, 131 F.3d 43, 53 (2d Cir. 1997) (concluding that defendant was not entitled to a punitive-damages instruction because, although the defendant-officer's conduct violated the plaintiff's rights, "the evidence was not sufficient to support a finding that [the defendant-officer] had acted with malice or any other evil motive").

2

and the trial was largely focused on airing the grievances between them rather than focusing on the conduct of the defendant-officers.

Finally, Dewar also submitted with his motion affidavits from himself, his brother, and his mother. (Dkt. 229, 230, 231). He argues that these affidavits support a finding that punitive damages should have been assessed. The time for such evidence was at trial. Further, these affidavits are largely duplicative of the testimony offered by these witnesses at trial.

In sum, Dewar has failed to show that the Court erred in granting the Defendants' Rule 50(a) motion regarding punitive damages. The Court therefore denies Dewar's motion for a new trial.

_____
Virginia M. Kendall
United States District Judge

Date: January 2, 2020

3