IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID A. DEWAR, | ) |
|     Pro se *Plaintiff,* | ) |
| v. | ) No. 16 C 2287 |
| TIMOTHY J. FELMON, et al., | ) Judge Virginia M. Kendall |
|     *Defendants.* | ) |

## <u>ORDER</u>

    Plaintiff David A. Dewar brought suit against officers Timothy J. Felmon, Michael D. Devine, Charles J. Long, and the Chicago Police Department. The suit stemmed from Dewar's arrest during an altercation with his neighbor regarding snowblowing. The Court granted summary judgment for Dewar on one count, granting summary judgment for the Defendants on all other counts. (Dkt. 127). The suit proceeded to trial on a single count against the defendant-officers solely on the issue of damages. Dewar proceeded pro se. The jury determined that Dewar did not prove by a preponderance of the evidence compensatory damages and awarded him $1, and the Court ruled as a matter of law that Dewar was not entitled to punitive damages. *See* Fed. R. Civ. P. 50(a). Dewar moved for a new trial on the grounds that the Court erred in granting the Defendants' Rule 50 motion, and this Court denied his motion. Dewar now seeks to appeal *in forma pauperis*. (Dkt. 237).

    A party may commence an appeal without prepayment of fees under 28 U.S.C. § 1915(a) if he is indigent and the appeal is taken in good faith. To establish indigency under § 1915(a)(1), a party must submit an affidavit including a statement of all assets which demonstrates that he is unable to pay the filing fee. The affidavit must also "state the nature of the. . . appeal and affiant's belief that the person is entitled to redress." *Id*. Federal Rule of Appellate Procedure 24 sets forth similar requirements. Under Rule 24(a)(1), a party who wishes to proceed *in forma pauperis* on appeal must attach an affidavit that (1) shows that the party cannot pay the filing fee; (2) "claims an entitlement to redress;" and (3) "states the issues that the party intends to present on appeal." To establish good faith, which is required by both § 1915(a)(3) and Rule 24(a)(4)(B), a party seeking leave to appeal *in forma pauperis*

must demonstrate to the district court that "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Dewar's application fails in more ways than one. Dewar lives with his mother. He indicated that she receives social security, has financial accounts with more than $200 in them, and owns a home. For the value of each of these, he wrote only "?." The application is therefore fatally incomplete. The Court notes that at trial Dewar was also evasive about the assets held by him and his mother. Dewar has also failed to state the issues he intends to present on appeal. Because he has not set forth any legal or factual bases for his appeal, the Court cannot conclude that Dewar's appeal is taken in good faith. For these reasons his motion to proceed *in forma pauperis* is denied. *See* 28 U.S.C.§ 1915(a); *see also, e.g., Scully v. Goldenson*, 751 F. App'x 905, 909 (7th Cir. 2018) (noting that the failure to provide required information in an *in forma pauperis* application justifies denial). Dewar must prepay the appellate filing fee or seek leave to proceed *in forma pauperis* on appeal from the Seventh Circuit.

To the extent Dewar also seeks appointment of counsel, that motion is denied because it is not properly raised in this Court. *See, e.g., Dent v. McBride*, No. 3:15-CV-740-NJR-DGW, 2017 WL 5194874, at *4 (S.D. Ill. Nov. 9, 2017); *Means v. Dep't of Corr.*, No. 09-CV-523-BBC, 2010 WL 1372300, at *2 (W.D. Wis. Mar. 31, 2010); *Williams v. Lane*, No. 84 C 2407, 1988 WL 142202, at *1 (N.D. Ill. Dec. 28, 1988). If Dewar wishes to have counsel appointed on appeal, he must make his request directly to the Court of Appeals for the Seventh Circuit.

_____
Virginia M. Kendall
United States District Judge

Date: January 10, 2020