IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. DEWAR, | ) | |
| | ) | |
| Pro se *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.  16 C 2287 |
| | ) | |
| TIMOTHY J. FELMON, *et al.*, | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendants*. | ) | |

## ORDER

    Plaintiff David A. Dewar brought suit against officers Timothy J. Felmon, Michael D. Devine, Charles J. Long, and the Chicago Police Department.  The suit stemmed from Dewar's arrest during an altercation with his neighbor regarding snowblowing.  This Court granted summary judgment for Dewar on one count, false arrest, concluding that the officers lacked probable cause to arrest Dewar because his threat to his neighbor was not accompanied by a gesture, as required for an assault under Illinois law.  The Court encouraged the parties to settle on the issue of damages rather than bring in jurors to put an amount on this dispute. The parties, however, could not settle on an amount, in significant part because Dewar was seeking approximately $2 million for his four hours of detention.  On the other counts, for involuntary confession and conspiracy, this Court granted summary judgment for the Defendants. (Dkt. 127).  On December 2, 2019, the false-arrest claim proceeded to a jury trial against the defendant-officers solely on the issue of damages.  Dewar proceeded pro se.

    At trial, Dewar sought both compensatory and punitive damages.  At the close of Dewar's case, the Court granted a defense motion pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law as to punitive damages, determining that Dewar had not presented evidence to show he was entitled to punitive damages.  The case proceeded, and the jury ultimately determined that Dewar did not prove by a preponderance of the evidence compensatory damages and awarded him $1.

    Dewar has now filed, without any supporting brief, a bill of costs.  (Dkt. 247).  He seeks nearly $100,000 for fees for service of subpoenas, office supplies, gas,

1

parking, and more, including over $75,000 for his own hourly services throughout the course of the case. Opposed to what Defendants state, Dewar did file these costs with a form AO133.

"[A] plaintiff who wins nominal damages is a prevailing party under [42 U.S.C.] § 1988." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." "Among the costs a court may tax are: '(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.'" *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012) (quoting 28 U.S.C. § 1920). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009)

Dewar seeks $75,372 for his own services in this case. (Dkt. 247 at 11). He calculates this as $12 an hour for the 6,281 hours he spent working on this case between January 2016 and January 2020. Unfortunately for Dewar, who purportedly was working as many hours on this case as an associate at a top law firm might work in an entire three-year period, a pro se party's own services are not an appropriate cost to be taxed. 28 U.S.C. § 1920. Even if allowable, Dewar's claimed hours per month are not broken out in any way that would allow this Court to assess whether they were reasonably spent, which the Court strongly suspects they were not. The same reasoning applicable to Dewar's services is applicable to his claims for his gas, parking, mailing costs, and a book of rules. *See Neal v. Honeywell, Inc.*, 191 F.3d 827, 834 (7th Cir. 1999) (noting that "the list in § 1920 establishes that other expenses of suit are not 'costs,' and thus are not compensable as costs, unless some other statute provides for reimbursement"). These costs are denied.

Dewar also seeks about $8,000 in attorneys' fees, paid to Matus Law Office. Attorney Seth Matus, whom Dewar retained, made a limited appearance in the case for purposes of a settlement conference. (Dkts. 142, 144). Dewar, however, terminated Mr. Matus before the settlement conference was held. (Dkt. 148). Dewar has not presented any invoices from Mr. Matus. Additionally, these attorneys' fees are separate from costs, which are all Dewar has purported to submit. They come with their own required procedures. *See* Fed. R. Civ. P. 54(d)(2) (discussing the requirement for a motion for attorneys' fees); L.R. 54.3 (discussing procedures for fee motions). These procedural errors aside, Dewar is not entitled to any attorneys' fees in this case. The Court notes that Mr. Matus came on the case after the summary judgment stage, the only bit of this case that could possibly be deemed a success for Dewar. Nor did he actually represent Dewar at the settlement conference, which was not fruitful. But they key point here is that Dewar recovered a sum total of $1 in this

2

case, which was the minimum the jury could have awarded. As the Seventh Circuit has noted, pursuant to *Farrar*, "establishing an entitlement to nominal damages does not justify an award of attorneys' fees under § 1988." *Richardson v. City of Chicago, Ill.*, 740 F.3d 1099, 1102 (7th Cir. 2014); *see also Farrar*, 506 U.S. at 115 ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (citations omitted)). Even if Dewar is the prevailing party, the Court is directed to consider three factors when determining what a reasonable fee is, "the difference between amounts sought and recovered, the significance of the legal issue on which the plaintiff prevailed compared to those litigated, and public goal achieved," with the "sum-awarded-versus-requested" being the most important factor. *Aponte v. City of Chicago*, 728 F.3d 724, 731 (7th Cir. 2013). As previously noted, Dewar recovered $1 of a sought $2 million award. He succeeded on only one of his three claims, and "the minimal money awarded reflected a mere personal victory without any identifiable, broader import to the public." *Id.*; *see also, e.g., Martin v. City of Chicago*, No. 15-CV-04576, 2017 WL 4122738, at *3 (N.D. Ill. Sept. 18, 2017) (denying attorneys' fees in case with similar outcome). No attorneys' fees are justified here.

That leaves Dewar's claimed costs for subpoenas and processing, court costs, office supplies, and printing. Dewar is entitled to recover: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920; *see also, e.g., GC2 Inc. v. Int'l Game Tech.*, No. 16 C 8794, 2019 WL 3410223, at *2 (N.D. Ill. July 29, 2019) (noting that service fees are recoverable at the amount the Marshal would have charged (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996))). Interpreting Dewar's current submission generously, at least some of these remaining costs could fall within the allowable categories.

Dewar, however, has not carried his "burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Tr.*, 570 F.3d at 906. Dewar has not filed any documentation supporting his incurred costs, namely receipts or invoices. Nor has he explained why he incurred any of his claimed costs, or why they were necessary and reasonable.

It is within the Court's discretion to require such information. *See id.* at 904 ("We have no doubt that it was within the court's discretion to require the additional details it found missing from the plaintiffs' documentation."). And such information is needed in order for the Court to assess whether costs should be awarded here. For example, Dewar submits costs and dates for "printing" but does not explain what he printed, why, or how many pages. The Court cannot assess from this information whether such costs were reasonable. He also spent a relatively high amount on paper, pens, ink, and stationary ($1,132.81), without explaining why or how much he

3

purchased—the Court is being generous not disregarding this in its entirety as only paper and ink could possibly fall within the definition of 28 U.S.C. § 1920. While his costs for service, court costs, and depositions are more understandable, the Court cannot assess their reasonableness without more information, such as why these costs were incurred and their breakdown per hour or page, where applicable. More information is particularly needed in this case, as the Court has had to direct Dewar to follow appropriate court procedure countless times. For example, a number of subpoenas Dewar filed were ultimately quashed and Dewar admitted they should not have been served. (*See* Dkt. 59).

The Court finds one exception. Dewar will be awarded costs for service of summons on Defendants on May 5, 2016, as documented by him and as reflected in the record. (Dkts. 16, 17, 247). Costs in the amount of $215 will be taxed for this, $50 for service on each defendant-officer, as documented by Dewar, and $65 for service on the Chicago Police Department, as that is the Marshal's rate. 28 C.F.R. § 0.114. It is clear from the record that these costs were necessary, and the amount, as adjusted, is reasonable without additional documentation.

The Court will allow Dewar to submit a revised bill of costs consistent with this Order, if possible, by May 15, 2020. This timeline takes into consideration hardships imposed by the current situation with COVID-19. Dewar shall provide documentation supporting any costs allowable under 28 U.S.C. § 1920. He shall also explain why such costs were incurred and why they were necessary and reasonable. Defendants shall file any objections within 14 days thereafter. Should Dewar fail to comply with this directive, costs will be taxed only in the amount of $215, and the remainder of his requests will be denied for the reasons stated above.

_____
Virginia M. Kendall
United States District Judge

Date: April 13, 2020

4