**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID A. DEWAR, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 16 C 2287 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| MICHAEL DEVINE, TIMOTHY J. | ) | |
| FELMON, and CHARLES LONG, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

Before the Court is David Dewar's renewed Bill of Costs. (Dkt. 262.) The Court previously provided detailed analysis of Dewar's original Bill of Costs. (Dkt. 252.) Much of the analysis in that Order applies to the renewed Bill of Costs, so the Court incorporates that Order's reasoning by reference. Dewar's original Bill of Costs sought $96,885.34 costs. (Dkt. 247.) This was a grossly inflated sum compared to his $1 nominal recovery, and he failed to adequately document almost all of his costs. The Court granted him $215 in costs related to service of summons that he adequately documented, but nothing more. In his amended Bill of Costs, Dewar now seeks $100,287.88. For the reasons set forth below, the Court now permits Dewar to tax $1,704.45 in costs.

**"Attorney" Fees**

The lion's share of Dewar's Amended Bill of Costs is his request for $75,372 for his own time spent working on this case as a *pro se* litigant. He seeks to tax his own services at a rate of $12 per hour and claims that he worked on this case for 6,281 hours. Mr. Dewar is not an attorney, so he cannot recoup attorneys' fees. *See DeBold v. Stimson*, 735 F.2d 1037, 1042–43 (7th Cir. 1984) ("The term 'attorney fees' contemplates that the services of an attorney will be utilized. . . . [W]ithout a degree and admission to the bar a pro se litigant is not entitled to collect attorney fees."). Thus, Mr. Dewar is not entitled his request for $75,372 related to the time he worked on his own case as a *pro se* litigant.

Dewar also seeks $8,060 in attorney's fees paid to Matus Law Office, which briefly represented him in this matter. Again incorporating the Court's previous analysis by reference, Dewar is not entitled to recoup these fees because all he recouped in this case was $1, making almost any request for attorney fees unreasonable and because Matus represented him largely in the context of failed settlement negotiations.

**Legal Standard for Taxation of Costs**

"[A] plaintiff who wins nominal damages is a prevailing party under [42 U.S.C.] § 1988." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." "Among the costs a court may tax are: '(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.'" *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012) (quoting 28 U.S.C. § 1920). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

**Miscellaneous Costs**

Dewar seeks reimbursement for gasoline ($4,197.14), parking expenses ($759.80), mailing costs ($346.99), an and a Thomson Reuters legal book ($228.44). As the Court explained in its previous Order, these expenses are not "costs" within the meaning of 28 U.S.C. § 1920, so they are not taxable.

He also seeks reimbursement of the $505 appellate filing fee. But he has not prevailed in his appeal, so he has no basis for seeking reimbursement at this time.

**"Fees for Subpoenas and Processing"**

Dewar seeks a total of $1,495 in fees for "subpoenas and processing. (Dkt. 262 at 5.) The Court has already granted him $215 for four subpoenas issued on May 5, 2016. Dewar does not explain why any additional subpoenas or processing fees were necessary. Given that defendants had already been served and made appearances, it is unclear why further subpoenas to them were necessary. Nor does Dewar explain why he needed to subpoena his own phone records, when presumably he could have just requested them from his provider. He also made out multiple checks to Windy City Process Serving, Inc. for "routine service of processing," but it is unclear why this service of process was necessary. Indeed, defense counsel uses CM/ECF, so there is no need to pay a process server to send every document filed with the Court to defendants. Beyond the $215 already granted, Dewar's "Subpoena and Processing" fees are not taxable because Dewar has failed to demonstrate that they were reasonable necessarily incurred.

**Printing Costs**

Dewar's printing costs are not adequately documented. He apparently incurred $1,490 in printing fees, for which he has provided receipts. But he includes no explanation of what he was printing on each of these occasions, giving the Court no way of gauging whether the costs incurred were reasonable or whether printing such vast quantities of documents was necessary. Given the simple factual nature of this case, it is difficult to imagine that incurring this significant printing

2

cost was necessary. In any event, Dewar has failed to meet his burden to demonstrate that these printing costs were necessarily incurred and reasonable.

**Office Supplies**

The same goes for his office supply expenses of $1,132.81. He does not explain why he had to incur such a large sum of office supply expenses, nor why the particular purchases were necessary to his prosecution of the case. As an example, Dewar includes a receipt for a pair of earbuds, but the Court has no way of knowing why he would need to make such a purchase in order to prosecute the case.

**Court Transcripts, Depositions, and PACER Service Center Fees**

Under *Harney*, Dewar can recover his fees for court reporter services if he shows that they were necessarily obtained for use in the case. He incurred $1,186.75 in transcript fees for pre-trial in-Court hearings, and $2,300 for a copy of the trial transcript. Presumably, he ordered the trial transcript for use on appeal, but his appeal appears unlikely to be fruitful because the jury's determination that Dewar did not establish a compensable injury is subject to substantial deference. Unless and until the appeal is resolved in Dewar's favor, the Court sees no reason to order Defendants to pay for the trial transcript. The remainder of his requested transcripts are for a variety of motion and status hearings. (*See* Dkts. 78, 79, 80, 83, 88, 101, 155, 162, 170, 181, 182, 183, 184, 186, 219.) It is unclear why he needed to order so many of these transcripts in order to prosecute his case. He provides no explanation, so the Court finds that he failed to meet his burden to demonstrate that ordering any of the transcripts was necessary.

Dewar's fees for deposition transcripts for three depositions are adequately documented, and it is obvious that he would need to incur these fees for purposes of dispositive motion practice and in preparation for trial. For the three depositions transcripts, he paid Urlaub, Brown, & Associates a total of $1,489.45. (Dkt. 262 at 40–44.) Dewar is entitled to recovery of this sum.

Finally, Dewar seeks to tax $1,640.60 in PACER Service Center fees. His Bill of Costs includes no explanation as to why it was necessary for him to incur such a substantial amount of PACER fees in order to prosecute his case. The Court will not tax these fees without explanation.

**CONCLUSION**

Dewar is entitled to tax $1,704.45 in costs. The remainder of his alleged costs are not taxable.

_____
Virginia M. Kendall
United States District Judge

Date: August 31, 2020